UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------

RALPH M. WATSON, an individual,

                                        Plaintiff,

            -against-

NY DOE 2, an individual; ILLINOIS DOE 1,
an individual; DOE COMPANY, an unknown
business entity; and DOES 1 through 50, whose
true names and capacities unknown *et al.*,

                                        Defendants.

------------------------------------------------------------

19cv00533 (JGK) (DF)

**PROTECTIVE ORDER**

**DEBRA FREEMAN, United States Magistrate Judge:**

       WHEREAS, on July 21, 2020, Defendants submitted a draft stipulated protective order

pursuant to Federal Rule of Civil Procedure 26(c) to the Court to protect the confidentiality of

nonpublic and sensitive information that any party (herein, a "Party," and, collectively, the

"Parties") may need to disclose in connection with discovery in this action (Dkt. 117), and, with

that submission, indicated that the Parties had reached substantial agreement, but nonetheless

sought the Court's assistance in resolving their disagreement on the use of confidential material

exchanged in this action in certain related proceedings; and

       WHEREAS, on July 22, 2020, the Court held a conference with the Parties, and, after

discussing (1) the issue of using confidential material in related proceedings, and (2) the

Parties' proposed categories of information eligible for Attorneys' Eyes Only protection,

instructed the Parties to submit a revised protective order taking into account the Court's

recommendations; and

WHEREAS, after the conference, Plaintiff and Defendants were unable to agree to the terms of a proposed protective order and therefore submitted competing proposals (Dkts. 120-1 and 121-1); and

WHEREAS, upon review of the submissions of the Parties, this Court finds that good cause exists for issuance of an appropriately tailored protective order governing the pretrial phase of this action; and

WHEREAS this Court finds that Plaintiff's "[Proposed] Protective Order" (Dkt. 120-1) is, in form, closer than Defendants' proposed order to the model protective orders that have often been used by the Court as reasonable reference points for such orders, but further finds (1) that Plaintiff has not included certain provisions in his proposal that sufficiently address the issues raised by Defendants in their earlier submission to the Court (Dkt. 117-1), and (2) that certain additional modifications should be made for clarity;

IT IS HEREBY ORDERED that Plaintiff's motion for a protective order (Dkt. 120) is granted in part and denied in part, such that any person subject to this Protective Order – including without limitation the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts, and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order – shall adhere to the following terms, upon pain of contempt:

1.      With respect to "Discovery Material" (*i.e.*, information of any kind produced or disclosed in the course of discovery in this action) that a person has designated as "Confidential" pursuant to this Protective Order, no person subject to this Protective Order may

disclose such Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.      The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as Confidential only the portion of such material that it reasonably and in good faith believes consists of:

a.      any information of a personal or intimate nature regarding any individual;

b.      any information about reports or investigations of sexual harassment or sexual violence, counseling, mental health, or medical treatment, including the name of the alleged perpetrator and/or alleged victim, and any information that could reveal the identity of the alleged perpetrator and/or alleged victim;

c.      any information relating to personnel files produced in the course of employment;

d.      the statements of any alleged victim of sexual misconduct, harassment, or assault;

e.      medical records subject to the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") or similar health privacy laws;

f.      psychological and/or psychiatric records or evaluations;

g.      previously non-disclosed personal financial information; or

h.      any other category of information hereinafter given confidential status by the Court, after the date of this Protective Order.

3.      With respect to the Confidential Portion of any Discovery Material other than deposition transcripts and exhibits, the Producing Party or its counsel may designate such portion as "Confidential" by:  (a) stamping or otherwise clearly marking as "Confidential" the Discovery

Material or portion thereof in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the Confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by:  (a) indicating on the record during the deposition that a question calls for  "Confidential Information," in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after the deposition has concluded, of the specific pages and lines of the transcript that are to be designated as "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel.  During the 30-day period following a deposition, all Parties will treat the entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that was previously produced without limitation, the Producing Party may so designate such material by notifying all prior recipients in writing.  Thereafter, this Court and all persons subject to this Protective Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Protective Order will be construed as:  (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Where a Producing Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

a.      the Parties to this action, their insurers, and counsel to their insurers;

b.      counsel retained specifically for this action (i.e., counsel of record), including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

c.      outside vendors or service providers (such as copy-service providers and document management consultants) that counsel hire and assign to this matter;

d.      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

e.      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

f.      any witness who a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

g.      any person a Party or counsel retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A hereto;

h.      stenographers engaged to transcribe depositions the Parties conduct in this action; and

        i.      this Court, including any appellate court, its support personnel, and court reporters.

8.      Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 7(d), 7(f) or 7(g) above, counsel must provide a copy of this Protective Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as Exhibit A hereto stating that he or she has read this Protective Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.      In accordance with Rule VI of Judge Koeltl's Individual Practices and Rule III of this Court's Individual Practices, any party filing documents under seal must simultaneously file with the Court a letter brief and supporting declaration justifying – on a particularized basis – the continued sealing of such documents. The parties should be aware that the Court will unseal documents if it is unable to make "specific, on the record findings . . . demonstrating that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006).

10.      The Court retains discretion whether to afford confidential treatment to any Discovery Material designated as Confidential and submitted to the Court in connection with any motion, application, or proceeding that may result in an order and/or decision by the Court. All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial, even if such material has previously been sealed or designated as Confidential. Any application to maintain

the confidentiality of any documents or information at trial shall be made to the trial judge, in advance of trial.

11.     In filing Confidential Discovery Material with this Court, or filing portions of any pleadings, motions, or other papers that disclose such Confidential Discovery Material ("Confidential Court Submission"), the Parties shall publicly file a redacted copy of the Confidential Court Submission via the Electronic Case Filing System.  The Parties shall file an unredacted copy of the Confidential Court Submission under seal in accordance with Rule VI of Judge Koeltl's Individual Practices.

12.     Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection.  If the Parties cannot reach agreement promptly, counsel for all affected Parties will address the dispute to this Court in accordance with Rule I of Judge Koeltl's Individual Practices.

13.     Any Party who requests additional limits on disclosure (such as "attorneys' eyes only" in extraordinary circumstances), may at any time before the trial of this action serve upon counsel for the recipient Parties a written notice stating with particularity the grounds for the request.  If the Parties cannot reach agreement promptly, counsel for all affected Parties shall address their dispute to this Court in accordance with Rule I(C) of the undersigned's Individual Practices.

14.     Subject to the procedures set forth in paragraph 15, below, any Party may use any Discovery Material in this action, including Confidential Discovery Material disclosed or produced by another Party or by a nonparty in this action, only for the prosecution, defense, or settlement of claims in the following actions:

a. The above-captioned action;

b. The action filed in the Superior Court of California, County of Los Angeles, *Ralph M. Watson v. Diet Madison Avenue, et al.*, filed on May 22, 2018 (the "Los Angeles Action"), Case No. BC 707278; and

c. The New York JAMS arbitration, *Ralph M. Watson v. Crispin, Porter & Bogusky, LLC, et al.*, filed on October 28, 2019 (the "New York Arbitration"), JAMS Ref. No. 1425031105 (together with the Los Angeles Action, the "Related Actions").

15. Any Party that wishes to use Discovery Material from this action in a Related Action must abide by the following:

a. The Party seeking to use the Discovery Material shall give written notice to all other Parties to this action 30 days in advance of the desired use.

b. Any Party who objects to the noticed use of Discovery Material in a Related Action shall provide all other Parties with written notice of its objection, stating with particularity the grounds for the objection. Such notice must be given within one week (seven days) following receipt of the notice described in paragraph 15(a), above.

c. Within one week (seven days) after the objection is made, the Parties must meet and confer in good faith in an attempt to resolve any dispute concerning the desired use of the Discovery Material in the Related Action. If agreement cannot be reached after the Parties meet and confer, then the Parties shall file a joint letter request for a telephone conference call with the Court to obtain a ruling within the following two weeks (14 days). The joint letter shall be no more than five pages, and, in it, the Parties shall describe to the Court the desired use of the Discovery Material in a Related Action and the

grounds for the objection.  If, in this Court's discretion, it determines that no conference is necessary, it may rule on the objection based on the joint written submission alone.

          d.      The Discovery Material subject to any objection made in accordance with the procedures described above shall not be used in any Related Action until the Court rules on the challenge.  To the extent no objection is raised or no letter request for a telephone call is brought within the applicable time frames following a notice given pursuant to paragraph 15(a), any Party may proceed to use the Discovery Material in a Related Action.  The failure to object pursuant to paragraph 15(b), or the use of such Discovery Material in a Related Action, does not waive any Party's right to assert a later objection to the admissibility of the Discovery Material in this or any Related Action.

16.      Nothing in this Protective Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as is reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure.  Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process or other legal notice if the Producing Party deems it appropriate to do so.

17.      Each person who has access to Confidential Discovery Material must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.      Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such

material – including all copies thereof.  In either event, by the 60-day deadline, the recipient

must certify its return or destruction by submitting a written certification to the Producing Party

that affirms that it has not retained any copies, abstracts, compilations, summaries, or other forms

of reproducing or capturing any of the Confidential Discovery Material.  Notwithstanding this

provision, the attorneys that the Parties have specifically retained in this action may retain an

archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda,

correspondence, or attorney work product, even if such materials contain Confidential Discovery

Material.  Any such archival copies that contain or constitute Confidential Discovery Material

remain subject to this Protective Order.

19.     This Protective Order will survive the termination of the litigation and will

continue to be binding upon all persons to whom Confidential Discovery Material is produced or

disclosed.

20.     This Court shall retain jurisdiction over all persons subject to this Protective

Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions

for any contempt thereof.

21.     In light of this Court's issuance of this Protective Order, the Clerk of Court is

directed to close the motion filed at Dkt. 120 on the Docket of this action.

Dated:  New York, New York
          December 15, 2020

                                    SO ORDERED


                                    _____
                                    DEBRA FREEMAN
                                    United States Magistrate Judge


Copies to:

All parties (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| RALPH M. WATSON, an individual,<br><br>                              Plaintiff,<br><br>         -against-<br><br>NY DOE 2, an individual; ILLINOIS DOE 1,<br>an individual; DOE COMPANY, an unknown<br>business entity; and DOES 1 through 50, whose<br>true names and capacities unknown *et al.*,<br><br>                              Defendants. | 19cv00533 (JGK) (DF)<br><br>**NON-DISCLOSURE<br>AGREEMENT** |

        I, _____ , acknowledge that I have read and understand the Protective Order

in this action governing the non-disclosure of those portions of Discovery Material that have been

designated as Confidential.  I agree that I will not disclosure such Confidential Discovery

Material to anyone other than for purposes of this litigation and that at the conclusion of the

litigation I will return all discovery information to the party or attorneys from whom I received

it.  By acknowledging these obligations under the Protective Order, I understand that I am

submitting myself to the jurisdiction of the United States District Court for the Southern District

of New York for the purpose of any issue or dispute arising hereunder and that my willful

violation of any term of the Protective Order could subject me to punishment for contempt of

Court.


                                        _____
                                        By:


                                        Dated: