919 THIRD AVENUE NEW YORK, NY 10022-3908

**JENNER&BLOCK** LLP

> No later than 3/5/2021, Plaintiff is directed to respond to this letter, with detailed explanations of the documents or information sought to be disclosed, the basis for the requested disclosure, and the provisions of the Protective Order that, in Plaintiff's view, have authorized the actions taken by Plaintiff to date. Until the Court rules on the issue, Plaintiff is also directed to make no further use, outside of this action, of the protected documents or information contained therein.
>
> SO ORDERED
>
> */s/ Debra Freeman*
> DEBRA FREEMAN
> United States Magistrate Judge
> Dated: 3/3/2021

March 2, 2021

Laura P. MacDonald
Tel +1 212 891 1696
LMacDonald@jenner.com

**VIA ECF**

Hon. Debra Freeman
United States Magistrate Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re: *Watson v. NY Doe 1 et al.*, No. 19 Civ. 533 (JGK) (DCF)

Dear Judge Freeman:

  We represent Defendant NY Doe 2 in the above-captioned litigation. We write pursuant to Paragraph 20 of the December 15, 2020 Protective Order, Dkt. 131 (the "Protective Order"), to seek the Court's intervention following Plaintiff's violation of the Protective Order.

  On December 15, 2020, this Court issued a second protective order in this case, which requires any party seeking to use Discovery Material—defined to include "information of any kind produced or disclosed in the course of discovery in this action," Dkt. 131 ¶ 1—in a Related Action to provide written notice to all other parties 30 days in advance of the desired use, *id.* ¶ 15(a).[1] The parties are given seven days following receipt of the notice to object to the noticed use. *Id.* ¶ 15(b). Within one week after an objection is made, the parties are to meet and confer to attempt to resolve any issues prior to seeking the Court's intervention. *Id.* ¶ 15(c). Unless no objection is raised and no request for the Court's intervention is brought within the applicable time frames, or the Court has ruled on the challenge, the Discovery Material "shall not be used in any Related Action." *Id.* ¶ 15(d).

  On February 19, 2021, Plaintiff's counsel wrote to Defendants' counsel that Plaintiff intended to use NY Doe 2's "confidential discovery responses, including confidential documents" in the Related Actions. *See* Ex. A at 11 (Emails among Counsel Regarding Plaintiff's Proposed Use of Confidential Discovery Material).[2] Among other deficiencies, the purported "notice" did not state which confidential discovery responses or documents among NY Doe 2's Discovery

---

[1] An earlier protective order dated December 10, 2019, Dkt. 93, is also applicable to this case, and protects the Identity and Contact Information of the Defendants.

[2] NY Doe 2 has filed a redacted version of Exhibit A on the public docket and an un-redacted version under seal, as permitted under Paragraph 11. Dkt. 131; *see also* Dkt. 93 ¶ 4.

March 2, 2021
Page 2

Material (which span over 900 pages) Plaintiff intended to use, or for what purpose, in the Related Actions.

With respect to the New York Arbitration, which is defined as a Related Action in the Protective Order, *see* Dkt. 131 ¶ 14(c), Plaintiff's email suggested that "*[a]ll* of NY Doe 2's responses" were "directly relevant to issues in the [New York Arbitration]" without stating anything about the intended use, Ex. A at 11 (emphasis added). With respect to the Los Angeles Action, also defined as a Related Action in the Protective Order, *see* Dkt. 131 ¶ 14(b), Plaintiff's counsel made no statement about which Discovery Material Plaintiff intended to use, but suggested it was relevant to modifying "the current protective order limiting the scope of his prior subpoenas" in that case, Ex. A at 11.

NY Doe 2's counsel timely responded on February 22, 2021, objecting that Plaintiff's counsel's purported notice did not meet Protective Order Paragraph 15(a)'s requirements. Exhibit A at 10. NY Doe 2 stated that the purported notice failed to provide sufficient notice for NY Doe 2 to object "with particularity" because, among other deficiencies, it did not specify the documents Plaintiff intended to use. *Id*. NY Doe 2 requested, among other things, that Plaintiff's counsel provide a list of the specific documents he intends to use and that he provide proof that the New York Arbitration is confidential to allow NY Doe 2 to evaluate that claim. *Id.*

Plaintiff's counsel responded on February 23, 2021 by listing some examples of Discovery Material that he considered directly relevant to the other actions, but noted that those examples were "just a small sampling" of relevant material. Ex. A at 8. NY Doe 2's counsel responded on February 25, 2020, ***again objecting*** that Plaintiff's counsel failed to meet his obligations under Paragraph 15(a), and requesting that he provide sufficient information. *Id*. at 6. Plaintiff's counsel responded on February 25, 2021, in which he proposed that "[a]t this point, let's focus solely on the JAMS Arbitration," and for the first time identified a specific set of documents he wished to use (he also stated that he did not believe the listed documents required any redactions). *Id*. at 3-5. There was additional communication among counsel on February 26, 2020, because, in his February 25, 2021 email, Plaintiff's counsel revealed NY Doe 2's last name, which at that point was unknown to counsel for Defendant IL Doe 1 who were copied on the email. After counsel for NY Doe 2 alerted him to his mistake and requested that counsel for IL Doe 1 protect the confidentiality of that information, Plaintiff's counsel responded that the use of NY Doe 2's name was "accidental and certainly not intentional." *Id*. at 2. That same day, counsel for IL Doe 1 also sent a timely email, which, among other things, objected to Plaintiff's purported notices. All of the above-described objections and communications occurred within seven days of the first purported notice.

NY Doe 2's counsel subsequently learned that Plaintiff's counsel paraphrased and discussed in detail NY Doe 2's confidential Discovery Material in a brief submitted in the New York Arbitration on February 26, 2021, only <u>one day</u> after providing notice to NY Doe 2 of the particular Discovery Material he planned to use. *See, e.g.*, Ex. B at 5 (Watson's New York

March 2, 2021
Page 3

Arbitration Brief).³  This clearly violated the December 15, 2020 Protective Order.  (This would be true *even if* the February 19 email actually constituted proper notice and NY Doe 2 had not yet objected, since NY Doe 2 would have had until the end of February 26 to object.)  NY Doe 2's counsel contacted Plaintiff's counsel on March 1, 2021 to alert him of his violation of the Protective Order, and requested that he take action in the New York Arbitration to remove any reference to NY Doe 2's confidential Discovery Material as soon as possible.  Ex. A at 1.  Plaintiff's counsel responded that same day, stating only that "NY Doe 2 failed to object within 7 days of our notice."  *Id.* at 1.  However, despite his current unsupportable position that NY Doe 2 failed to timely object, Plaintiff's own statement in his brief in the New York Arbitration contradicts his position.  Plaintiff acknowledged in his brief that he had not yet received leave to produce the documents he described in his brief.  Ex. B at 4 n.1.

While NY Doe 2 recognizes that some of the Discovery Material she produced may be relevant to the Related Actions and is willing to work with Plaintiff's counsel, NY Doe 2 is deeply concerned with ensuring that the materials be given adequate protection from disclosure and that the Protective Order's procedures be followed.  Plaintiff's counsel has thus far refused to negotiate with NY Doe 2's counsel in good faith, and his actions suggest that, despite his obligations under the Protective Order, he will continue to use confidential Discovery Material without following the required procedures.⁴

In light of the foregoing, we respectfully request that the Court hold Plaintiff's counsel in contempt for violating the Protective Order.  In the alternative, and at a minimum, we respectfully request that the Court direct Plaintiff's counsel to comply with his obligations under the Protective Order, including his notice and meet-and-confer obligations, and that the Court require Plaintiff's counsel to withdraw any improperly used confidential Discovery Material in Related Actions until such time as the Court has had opportunity to rule on disputes raised by the parties.

Respectfully submitted,

*/s/ Laura P. MacDonald*

Laura P. MacDonald

---

³ Exhibit B reveals NY Doe 2's identity and confidential Discovery Material and thus is confidential at least in part and requires, at minimum, redactions under the protective orders for those reasons.  Given that Plaintiff has claimed the New York Arbitration is confidential, NY Doe 2 has submitted Exhibit B under seal in full at this time.

⁴ In fact, the only reason NY Doe 2 was even alerted to Plaintiff's counsel's violation of the Protective Order was through Plaintiff's opposing counsel in the New York Arbitration.  NY Doe 2 issued a third party subpoena for the arbitration materials, as Plaintiff has thus far refused to provide NY Doe 2 with arbitration filings.