UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------- X

RALPH M. WATSON, an individual,

                                   Plaintiff,

   -against-

NY DOE 2, an individual; NY DOE 3, an individual;
NY DOE 4, an individual; ILLINOIS DOE 1, an
individual; DOE COMPANY, an unknown business
entity; DOE 1 an individual; and DOES 2 through
100, whose true names and capacities are unknown,

                                 Defendants.
--------------------------------------------------------------- X

Case No.: 1:19-cv-00533-JGK-DCF

**FIRST AMENDED ANSWER
AND DEFENSES OF
DEFENDANT ILLINOIS DOE 1
TO FIRST AMENDED
COMPLAINT;
COUNTERCLAIM AGAINST
PLAINTIFF RALPH M.
WATSON**

Defendant ILLINOIS DOE 1, by and through his/her attorneys, Gordon Rees Scully

Mansukhani, LLP, hereby sets forth the following as and for his/her First Amended Answer and

Defenses to the First Amended Complaint of plaintiff Ralph M. Watson, filed July 19, 2019

("Complaint"), and Counterclaim against plaintiff Ralph M. Watson:

### Answering "Jurisdiction"[1]

1.     The allegations in paragraph 1 of the Complaint are legal conclusions to which no

response is required.  To the extent a response is deemed required, Illinois Doe 1 denies the

allegations set forth in paragraph 1 of the Complaint and respectfully refers the Court to the statute

referenced therein for a full and accurate statement of its contents and legal import, if any.

### Answering "Venue"

2.     The allegations in paragraph 2 of the Complaint are legal conclusions to which no

response is required.  To the extent a response is deemed required, Illinois Doe 1 denies the

---

[1] For ease of reference, Illinois Doe 1 refers to the headings within the Complaint.  To the extent, however, that those headings could be construed to contain factual allegations, those allegations are expressly denied.

allegations set forth in paragraph 2 of the Complaint and respectfully refers the Court to the statute

referenced therein for a full and accurate statement of its contents and legal import, if any.

### Answering "Parties"

3.      Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 3 of the Complaint.

4.      Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 4 of the Complaint.

5.      Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 5 of the Complaint.

6.       Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 6 of the Complaint.

7.      Denies the allegations set forth in paragraph 7 of the Complaint except admits that

"Defendant Illinois Doe 1 is an individual and a [resident] of the State of Illinois" and that "Illinois

Doe 1's real name is not being revealed at this time pursuant to this Court's order."

8.      Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 8 of the Complaint.

9.      Lacks knowledge or information sufficient to form a belief about the truth of the

allegations set forth in paragraph 9 of the Complaint.

10.     Denies the allegations set forth in paragraph 10 of the Complaint.

### Answering "Statement of Facts"

11.     As a portion of paragraph 11 of the Complaint is redacted, Illinois Doe 1 lacks

knowledge or information sufficient to form a belief about the truth of the allegations set forth

therein.

12.     As a portion of paragraph 12 of the Complaint is redacted, Illinois Doe 1 lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein.

13.     As the entirety of paragraph 13 of the Complaint is redacted, Illinois Doe 1 lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein.

14.     As portions of paragraph 14 of the Complaint are redacted, Illinois Doe 1 lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth therein.

15.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 15 of the Complaint.

16.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 16 of the Complaint.

17.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 17 of the Complaint.

18.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 18 of the Complaint.

19.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 19 of the Complaint.

20.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 20 of the Complaint.

21.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 21 of the Complaint.

22.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 22 of the Complaint.

23.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 23 of the Complaint.

24.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 24 of the Complaint.

25.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 25 of the Complaint.

26.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 26 of the Complaint.

27.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 27 of the Complaint.

28.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 28 of the Complaint.

29.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 29 of the Complaint.

30.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 30 of the Complaint.

31.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 31 of the Complaint.

32.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 32 of the Complaint.

33.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 33 of the Complaint.

34.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 34 of the Complaint.

35.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 35 of the Complaint.

36.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 36 of the Complaint.

37.     Denies the allegations set forth in the first sentence of paragraph 37 of the Complaint, to the extent that Illinois Doe 1 is identified as one of the "Defendants," and lacks knowledge or information sufficient to form a belief about the truth of the remainder of allegations set forth in paragraph 37 of the Complaint.

38.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 38 of the Complaint.

39.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 39 of the Complaint.

40.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 40 of the Complaint.

41.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 41 of the Complaint.

42.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the first sentence of paragraph 42 of the Complaint as to what Plaintiff "further discovered . . . is informed [of] and believes."  Denies the allegations set forth in the

second sentence of paragraph 42.  Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the third and fourth sentences of paragraph 42.

43.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 43 of the Complaint.

44.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 44 of the Complaint.

45.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 45 of the Complaint.

46.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 46 of the Complaint.

47.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 47 of the Complaint.

48.     To the extent that the statement attributed to Illinois Doe 1 is altered in paragraph 48 of the Complaint, Illinois Doe 1 denies the allegations set forth in paragraph 48 of the Complaint and respectfully refers the Court to the referenced statement for its full and accurate contents and legal import, if any.

49.     Denies the allegations set forth in paragraph 49 of the Complaint.

50.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the fourth and sixth sentences of paragraph 50 of the Complaint and denies the remainder of the allegations.

## Answering "Claim I Defamation (By Plaintiff Against All Defendants)"

51.     Repeats and reasserts the responses to paragraphs 1 through 50 of the Complaint as if fully set forth herein.

52.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 52 of the Complaint.

53.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 53 of the Complaint.

54.     To the extent that Illinois Doe 1 is identified as one of "the Defendants," denies the allegations set forth in paragraph 54 of the Complaint. Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

55.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 55 of the Complaint. Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

56.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 56 of the Complaint. Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

57.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 57 of the Complaint.

58.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 58 of the Complaint.

59.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 59 of the Complaint.

60.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 60 of the Complaint as to what Plaintiff "further discovered" "is informed [of] and believes" and denies the remainder of the allegations.

61.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 61 of the Complaint.

62.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 62 of the Complaint.

63.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 63 of the Complaint as to what Plaintiff "is also informed [of] and believes" and denies the remainder of the allegations.

64.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 64 of the Complaint as to what Plaintiff "is informed and believes" and denies the remainder of the allegations.

65.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in the second sentence of paragraph 65 of the Complaint and denies the remainder of the allegations.

66.     Denies the allegations set forth in paragraph 66 of the Complaint.

67.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 67 of the Complaint as to what Plaintiff has "engaged in [ ] or been disciplined for" and denies the remainder of the allegations.

68.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 68 of the Complaint.

69.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 69 of the Complaint.  Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

70.     Lacks knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 70 of the Complaint.

71.     Denies the allegations set forth in paragraph 71 of the Complaint.

72.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 72 of the Complaint.  Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

73.     To the extent that Plaintiff alleges that any damages he suffered were a "proximate result" of action(s) of Illinois Doe 1, those allegations are denied.  Illinois Doe 1 lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations set forth in paragraph 73 of the Complaint.

74.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 74 of the Complaint.  Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

75.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 75 of the Complaint.  Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

76.     To the extent that Illinois Doe 1 is identified as one of the "Defendants," denies the allegations set forth in paragraph 76 of the Complaint.  Lacks knowledge or information sufficient to form a belief about the truth of the remainder of the allegations.

### Answering "Claim II Intentional Infliction of Emotional Distress (By Plaintiff Against All Defendants)"

77.-87.     To the extent that the Court dismissed with prejudice Plaintiff's intentional infliction of emotional distress claims as to all Defendants, Illinois Doe 1 respectfully submits that responses to paragraphs 77 through 87 of the Complaint are not required.  *See* Opinion and Order,

filed February 11, 2020 (ECF Document No. 99) ("Opinion and Order") at p. 24.  To the extent that responses are deemed required, Illinois Doe 1 denies any factual allegations set forth in paragraphs 77 through 87.

### Answering "Claim III Civil Conspiracy (By Plaintiff Against All Defendants)"

88.-96.          To the extent that the Court dismissed without prejudice Plaintiff's claims for conspiracy, Illinois Doe 1 respectfully submits that responses to paragraphs 88 through 96 of the Complaint are not required.  *See* Opinion and Order at p. 30.  To the extent that responses are deemed required, Illinois Doe 1 denies any factual allegations set forth in paragraphs 88 through 96.

### Answering "Claim IV Tortious Interference with Contract (By Plaintiff Against All Defendants)"

97.-105.          To the extent that the Court granted without prejudice Illinois Doe 1's motion to dismiss the tortious interference with contract claim against Illinois Doe 1, Illinois Doe 1 respectfully submits that responses to paragraphs 97 through 105 of the Complaint are not required.  *See* Opinion and Order at p. 25.  To the extent that responses are deemed required, Illinois Doe 1 denies any factual allegations set forth in paragraphs 97 through 105.

### Answering "Claim V Tortious Interference with Prospective Economic Advantage (By Plaintiff Against All Defendants)"

106.-115.          To the extent that the Court granted without prejudice Defendants' motions to dismiss the tortious interference with prospective economic advantage claim as to all Defendants, Illinois Doe 1 respectfully submits that responses to paragraphs 106 through 115 of the Complaint are not required.  *See* Opinion and Order at p. 26.  To the extent that responses are deemed required, Illinois Doe 1 denies any factual allegations set forth in paragraphs 106 through 115.

## Answering "Claim VI Negligent Interference with Prospective Economic Advantage (By Plaintiff Against All Defendants)"

116.-126.    To the extent that the Court granted with prejudice Defendants' motions to dismiss the claims for negligent interference with prospective economic advantage, Illinois Doe 1 respectfully submits that responses to paragraphs 116 through 126 of the Complaint are not required.  *See* Opinion and Order at pp. 26-27.  To the extent that responses are deemed required, Illinois Doe 1 denies any factual allegations set forth in paragraphs 116 through 126.

## Answering "Request for Relief"

127.    In response, Illinois Doe 1 denies the allegations set forth in that paragraph and sub-paragraphs, respectfully refers such legal conclusions to the Court, and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

## Answering "Demand for Jury Trial"

128.    In response, Illinois Doe 1 denies the allegations set forth in that paragraph, respectfully refers such legal conclusions to the Court, and affirmatively avers that Plaintiff is not entitled to any of the relief requested or any other relief.

## AS AND FOR A FIRST DEFENSE

129.    The Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

130.    The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of laches.

## AS AND FOR A THIRD DEFENSE

131.    Plaintiff's claims are barred, in whole or in part, by the applicable statutes of limitations.

## AS AND FOR A FOURTH DEFENSE

132.    Plaintiff is not entitled to punitive damages.

## AS AND FOR A FIFTH DEFENSE

133.    Even if Plaintiff were entitled to recover damages, which Illinois Doe 1 expressly denies, Plaintiff may be barred or limited from recovering damages based upon his failure to mitigate said damages.

## AS AND FOR A SIXTH DEFENSE

134.    Some or all of Plaintiff's alleged injuries are due, in whole or in part, to his own actions.

## AS AND FOR A SEVENTH DEFENSE

135.    Costs or damages alleged to be incurred in the future may not be recovered as they are remote, speculative, contingent, and incapable of calculation.

## AS AND FOR AN EIGHTH DEFENSE

136.    At all times material hereto, the actions of Illinois Doe 1 were justified under the circumstances, and Illinois Doe 1 acted in a manner that was proper, reasonable, lawful, and in the exercise of good faith.

## AS AND FOR A NINTH DEFENSE

137.    Plaintiff's claims are frivolous and groundless and known by Plaintiff to be frivolous and groundless and without foundation in fact or law.  Furthermore, this suit is being pursued in bad faith for vexatious reasons for the purpose of harassing and/or chilling the speech of Illinois Doe 1.

### AS AND FOR A TENTH DEFENSE

138.    Even if Plaintiff were entitled to recover damages, which Illinois Doe 1 expressly denies, Plaintiff may be barred or limited from recovering damages based on the doctrine of after-acquired evidence.

### AS AND FOR AN ELEVENTH DEFENSE

139.    At all times relevant to the acts alleged in the Complaint, the acts of Illinois Doe 1 were without malice, willfulness, or intent to violate Plaintiff's rights.

### AS AND FOR A TWELFTH DEFENSE

140.    Illinois Doe 1 has not violated any rights, privileges, or immunities of Plaintiff under any federal, state, or local laws.

### AS AND FOR A THIRTEENTH DEFENSE

141.    Plaintiff's claims are barred, reduced, and/or limited pursuant to applicable statutory and common law regarding limitations of awards, caps on recovery, and set-offs.

### AS AND FOR A FOURTEENTH DEFENSE

142.    The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of unclean hands.

### AS AND FOR A FIFTEENTH DEFENSE

143.    The Complaint and each claim purported to be alleged therein are barred, in whole or in part, by the equitable doctrine of avoidable consequences.

### AS AND FOR A SIXTEENTH DEFENSE

144.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements were false.

**AS AND FOR A SEVENTEENTH DEFENSE**

145.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements caused special harm to Plaintiff.

**AS AND FOR AN EIGHTEENTH DEFENSE**

146.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements constitute defamation *per se*.

**AS AND FOR A NINETEENTH DEFENSE**

147.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements can be reasonably read to impart a defamatory inference.

**AS AND FOR A TWENTIETH DEFENSE**

148.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements can be reasonably read to affirmatively suggest that Illinois Doe 1 intended or endorsed a defamatory inference.

**AS AND FOR A TWENTY-FIRST DEFENSE**

149.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements may be reasonably understood as assertions of provable fact about Plaintiff.

**AS AND FOR A TWENTY-SECOND DEFENSE**

150.   To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff constituted a public figure or limited purpose public figure.

## AS AND FOR A TWENTY-THIRD DEFENSE

151.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements were made with constitutional malice or actual malice.

## AS AND FOR A TWENTY-FOURTH DEFENSE

152.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, those statements were made to others sharing a common interest with Illinois Doe 1 in the subject matter of the communications, and thus those statements, even if defamatory, are protected by qualified privilege.

## AS AND FOR A TWENTY-FIFTH DEFENSE

153.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that those statements were made with common law malice.

## AS AND FOR A TWENTY-SIXTH DEFENSE

154.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, the contents of those alleged defamatory statements are related to matters warranting public exposition.

## AS AND FOR A TWENTY-SEVENTH DEFENSE

155.    To the extent Plaintiff alleges that certain statements made by Illinois Doe 1 were defamatory, Plaintiff has failed to establish that Illinois Doe 1 acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by responsible parties.

## AS AND FOR A TWENTY-EIGHTH DEFENSE

156.     This case is an "action involving public petition and participation" under NY Civil Rights Law § 76-a(1)(a).

## AS AND FOR A TWENTY-NINTH DEFENSE

157.     Any communications allegedly made by Illinois Doe 1 were made "in a place open to the public or a public forum in connection with an issue of public interest" under NY Civil Rights Law § 76-a(1)(a)(1).

## AS AND FOR A THIRTIETH DEFENSE

158.     Any conduct allegedly engaged in by Illinois Doe 1 was "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition" under NY Civil Rights Law § 76-a(1)(a)(2).

## AS AND FOR A THIRTY-FIRST DEFENSE

159.     Damages may only be recovered if Plaintiff, "in addition to all other necessary elements, shall have established by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false" under NY Civil Rights Law § 76-a(2).

## AS AND FOR A THIRTY-SECOND DEFENSE

160.     This action brought by Plaintiff is a Strategic Lawsuit Against Public Participation ("SLAPP suit") prohibited by New York law.  Plaintiff cannot recover for defamation without proving actual malice.

### AS AND FOR A THIRTY-THIRD DEFENSE

161.    Illinois Doe 1 reserves the right to add further defenses as warranted by the development of the factual record in this case.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

1.    Defendant Illinois Doe 1 ("Counterclaim Plaintiff"), by and through his/her undersigned attorneys, hereby asserts this First Counterclaim, pursuant to Rule 13 of the Federal Rules of Civil Procedure ("FRCP"), against Plaintiff Ralph M. Watson ("Counterclaim Defendant"), and alleges as follows:

### Parties

2.    Counterclaim Plaintiff is a resident of the State of Illinois.

3.    Upon information and belief, based upon, including, but not limited to, the allegations in the Complaint, Counterclaim Defendant is a citizen of the State of California.

### Jurisdiction and Venue

4.    This Court has subject matter jurisdiction over this First Counterclaim pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Counterclaim Plaintiff and Counterclaim Defendant and the amount in controversy is greater than $75,000.00.

5    This Court has personal jurisdiction over Counterclaim Defendant because he has already submitted to such jurisdiction by commencing and continuing this action in New York.

### Factual Background

6.     Counterclaim Defendant commenced this case in a calculated, brazen, and unlawful attempt to chill Counterclaim Plaintiff's exercise of his/her rights under the First Amendment of the United States Constitution.

7.    Counterclaim Plaintiff is a writer, social commentator, and blogger.

8.     Counterclaim Plaintiff is the founder and moderator of Girlsday.

9.     Counterclaim Plaintiff's postings on Girlsday are primarily focused on newsworthy activities, facts, and circumstances related to the advertising industry.

10.    Historically, topics on Girlsday have included: advertising agencies' opening, closing, and merging; advertising agencies' winning and losing accounts; agency hires, fires, and layoffs; and cultural trends and issues affecting Girlsday members like BLM and COVID-19, diversity, inclusivity, and equity in terms of gender, race, and sexuality.

11.    Girlsday is a forum to provide insight and help with negotiation, resignation, salaries, and maternity and family leaves.

12.    Girlsday is dedicated to assisting its members in securing employment.

13.    Girlsday also provides a means for members to discuss the #MeToo movement and to share personal experiences with agency culture and financial discrimination, harassment, and assault at work.

14.    Financial discrimination, harassment, and assault at work are common experiences among Girlsday members.

15.    Counterclaim Defendant's improper, illegal, and actionable misconduct was addressed on Girlsday and other online forums.

16.    On or about February 2, 2018, Counterclaim Plaintiff republished a post, stating that "9 women reported him," which post had originated with Diet Madison Avenue, from Counterclaim Plaintiff's public Facebook account to another person's public Facebook account, where an Adweek article reporting on the termination of Counterclaim Defendant's employment had been shared.  *See* Complaint (ECF Document 47) at ¶ 42.

17.     On or about May 25, 2018, Counterclaim Plaintiff posted the following on her Instagram account: "@DietMadisonAvenue needs our help to fight Ralph Watson's defamation law suit. All donations can be made anonymously. I figure it's the next best thing to giving money directly to his victims. https://www.gofundme.com/diet-madison-avenue-legal-defense" *See* Complaint (ECF Document 47) at ¶ 48.

18.     Counterclaim Defendant did not want Counterclaim Plaintiff to continue with postings regarding his improper, illegal, and actionable misconduct.

19.     Counterclaim Defendant's commencing or continuing this case infringes upon Counterclaim Plaintiff's rights under the First Amendment of the United States Constitution.

20.     Counterclaim Defendant's commencing or continuing this case violates New York State law, which prohibits the very type of retaliatory conduct Counterclaim Defendant is committing against Counterclaim Plaintiff.

21.     The Complaint is defamatory against Counterclaim Plaintiff but for any possibly applicable privilege.

22.     Counterclaim Defendant's purpose in commencing this case was to harass and intimidate Counterclaim Plaintiff.

23.     Counterclaim Defendant's purpose in continuing this case is to harass and intimidate Counterclaim Plaintiff.

24.     Counterclaim Defendant's purpose in commencing this case was to burden Counterclaim Plaintiff with the emotional toll and financial costs of a legal defense until Counterclaim Plaintiff was coerced into abandoning making truthful statements regarding Counterclaim Defendant's improper, illegal, and actionable misconduct.

25.     Counterclaim Defendant's purpose in continuing this case is to burden Counterclaim Plaintiff with the emotional toll and financial costs of a legal defense until Counterclaim Plaintiff is coerced into abandoning making truthful statements regarding Counterclaim Defendant's improper, illegal, and actionable misconduct.

26.     Counterclaim Defendant's purpose in commencing this case was to ultimately and unlawfully censor Counterclaim Plaintiff in Counterclaim Plaintiff's truthful statements regarding Counterclaim Defendant's improper, illegal, and actionable misconduct.

27.     Counterclaim Defendant's purpose in continuing this case is to ultimately and unlawfully censor Counterclaim Plaintiff in Counterclaim Plaintiff's truthful statements regarding Counterclaim Defendant's improper, illegal, and actionable misconduct.

28.     Lawsuits, such as this case commenced and continued by Counterclaim Defendant, are known as "Strategic Lawsuits Against Public Participation" or colloquially as "SLAPP suits."

29.     Effective November 10, 2020, New York State amended its statutory protections and remedies against SLAPP suits ("anti-SLAPP laws").

30.     New York State amended its anti-SLAPP laws to provide the utmost protection for the free exercise of speech and the kind of publications at issue here, namely communications in a public forum in connection with an issue of public interest.

31.     Public interest is broadly construed and includes any subject other than a purely private matter.

32.     One of the remedies under New York State's anti-SLAPP laws is the right to maintain counterclaims in suits like this one commenced or continued by Counterclaim Defendant, namely, as an intimidation tactic to chill Counterclaim Plaintiff's freedom of speech.

33.     Counterclaim Defendant's effort to silence Counterclaim Plaintiff and chill his/her First Amendment rights through this lawsuit is exactly the type of conduct that the anti-SLAPP laws are intended to prohibit and remedy.

34.     New York's amended anti-SLAPP laws are to be given retroactive application to cases already pending when the legislation was adopted, such as the instant case.  *See Palin v. N.Y. Times Co.*, No. 17-CV-4853 (JSR), 2020 WL 7711593, at *3 (S.D.N.Y. Dec. 29, 2020).

**First Counterclaim (under NY Civil Rights Law § 70-a *et seq.* for Violation of NY's anti-SLAPP laws)**

35.     Counterclaim Plaintiff repeats and re-alleges each and every allegation in Paragraphs 1-34 of the First Counterclaim as if fully set forth herein.

36.     The recently amended New York State anti-SLAPP laws permit a defendant to an action involving public petition and participation, such as Counterclaim Plaintiff, to maintain a counterclaim to recover damages, including costs and attorneys' fees, against a plaintiff, such as Counterclaim Defendant, who has commenced or continued the action.  *See* NY Civil Rights Law § 70-a.

37.     An action involves public petition and participation where the plaintiff's claim is based on any communication made "in a place open to the public or a public forum in connection with an issue of public interest."  NY Civil Rights Law § 76-a(1)(a)(1).

38.     An action involves public petition and participation where the plaintiff's claim is based on any other "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition."  NY Civil Rights Law § 76-a(1)(a)(2).

39.     Publications and postings such as Counterclaim Plaintiff's and the others on Girlsday are important and vitally necessary to the advertising workplace specifically and to the

public as a whole to ensure transparency in the treatment and to root out the mistreatment of vulnerable portions of the general population, specifically women in the advertising sector.

40.     Counterclaim Defendant and his potential role in a number of questionable relationships with vulnerable women have been addressed on Girlsday and other forums.

41.      Certain women were made vulnerable by Counterclaim Defendant's position of power as the Chief Creative Director of the advertising agency, Crispin, Porter & Bogusky ("CP+B"), from April 2014 through CP+B's termination of its employment of Counterclaim Defendant.

42.     Counterclaim Plaintiff's re-postings of Counterclaim Defendant's misconduct was not the cause of any of the injuries allegedly suffered by Counterclaim Defendant.

43.     Any injury allegedly suffered by Counterclaim Defendant was self-inflicted or caused by individuals or entities other than Counterclaim Plaintiff.

44.     The Complaint, as against Counterclaim Plaintiff, constitutes an action "involving public petition and participation" under NY Civil Rights Law § 70-a.

45.      As such, Counterclaim Plaintiff is entitled to the remedies and relief afforded by the New York State anti-SLAPP laws, including, but not limited to, NY Civil Rights Law § 70-a.

46.     Counterclaim Defendant commenced or continued this action "without a substantial basis in fact and law," within the meaning of NY Civil Rights Law § 70-a(1)(a).

47.     Counterclaim Defendant's commencing or continuing this action "could not be supported by a substantial argument for the extension, modification or reversal of existing law," within the meaning of NY Civil Rights Law § 70-a(1)(a).

48.     As such, Counterclaim Defendant is liable to Counterclaim Plaintiff under NY Civil Rights Law § 70-a(1)(a) for damages including costs and attorneys' fees.

49.     Counterclaim Defendant commenced or continued this action "for the purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" by Counterclaim Plaintiff, within the meaning of NY Civil Rights Law § 70-a(1)(b).

50.     As such, Counterclaim Defendant is liable to Counterclaim Plaintiff under NY Civil Rights Law § 70-a(1)(b) for compensatory damages, including, but not limited to, emotional distress damages.

51.     Counterclaim Defendant commenced or continued this action "for the sole purpose of harassing, intimidating, punishing or otherwise maliciously inhibiting the free exercise of speech, petition or association rights" by Counterclaim Plaintiff, within the meaning of NY Civil Rights Law § 70-a(1)(c).

52.     As such, Counterclaim Defendant is liable to Counterclaim Plaintiff under NY Civil Rights Law § 70-a(1)(c) for punitive damages.

## Jury Demand

53.     Pursuant to FRCP 38, Counterclaim Plaintiff hereby demands trial by jury in this case of all issues so triable.


\* \* \* \* \* \* \*

**WHEREFORE,** having fully answered and responded to the allegations of the Complaint and having asserted a First Counterclaim as against Plaintiff/Counterclaim Defendant, Illinois Doe 1/Counterclaim Plaintiff respectfully requests that:

**A.**     Plaintiff's claims be dismissed in their entireties with prejudice;

**B**.     Each and every request for relief in the Complaint be denied;

**C**.     Judgment be entered against Plaintiff and for Illinois Doe 1 on all claims in the Complaint;

**D**.     Judgment be entered against Counterclaim Defendant and for Counterclaim Plaintiff on the First Counterclaim under NY Civil Rights Law § 70-a;

**E.**     Damages, including costs and attorneys' fees, be assessed against Counterclaim Defendant and in favor of Counterclaim Plaintiff on the First Counterclaim pursuant to NY Civil Rights Law § 70-a(1)(a);

**F.**     A finding be made that Counterclaim Defendant commenced or continued this case for the purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights under NY Civil Rights Law § 70-a(1)(b);

**G.**     Compensatory damages, in an amount to be determined at trial, but not less than $500,000.00, be assessed against Counterclaim Defendant and in favor of Counterclaim Plaintiff on the First Counterclaim pursuant to NY Civil Rights Law § 70-a(1)(b);

**H.**     A finding be made that Counterclaim Defendant commenced or continued this case for the sole purpose of harassing, intimidating, punishing, or otherwise maliciously inhibiting the free exercise of speech, petition, or association rights under NY Civil Rights Law § 70-a(1)(c);

**I.**      Punitive damages, in an amount to be determined at trial, be assessed against Counterclaim Defendant and in favor of Counterclaim Plaintiff on the First Counterclaim pursuant to NY Civil Rights Law § 70-a(1)(c); and

**J.**      Such other and further relief as may be just, proper, and equitable be granted to Illinois Doe 1/Counterclaim Plaintiff.


Dated:          New York, New York
                August 19, 2021


                                    Respectfully Submitted,

                                    GORDON REES
                                    SCULLY MANSUKHANI, LLP

                                    By:       */s/ David J. Grech*
                                              A. Louis Dorny
                                              David J. Grech
                                              Hannah E. Brown
                                    One Battery Park Plaza, 28th Floor
                                    New York, New York 10004
                                    Tel: (212) 269-5500
                                    Fax: (212) 269-5505
                                    Email:  ldorny@grsm.com
                                              dgrech@grsm.com
                                              hbrown@grsm.com
                                    *Attorneys for Defendant/Counterclaim Plaintiff*
                                    *Illinois Doe 1*


TO:      All Attorneys of Record *via* ECF