# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH M. WATSON, an individual,<br><br>　　　Plaintiff,<br><br>　　　v.<br><br>NY Doe 2, an individual; NY DOE 3, an individual; NY DOE 4, an individual; ILLINOIS DOE 1, an individual; DOE COMPANY, an unknown business entity; DOE 1, an individual; and DOES 2 through 100, whose true names and capacities are unknown,<br><br>　　　Defendants. | Case No. 1:19-cv-533 |

## DEFENDANT NY DOE 2'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES, AND COUNTERCLAIM TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant NY Doe 2 ("Defendant" or "NY Doe 2"), by and through her undersigned counsel, respectfully submits this First Amended Answer and Affirmative Defenses, and Counterclaim[1] to the First Amended Complaint (the "Complaint") of Plaintiff Ralph Watson ("Plaintiff") as follows.

---

[1] This Answer follows the February 11, 2020 opinion and order of this Court granting in part and denying in part NY Doe 2's motion to dismiss the Complaint. Claims dismissed pursuant to that opinion and order are identified accordingly. For the avoidance of doubt, any allegation not expressly admitted herein by Defendant is denied by Defendant.

**JURISDICTION**

1.      NY Doe 2 neither admits nor denies Paragraph 1, as it states a legal conclusion to which no response is required.  To the extent that a response is required, NY Doe 2 denies the allegations contained in Paragraph 1.

**VENUE**

2.      NY Doe 2 neither admits nor denies Paragraph 2, as it states a legal conclusion to which no response is required.  To the extent that a response is required, NY Doe 2 denies the allegations contained in Paragraph 2.

**PARTIES**

3.      NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 3.

4.      NY Doe 2 admits that NY Doe 2 is an individual and a citizen of the State of New York.  NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 4 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 4, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 4.

5.      NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 5 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 5, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 5.

6.      NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 6 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 6, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 6.

7.      NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 7 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 7, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 7.

8.      NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 8 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 8, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.      NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  To the extent that Paragraph 9 purports to describe a court order, the court order itself is the best evidence of the truth of its contents.  With respect to the rest of the allegations of Paragraph 9, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.      With respect to the first five sentences of Paragraph 10, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 10, or they contain legal conclusions to which no response is required.  NY Doe 2 neither admits

nor denies the sixth sentence of Paragraph 10, as it contains an explanatory statement to which no response is required.

## STATEMENT OF FACTS

11.    To the extent that Paragraph 11 purports to describe one or more Facebook posts made by NY DOE 3, the posts themselves are the best evidence of the truth of their contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.    To the extent that Paragraph 12 purports to describe a list of alleged male harassers, the list itself is the best evidence of the truth of its contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 12.

13.    To the extent that Paragraph 13 refers to published reports and other evidence, those reports and evidence are the best evidence of the truth of their contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13.

14.    To the extent that Paragraph 14 purports to describe one or more Instagram posts made by DMA and Instagram direct messages, the posts and messages themselves are the best evidence of the truth of their contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 14.

15.    To the extent that Paragraph 15 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the rest of the allegations of Paragraph 15, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17.     Paragraph 17 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17.  With respect to the second sentence of Paragraph 17, NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  Except as expressly admitted herein, NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 17.  With respect to the rest of the allegations of Paragraph 17, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18.     To the extent that Paragraph 18 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the rest of the allegations of Paragraph 18, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19.     To the extent that Paragraph 19 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the rest of the allegations of Paragraph 19, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20.     NY Doe 2 admits that, in January 2018, she knew Plaintiff was employed with Crispin, Porter & Bogusky ("CP&B") in its Boulder, Colorado office.  NY Doe 2 denies that Plaintiff had no complaints of sexual misconduct made against him at any time prior to January

18, 2018.  Except as so stated, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21.     To the extent that Paragraph 21 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  Further, Paragraph 21 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact and in so far as it is unclear to which statements Paragraph 21 refers, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations.  Answering in the alternative, NY Doe 2 denies that the accusation by DMA against Plaintiff described in Paragraph 21 was false.

22.     To the extent that Paragraph 22 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  Further, Paragraph 22 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 22.  Answering in the alternative, NY Doe 2 denies that the accusations by DMA against Plaintiff described in Paragraph 22 were false.

23.     Paragraph 23 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact and in so far as it is unclear to which statements Paragraph 23 refers, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 23.  Answering in the alternative, NY Doe 2 denies that the accusations by DMA against Plaintiff described in Paragraph 23 were false.  NY Doe 2 further denies knowledge and information sufficient to form a belief as to Plaintiff's alleged communications with colleagues and friends or the content thereof.

24.     Paragraph 24 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact and in so far as it is unclear to which statements Paragraph 24 refers, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 24.  Answering in the alternative, NY Doe 2 denies that the accusations by DMA against Plaintiff described in Paragraph 24 were false.  NY Doe 2 further denies knowledge and information sufficient to form a belief as to Plaintiff's alleged communications with CP&B's Human Resources Director, the reasons for those communications, or the content thereof.

25.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27.     To the extent that Paragraph 27 purports to quote one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  Further, Paragraph 27 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 27.  Answering in the alternative, NY Doe 2 denies that the accusations by DMA against Plaintiff described in Paragraph 27 were highly inflammatory and false.

28.     To the extent that Paragraph 28 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.

29.     To the extent that Paragraph 29 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.

30.     Paragraph 30 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact and in so far as it is unclear to which statements Paragraph 30 refers, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 30.  Answering in the alternative, NY Doe 2 denies that the statements made about Plaintiff by DMA described in Paragraph 30 were false and that Plaintiff's termination from CP&B was a direct result of such statements or alleged fake reports, threats or interference.  To the extent Paragraph 30 can be read to infer that any so-called "report" by NY Doe 2 to DMA was "fake," NY Doe 2 denies the allegation that she made any "fake report" to DMA.  NY Doe 2 further denies that Plaintiff had no complaints of sexual impropriety lodged against him before he was terminated by CP&B.

31.     To the extent that Paragraph 31 purports to describe a website hosted by DMA, the website itself is the best evidence of the truth of its contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 31.

32.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34.     NY Doe 2 denies that Plaintiff had a history of no complaints of sexual impropriety lodged against him at CP&B.  NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35.     NY Doe 2 denies knowledge and information sufficient to form a belief as to Plaintiff's alleged support for equal rights in the workplace or promotion of women to positions

of leadership or his behavior while employed by other agencies or employers.  NY Doe 2 otherwise denies the allegations of Paragraph 35.

36.   NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.   Paragraph 37 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations and in so far as it is unclear to which statements Paragraph 37 refers, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.   With respect to the first, third, and fourth sentences of Paragraph 38, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations, except to the extent those sentences contain legal conclusions to which no response is required. With respect to the second sentence of Paragraph 38, NY Doe 2 understands and is aware that attorneys for CP&B provided Plaintiff's counsel with an unsworn statement attributed to NY Doe 2.  NY Doe 2 references the statement itself as the best evidence of the truth of its contents.  Except as so stated, NY Doe 2 denies the remaining allegations in the second sentence of Paragraph 38, except to the extent that sentence contains legal conclusions to which no response is required.

39.   With respect to the allegations in the first and fourth sentences of Paragraph 39, NY Doe 2 denies them, except to the extent those sentences contain legal conclusions to which no response is required.  With respect to the second sentence of Paragraph 39, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations.  With respect to the third sentence of Paragraph 39, NY Doe 2 denies that she unexpectedly kissed Plaintiff without his consent.  To the extent the third sentence of Paragraph 39 references

documentation of disciplinary action by or communications with CP&B, the documents and communications themselves are the best evidence of the truth of their contents.  NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 39.

40.     Paragraph 40 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies the allegations of Paragraph 40.  To the extent Paragraph 40 references "corroborating evidence" CP&B or DMA allegedly failed to provide to Plaintiff, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 40.

41.     To the extent that Paragraph 41 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  NY Doe 2 denies that she made a "retaliatory attack on Plaintiff."  NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 41, except to the extent Paragraph 41 contains legal conclusions to which no response is required.

42.     To the extent that Paragraph 42 purports to describe one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 42.

43.     To the extent that Paragraph 43 purports to describe one or more documents associated with a lawsuit that Plaintiff initiated in the State of California, the documents themselves are the best evidence of the truth of their contents.  NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 43.

44.     To the extent Paragraph 44 purports to describe an Instagram post made by DMA, the post itself is the best evidence of the truth of its contents.  NY Doe 2 denies that Plaintiff "has never sexually harassed or sexually assaulted any person, at any time, ever."  With respect to the remaining allegations of Paragraph 44, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 44, except to the extent Paragraph 44 contains legal conclusions to which no response is required.

45.     Paragraph 45 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies that the rape allegation referenced in Paragraph 45 was defamatory.  NY Doe 2 denies knowledge and information sufficient to form a belief as to Plaintiff's alleged communications with friends and colleagues or the content thereof.

46.     NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 46.

47.     To the extent that Paragraph 47 purports to describe a GoFundMe "Diet Madison Avenue Legal Defense Fund" account, the website itself is the best evidence of the truth of its contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 47.

48.     To the extent that Paragraph 48 purports to describe one or more posts made by ILLINOIS DOE 1 to her social media accounts, the posts themselves are the best evidence of the truth of their contents.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 48.

49.     Paragraph 49 contains legal conclusions and legal arguments to which no response is required.  To the extent these legal conclusions and legal arguments can be construed as

allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 further denies the

remaining allegations in Paragraph 49.

49.    To the extent that Paragraph 50 purports to describe one or more Instagram posts

that were made by DMA, screenshotted by followers of DMA's account, and shared online, the

screenshots of the posts themselves are the best evidence of the truth of their contents.  Further,

Paragraph 50 contains legal conclusions to which no response is required.  To the extent these

legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies

them.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of

the remaining allegations of Paragraph 50.

## CLAIM I

## Defamation

51.    NY Doe 2 repeats and realleges each and every answer to the allegations contained

in the paragraphs above as if fully set forth here.

52.    To the extent that Paragraph 52 purports to describe one or more Instagram posts

made by DMA, the posts themselves are the best evidence of the truth of their contents.  NY Doe

2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the

allegations of Paragraph 52.

53.    To the extent that Paragraph 53 purports to describe one or more Instagram posts

made by DMA, the posts themselves are the best evidence of the truth of their contents.

54.    Paragraph 54 references claims that have been dismissed and statements upon

which those dismissed claims were based and therefore no response is required.  To the extent that

Paragraph 54 addresses claims that have not been dismissed, Paragraph 54 contains legal

conclusions to which no response is required.   To the extent these legal conclusions can be

construed as allegations of fact, NY Doe 2 denies them.  To the extent that Paragraph 54 purports

to quote one or more Instagram posts made by DMA, the posts themselves are the best evidence

of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies

knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph

54.

55.    Paragraph 55 references claims that have been dismissed and statements upon

which those dismissed claims were based and therefore no response is required.  To the extent that

Paragraph 55 purports to quote one or more Instagram posts made by DMA, the posts themselves

are the best evidence of the truth of their contents.  To the extent Paragraph 55 addresses claims

that have not been dismissed, Paragraph 55 contains legal conclusions to which no response is

required.  To the extent these legal conclusions can be construed as allegations of fact regarding

NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies

knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph

55.

56.    Paragraph 56 references claims that have been dismissed and statements upon

which those dismissed claims were based and therefore no response is required.  To the extent

Paragraph 56 addresses claims that have not been dismissed, Paragraph 56 contains legal

conclusions to which no response is required.  To the extent these legal conclusions can be

construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that

Paragraph 56 purports to quote one or more Instagram posts made by DMA, the posts themselves

are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY

Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations

of Paragraph 56.

57.     Paragraph 57 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 57 addresses claims that have not been dismissed, Paragraph 57 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 57 purports to quote one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 57.

58.     Paragraph 58 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent that Paragraph 58 addresses claims that have not been dismissed, Paragraph 58 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 further denies that Plaintiff had no complaints of sexual impropriety lodged against him before he was terminated by CP&B.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 58.

59.     NY Doe 2 denies that she is responsible for any categorically false or internally inconsistent allegations against Plaintiff and that she had any involvement in a defamatory attack on Plaintiff.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 59, except to the extent Paragraph 59 contains legal conclusions to which no response is required.

60.     Paragraph 60 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 60 addresses claims that have not been dismissed, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 60.  To the extent that Paragraph 60 purports to describe one or more Instagram or Facebook posts, the posts themselves are the best evidence of the truth of their contents.

61.     Paragraph 61 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 61 addresses claims that have not been dismissed, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 61.  To the extent that Paragraph 61 purports to describe one or more text messages, the text messages themselves are the best evidence of the truth of their contents.

62.     Paragraph 62 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 62 addresses claims that have not been dismissed, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 62.  To the extent that Paragraph 62 purports to describe a website hosted by DMA, the website itself is the best evidence of the truth of its contents.

63.     Paragraph 63 contains legal conclusions and legal arguments to which no response is required.  To the extent these legal conclusions and legal arguments can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 63.

64.    To the extent Paragraph 64 purports to summarize an Instagram post made by DMA, the post itself is the best evidence of its contents.  Further, Paragraph 64 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations of Paragraph 64, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 64.

65.    Paragraph 65 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 65 addresses claims that have not been dismissed, Paragraph 65 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies them.  With respect to the first sentence, NY Doe 2 denies that Plaintiff never created a hostile work environment and/or sexually harassed or assaulted anyone while employed with CP&B.  Further, with respect to the first sentence of Paragraph 65, NY Doe 2 denies knowledge and information sufficient to form a belief as to Plaintiff's behavior while employed by other agencies or employers.  NY Doe 2 denies the allegations in the second and third sentences of Paragraph 65.

66.    Paragraph 66 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent that Paragraph 66 addresses claims that have not been dismissed, Paragraph 66 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent Paragraph 66 purports to summarize one or more Instagram posts or documents, the posts or documents themselves are the best evidence of their contents.  With respect to the remaining

allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth

of the allegations of Paragraph 66.

67.     Paragraph 67 references claims that have been dismissed and statements upon

which those dismissed claims were based and therefore no response is required.  To the extent

Paragraph 67 addresses claims that have not been dismissed, Paragraph 67 contains legal

conclusions and legal arguments to which no response is required.  To the extent these legal

conclusions and legal arguments can be construed as allegations of fact, NY Doe 2 denies them.

NY Doe 2 denies knowledge and information sufficient to form a belief as to whether Plaintiff has

ever been disciplined for sexual misconduct, other than his termination from CP&B.

68.     To the extent Paragraph 68 purports to summarize one or more published

documents, the documents themselves are the best evidence of their contents.  NY Doe 2 otherwise

denies knowledge and information sufficient to form a belief as to the truth of the allegations of

Paragraph 68.

69.     Paragraph 69 references claims that have been dismissed and statements upon

which those dismissed claims were based and therefore no response is required.  To the extent

Paragraph 69 addresses claims that have not been dismissed, Paragraph 69 contains legal

conclusions to which no response is required.  To the extent these legal conclusions can be

construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the

remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as

to the truth of the allegations of Paragraph 69.

70.     The first sentence of Paragraph 70 contains legal conclusions to which no response

is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe

2 denies knowledge and information sufficient to form a belief as to the truth of the allegations.

Regarding the second sentence of Paragraph 70, NY Doe 2 admits there is a protective order in place covering the Defendants involved in this litigation.  Except as so stated, NY Doe 2 denies the allegations of the second sentence.

71.     Paragraph 71 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 71 addresses claims that have not been dismissed, Paragraph 71 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 71.

72.     Paragraph 72 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 72 addresses claims that have not been dismissed, Paragraph 72 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 72.

73.     Paragraph 73 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 73 addresses claims that have not been dismissed, Paragraph 73 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the

remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 73.

74.     Paragraph 74 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 74 addresses claims that have not been dismissed, Paragraph 74 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 74.

75.     Paragraph 75 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 75 addresses claims that have not been dismissed, Paragraph 75 contains legal conclusions and legal arguments to which no response is required.  To the extent these legal conclusions and legal arguments can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 75.

76.     Paragraph 76 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 76 addresses claims that have not been dismissed, Paragraph 76 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 76.

# CLAIM II

## Intentional Infliction of Emotional Distress

77.     NY Doe 2 repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

78.     Paragraph 78 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 78 addresses claims that have not been dismissed, Paragraph 78 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 78 purports to quote one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents. With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 78.

79.     Paragraph 79 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 79 addresses claims that have not been dismissed, Paragraph 79 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 79.

80.     Paragraph 80 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 80 addresses claims that have not been dismissed, Paragraph 80 contains legal conclusions to which

no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 80 purports to quote one or more Instagram posts made by DMA or private messages, the posts or private messages themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 80.

81.    Paragraph 81 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 81 addresses claims that have not been dismissed, Paragraph 81 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 further denies that Plaintiff has never engaged in predatory behavior or rape.  To the extent that Paragraph 81 purports to quote one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 81.

82.    Paragraph 82 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 82 addresses claims that have not been dismissed, Paragraph 82 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations regarding Plaintiff's work performance and bonuses.

83.     Paragraph 83 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 83 addresses claims that have not been dismissed, Paragraph 83 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.   To the extent Paragraph 83 purports to summarize one or more published documents, the documents themselves are the best evidence of their contents.   With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84.     Paragraph 84 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 84 addresses claims that have not been dismissed, Paragraph 84 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 84.

85.     Paragraph 85 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 85 addresses claims that have not been dismissed, the first sentence of Paragraph 85 contains legal conclusions to which no response is required.   To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent these legal conclusions can be construed as allegations of fact regarding other Defendants, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations. Regarding the second sentence of Paragraph 85, NY Doe 2 admits there is a protective order in

place covering the Defendants involved in this litigation.  Except as so stated, NY Doe 2 denies the allegations of the second sentence.

86.     Paragraph 86 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 86 addresses claims that have not been dismissed, Paragraph 86 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87.     Paragraph 87 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 87 addresses claims that have not been dismissed, Paragraph 87 contains legal conclusions and legal argument to which no response is required.  To the extent these legal conclusions and legal arguments can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 87.

### CLAIM III

### Civil Conspiracy

88.     NY Doe 2 repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

89.     Paragraph 89 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 89 addresses claims that have not been dismissed, Paragraph 89 contains legal conclusions to which

no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90.     Paragraph 90 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 90 addresses claims that have not been dismissed, Paragraph 90 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 90 purports to quote one or more documents, the documents themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 90.

91.     Paragraph 91 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 91 addresses claims that have not been dismissed, Paragraph 91 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 91.

92.     Paragraph 92 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 92 addresses claims that have not been dismissed, Paragraph 92 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of

fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 further denies that no evidence of any kind of misconduct exists because Plaintiff never sexually harassed anyone and/or created a hostile work environment while employed with CP&B.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 92.

93.     Paragraph 93 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 93 addresses claims that have not been dismissed, Paragraph 93 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 93.

94.     Paragraph 94 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 94 addresses claims that have not been dismissed, Paragraph 94 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 94.

95.     Paragraph 95 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 95 addresses claims that have not been dismissed, Paragraph 95 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of

fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

96.      Paragraph 96 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 96 addresses claims that have not been dismissed, Paragraph 96 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

### CLAIM IV

### Tortious Interference with Contract

97.      NY Doe 2 repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

98.      NY Doe 2 admits that, in January 2018, she knew Plaintiff was employed with CP&B in its Boulder, Colorado office.  Paragraph 98 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99.      Paragraph 99 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 99 describes one or more documents or Instagram

posts made by DMA, the documents or posts themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 99.

100.    With respect to the allegations in the first and fourth sentences of Paragraph 100, NY Doe 2 denies them, except to the extent those sentences contain legal conclusions to which no response is required.  With respect to the second sentence of Paragraph 100, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations.  With respect to the third sentence of Paragraph 100, NY Doe 2 denies that she unexpectedly kissed Plaintiff without his consent.  To the extent the third sentence of Paragraph 100 references documentation of disciplinary action by or communications with CP&B, the documents and communications themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the remaining allegations in the third sentence of Paragraph 100.

101.    Paragraph 101 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact, NY Doe 2 denies the allegations of Paragraph 101.  To the extent Paragraph 101 references "corroborating evidence" CP&B or DMA allegedly failed to provide to Plaintiff, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    Paragraph 102 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 102.

103.    Paragraph 103 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 103.

104.    Paragraph 104 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 104.

105.    Paragraph 105 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 105.

**CLAIM V**

**Tortious Interference with Prospective Economic Advantage**

106.    NY Doe 2 repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

107.    Paragraph 107 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 107 addresses claims that have not been dismissed, NY Doe 2 admits that in January 2018, she knew Plaintiff was employed with CP&B in its Boulder, Colorado office.  Paragraph 107 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.

With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 107.

108.    Paragraph 108 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent that Paragraph 108 addresses claims that have not been dismissed, Paragraph 108 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 108.

109.    Paragraph 109 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 109 addresses claims that have not been dismissed, Paragraph 109 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  To the extent that Paragraph 109 describes one or more Instagram posts made by DMA, the posts themselves are the best evidence of the truth of their contents.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.    Paragraph 110 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 110 addresses claims that have not been dismissed, Paragraph 110 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY

Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 110.

111.    Paragraph 111 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 111 addresses claims that have not been dismissed, Paragraph 111 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 111.

112.    Paragraph 112 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 112 addresses claims that have not been dismissed, Paragraph 112 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 112.

113.    Paragraph 113 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 113 addresses claims that have not been dismissed, Paragraph 113 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 113.

114.    Paragraph 114 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 114 addresses claims that have not been dismissed, Paragraph 114 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 114.

115.    Paragraph 115 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 115 addresses claims that have not been dismissed, Paragraph 115 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 115.

## CLAIM VI

### Negligent Interference with Prospective Economic Advantage

116.    NY Doe 2 repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

117.    Paragraph 117 references claims that have been dismissed and statements upon which those dismissed claims were based and therefore no response is required.  To the extent Paragraph 117 addresses claims that have not been dismissed, NY Doe 2 admits that in January 2018, she knew Plaintiff was employed with CP&B in its Boulder, Colorado office.  Paragraph 117 contains legal conclusions to which no response is required.  To the extent these legal

conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them. With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 117.

118.    Paragraph 118 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 118 addresses claims that have not been dismissed, Paragraph 118 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 118.

119.    Paragraph 119 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 119 addresses claims that have not been dismissed, Paragraph 119 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 119.

120.    Paragraph 120 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 120 addresses claims that have not been dismissed, Paragraph 120 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  NY Doe 2 further denies that Plaintiff was involved in no acts of sexual impropriety.  With respect to the remaining allegations, NY Doe 2

denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 120.

121.    Paragraph 121 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 121 addresses claims that have not been dismissed, Paragraph 121 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to Plaintiff's involvement in any settlement, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 121.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.    Paragraph 122 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 122 addresses claims that have not been dismissed, Paragraph 122 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 122.

123.    Paragraph 123 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 123 addresses claims that have not been dismissed, Paragraph 123 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY

Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 123.

124.    Paragraph 124 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 124 addresses claims that have not been dismissed, Paragraph 124 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 124.

125.    Paragraph 125 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 125 addresses claims that have not been dismissed, Paragraph 125 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126.    Paragraph 126 references claims that have been dismissed and statements upon which those claims were based and therefore no response is required.  To the extent Paragraph 126 addresses claims that have not been dismissed, Paragraph 126 contains legal conclusions to which no response is required.  To the extent these legal conclusions can be construed as allegations of fact regarding NY Doe 2, NY Doe 2 denies them.  With respect to the remaining allegations, NY Doe 2 otherwise denies knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 126.

## PRAYER FOR RELIEF

NY Doe 2 admits that Plaintiff seeks relief, but denies that any relief requested in the prayer for relief and its subparts (1) – (8) should be granted.  NY Doe 2 also denies any other allegations contained in the prayer for relief.

## JURY DEMAND

NY Doe 2 requests a trial by a jury of twelve as to all issues so triable.

## <u>DEFENSES AND AFFIRMATIVE DEFENSES</u>

### FIRST DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statute of limitations.

### SECOND DEFENSE

Plaintiff's claims are barred, in whole or in part, because they fail to state a claim upon which relief can be granted.

### THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory words are nonactionable opinion.

### FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the allegedly defamatory words are true in substance and in fact.

### FIFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the Plaintiff's reputation is so diminished that the Plaintiff is libel-proof.

## SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because NY Doe 2 did not have the requisite level of fault (*i.e.*, actual malice, common law malice, or gross irresponsibility).

## SEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the common-interest privilege or other qualified or absolute privileges.

## EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because no valid contract existed between the Plaintiff and the performer in question; NY Doe 2 had no knowledge of the existence of the Plaintiff's contract, nor did NY Doe 2 intend to induce its breach; NY Doe 2 did not induce any breach resulting in actual injury to the Plaintiff; or any injury sustained by the Plaintiff was not proximately caused by NY Doe 2's allegedly wrongful conduct.

## NINTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's conduct was the sole cause of any breach of contract or Plaintiff failed to substantially perform under the relevant contract(s).

## TENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff suffered no damages as a result of the alleged conduct of NY Doe 2.  Any alleged damages suffered by Plaintiff are the result of his own conduct or omissions.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of NY Doe 2 was justified in that it was performed in the exercise of an equal or superior right.

### TWELFTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged conduct of NY Doe 2 was justified in that it was performed to protect an economic self-interest.

### THIRTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by Plaintiff's unclean hands.

### FOURTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this is an action involving public petition and participation, in that the claims are based on communications by NY Doe 2 in a place open to the public or a public forum in connection with an issue of public interest; or other lawful conduct by NY Doe 2 in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition, within the meaning of N.Y. Civ. Rights Law § 70-a.

### FIFTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because this is an action involving public petition and participation for which actual malice must be proven pursuant to N.Y. Civ. Rights Law § 70-a.

### RESERVATION OF RIGHTS

NY Doe 2 reserves the right to amend and/or supplement this Answer, including, without limitation, to assert additional applicable defenses.

### NY DOE 2'S COUNTERCLAIM AGAINST RALPH M. WATSON

Defendant-Counterclaim Plaintiff NY Doe 2, by and through her undersigned attorneys, brings this counterclaim against Plaintiff-Counterclaim Defendant Ralph M. Watson, seeking judgment in her favor and attorneys' fees and costs pursuant to N.Y. Civil Rights Law § 70-a and §76-a.  In support thereof, she alleges the following:

**INTRODUCTION**

1.   ████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

2.   On October 15, 2017, ████████████████████████████

████, actor Alyssa Milano tweeted, "If you've been sexually harassed or assaulted write 'me too'

as a reply to this tweet."[2]  This tweet, along with news reports about Harvey Weinstein, sparked a

national and global discussion about sexual harassment and sexual assault, colloquially called the

#MeToo movement.  In the advertising industry, an anonymous Instagram account called Diet

Madison Avenue ("DMA") began collecting and posting reports about sexual abuse and

discrimination at advertising agencies.

3.   NY Doe 2 reported her experiences with Mr. Watson to both DMA and her former

employer, CP+B.  She did so in the interest of protecting other women in the advertising industry

from sexual harassment, discrimination, and sexual assault.  NY Doe 2 has a First Amendment

right to engage in free speech about these issues of paramount public interest, including, but not

limited to, free speech about sexual harassment, discrimination, and abuse in the workplace and

advertising industry.

4.   On the basis of, and in an attempt to quell, this constitutionally protected speech on

issues of public interest, as well as for other improper purposes, Mr. Watson brought this action

---

[2]   Alyssa   Milano   (@Alyssa_Milano),   Twitter   (Oct.   15,   2017,   4:21   PM),
https://twitter.com/alyssa_milano/status/919659438700670976.

against NY Doe 2 (and numerous others) for defamation and tortious interference with contract—as well as for several other claims that have been dismissed by the Court.

5.      Anti-SLAPP laws give civil defendants procedural and substantive tools to defend against so-called "Strategic Lawsuits Against Public Participation" ("SLAPP")—lawsuits targeting the defendant's freedom of speech.  In November 2020, New York State amended its anti-SLAPP law to expand the definition of a SLAPP action to include any action concerning: "(1) any communication in a place open to the public or a public forum in connection with an issue of public interest; or (2) any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition."  N.Y. Civ. Rights Law § 76-a(1)(a).  The amended statute specifies that "'[p]ublic interest' shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).  Indeed, anti-SLAPP bill sponsor Senator Brad Hoylman explained that the amendment was enacted, in part, to prevent "survivors of sexual abuse" from "being dragged through the courts on retaliatory legal challenges solely intended to silence them"—precisely what Mr. Watson has done to NY Doe 2 for nearly three years.[3]

6.      Under the anti-SLAPP statute, a plaintiff bringing a SLAPP action may recover only if he or she establishes "by clear and convincing evidence that any communication which gives rise to the action was made with knowledge of its falsity or with reckless disregard of whether it was false, where the truth or falsity of such communication is material to the cause of action at issue," N.Y. Civ. Rights Law § 76-a(2); or, in other words, if he or she establishes by clear and

---

[3] Press Release, New York State Legislature, Senate and Assembly Majorities Advance Anti-SLAPP Legislation to Protect Free Speech (July 22, 2020), https://nyassembly.gov/Press/files/20200722a.php.

convincing evidence that the communication was made with what the Supreme Court in *New York Times v. Sullivan* termed "actual malice," 376 U.S. 254, 279–80 (1964).

7.      The anti-SLAPP statute not only heightens the plaintiff's burden of proof, but also allows the defendant to recover attorneys' fees and costs incurred in defending the SLAPP action upon a demonstration that the plaintiff's SLAPP action was "commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law."  N.Y. Civ. Rights Law § 70-a(1)(a).

8.      Mr. Watson's lawsuit against NY Doe 2 is a quintessential SLAPP action.  NY Doe 2 was one of perhaps hundreds of thousands of women engaged in a national discussion about sexual harassment and violence against women in the workplace and in society writ large.  Mr. Watson has used the powerful tools of litigation to threaten, harass, and intimidate NY Doe 2 for her free speech on these issues of public interest, by commencing and continuing this action without a substantial basis in fact and law.  Indeed, this Court has already thrown out a number of Mr. Watson's baseless claims against NY Doe 2.  *See* Dkt. 99.

9.      Moreover, discovery in this action has confirmed that Mr. Watson commenced this litigation based on numerous allegations that Mr. Watson knew or should have known were false *at the time of filing*.  Additionally, discovery in this action has confirmed that the material allegations Mr. Watson made against NY Doe 2 are false and that Mr. Watson has fallen far short of providing or uncovering "clear and convincing evidence" that NY Doe 2 spoke with actual malice.  But Mr. Watson nonetheless commenced and continued this retaliatory and harassing lawsuit *knowing* there exists no substantial basis in fact and law for his claims.

10.      NY Doe 2 has been forced into years of litigation all because Mr. Watson retaliated against her for exercising her First Amendment rights on these issues of public interest.  Mr.

Watson should not be permitted to weaponize the legal system to silence a survivor of his abuse from exercising free speech that he does not like.  Judgment in favor of NY Doe 2, along with an award of attorneys' fees and costs, is appropriate and necessary.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1367, because this counterclaim concerns the very same case and controversy as an action over which this Court already has original jurisdiction.

12.     Venue is proper in this District under 28 U.S.C. § 1391(b)(2) because the events giving rise to this counterclaim—namely, Mr. Watson's lawsuit against NY Doe 2—occurred in this judicial district.

## PARTIES

13.     Defendant-Counterclaim Plaintiff NY Doe 2 is an individual and citizen of the State of New York whose identity is protected by this Court's order.  *See* Dkt. 93.

14.     Plaintiff-Counterclaim Defendant Ralph M. Watson is an individual and, upon information and belief, a citizen of the State of Texas.

## FACTUAL ALLEGATIONS[4]

15.     ███████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

---

[4] As of October 8, 2021, NY Doe 2 is in the midst of meeting and conferring with Plaintiff regarding her objections to Mr. Watson's confidentiality designations of the parties' deposition transcripts and exhibits pursuant to the second protective order in this matter.  *See* Dkt. 131. Among other things, NY Doe 2 objects that Mr. Watson has strategically designated as confidential large portions of NY Doe 2's testimony.  If the parties are unable to come to a resolution, NY Doe 2 plans to seek the Court's intervention.  Because the parties have not come to an agreement regarding the portions of the deposition transcripts and exhibits that are confidential, NY Doe 2 has filed an unredacted version of this counterclaim under seal and a conservatively redacted



16.

a.

b.

c.

---

version on the public docket.  NY Doe 2 will move to unseal the counterclaim following resolution of the confidentiality disputes.

17. ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

18. ██████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████

19. ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
█████████████████████

20. ███████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████████████████████████████
███████████████████████

21. ███████████████████████████████████████████
███████████████████████████████████████████████



22. ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

23. ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

███████████████████████████████████

24. ███████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████

[5] ████████████████████████████████████████

25. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

26. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████

27. ████████████████████████████████

28. ████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████████

████████████████████████████████████████████

29. ████████████████████████████████████████████

████████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████████████████████████

30.     ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████

31.     ████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

████████████████

32.     On January 17, 2019, Mr. Watson brought the instant suit in the U.S. District Court for the Southern District of New York against NY Doe 2—as well as NY Doe 1, NY Doe 3, NY Doe 4, Illinois Doe 1, Doe Company, and Does 1 through 50—alleging defamation, intentional infliction of emotional distress, civil conspiracy, tortious interference with contract, tortious interference with prospective economic advantage, and negligent interference with prospective economic advantage, again seeking not less than $10 million in damages.  Compl., Dkt. 1.  Mr. Watson later amended his complaint to add another fifty unknown Doe defendants.  *See* Am. Compl., Dkt. 47.

33.     After filing suit against NY Doe 2, Mr. Watson, by and through his attorney, threatened to publicly reveal NY Doe 2's identity if she did not accede to various demands.  On June 20, 2019, during a meet and confer, Mr. Watson's counsel said he would reveal NY Doe 2's name publicly if NY Doe 2 did not provide Mr. Watson a written statement or affidavit concerning allegations in Mr. Watson's Complaint.  *See* Dkt. 31 at 1–2.  The next day, Mr. Watson's counsel emailed NY Doe 2's counsel and threatened that if NY Doe 2 did not waive her argument regarding improper service, Mr. Watson would file a proof of service revealing NY Doe 2's name and home address on the public docket.  *See* Dkt. 31 at 2.  The day after these threats were brought to this Court's attention, this Court issued an order prohibiting the parties from disclosing the identity or contact information of certain defendants, including NY Doe 2.  Dkt. 34.

34.     In his amended complaint, filed on July 19, 2019, Dkt. 47, Mr. Watson made materially false allegations to this Court, including but not limited to:

a.      "***Despite Plaintiff having a history of no complaints of sexual impropriety against him***, Gendel, MDC and CP+B instead conducted a sham investigation in under 3 or 4 days with the outcome already determined."  Dkt. 47 ¶ 34 (emphasis added).  ▮

███████████████████████████████████████████████████████

███████████████████████████████████████████

b.      "In  addition,  ***Plaintiff  has  never  been  interviewed  as  part  of  any***
***investigation***, has never seen any investigation file against him, and has not been provided
with  any  admissible,  much  less  credible,  evidence  to  support  a 'for  cause' termination."
Dkt.  47  ¶  37  (emphasis  added).  ████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████

c.      "Other than his wrongful termination from CP+B, ***Plaintiff has never been***
***disciplined for any type of improper behavior, including sexual harassment and/or for***
***creating  a  hostile  work  environment***, at any employer at any time. . . ."   Dkt.  47  ¶  33
(emphasis  added).  ████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

██████████████████████████████████████████████

d.      "[N]o one from DMA has provided even a scintilla of evidence supporting
any  allegations  of  harassment  or  other  sexual  misconduct,  because  ***no  such  evidence***
***exists***."   Dkt.  47  ¶  37  (emphasis  added).  ██████████████████████

███████████████████████████████████████████████████████

███████████████████████████████████████████████████████

35.      ████████████████████████████████████████████

██████████████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████

36.   ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████

37.   ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

███████████

38.   ████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████████████████████████

██████████████████████████████████

██████████████████████████████████

██

39.     Mr. Watson has made allegations to and brought claims in this Court that lack any factual or legal basis, for the purpose of using the levers of litigation to silence NY Doe 2's First Amendment-protected speech and to harass and punish her for it.

## CAUSE OF ACTION
### Anti-SLAPP Action under N.Y. Civ. Rights Law § 70-a and § 76-a

40.     NY Doe 2 repeats and incorporates herein by reference the allegations of Paragraphs 1 through 39.

41.     Mr. Watson's lawsuit against NY Doe 2 is an "action involving public petition and participation" (a SLAPP action) under N.Y. Civ. Rights Law § 76-a(1)(a), which was recently amended.

42.     A defendant in a SLAPP action may bring a counterclaim to recover damages, "including costs and attorney's fees, from any person who commenced or continued such action." *Id.* § 70-a(1).

43.     Each and every statement and any conduct on which Mr. Watson's lawsuit against NY Doe 2 is based—including, without limitation, any communication by NY Doe 2 to CP+B personnel, including Ms. Jensen, and any communication by NY Doe 2 to DMA (or any member thereof)—constitutes a communication in a place open to the public or a public forum in connection with an issue of public interest; or other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest, or in furtherance of the exercise of the constitutional right of petition. *Id.* § 76-a(1)(a).

44.    NY Doe 2 exercised her constitutional right of free speech in connection with issues of paramount public interest including, without limitation, sexual harassment, discrimination, sexual assault in the workplace and advertising industry, and protecting women from harassment and abuse.

45.    The sole quoted remaining statement in the Amended Complaint on which Mr. Watson's lawsuit against NY Doe 2 is based—"Gloves are off. I don't care if the industry knows he raped me"—was First Amendment-protected speech, or lawful conduct in furtherance thereof, by NY Doe 2 in connection with one or more issues of public interest, including sexual harassment, discrimination, and sexual assault in the workplace and advertising industry, and protecting women from harassment and abuse, as well as the ways in which perpetrators of sexual harassment and abuse use fear of public exposure to intimidate their victims into silence.  *Id.* § 76-a(1)(a)(2). Moreover, NY Doe 2's "Gloves are off" statement was published on the DMA Instagram account, making it a communication in a place open to the public or a public forum in connection with one or more issues of public interest.  *Id.* § 76-a(1)(a)(1).

46.    Mr. Watson commenced his lawsuit against NY Doe 2 without substantial basis in fact and law.  *Id.* § 70-a(1)(a).

47.    Mr. Watson continued his lawsuit against NY Doe 2 without substantial basis in fact and law.  *Id.* § 70-a(1)(a).

48.    Mr. Watson's lawsuit cannot be supported by a substantial argument for the extension, modification, or reversal of existing law.  *Id.* § 70-a(1)(a).

49.    Mr. Watson will be unable to prove by clear and convincing evidence that NY Doe 2 made any statement with actual malice.  *Id.* § 76-a(2).

50.     As such, NY Doe 2 is entitled to the remedies and relief afforded by N.Y. Civ. Rights Law § 70-a(1)(a).

## **PRAYER FOR RELIEF**

WHEREFORE, Defendant-Counterclaim Plaintiff NY Doe 2 respectfully requests that this Court:

A.  Enter judgment in favor of NY Doe 2 and against Plaintiff-Counterclaim Defendant Ralph M. Watson;

B.  Dismiss all remaining and operative claims against NY Doe 2 in the First Amended Complaint with prejudice;

C.  Award NY Doe 2 costs and expenses, including attorney and expert fees; and

D.  Grant such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         October 8, 2021

Respectfully Submitted,

*/s/* Laura P. MacDonald

Laura P. MacDonald
Rémi J.D. Jaffré
Susanna D. Evarts
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Tel.: (212) 891-1600
LMacDonald@jenner.com
RJaffre@jenner.com
SEvarts@jenner.com

*Counsel for Defendant NY Doe 2*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2021, I electronically filed the foregoing with the Clerk

of Court, to be served on all parties of record via the CM/ECF system.

/s/ Laura P. MacDonald

Laura P. MacDonald
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Tel.: (212) 891-1600
LMacDonald@jenner.com

*Counsel for Defendant NY Doe 2*