# LAW OFFICES OF MICHAEL W. AYOTTE

**VIA ECF**

The Honorable John G. Koeltl  October 18, 2021
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Courtroom 14A
New York, NY 10007-1312

      Re:    <u>Watson v. NY DOE 2, et al. (1:19-cv-00533-JGK)</u>
               <u>Request to Retract or Permanently Seal ECF 207 & 208 and Publicly File</u>
               <u>Amended Proposed Sealed Documents</u>

Dear Judge Koeltl,

      I represent the Plaintiff and Counterclaim Defendant ("Plaintiff") in this matter. This letter motion is made pursuant to Your Honor's Individual Practices, Section VI.A.1-2. On October 11, 2021, I electronically filed Plaintiff's Memorandum of Law and Declaration with Exhibits in Support of his Motion to Dismiss Defendant and Counterclaimant Illinois Doe 1's Counterclaim. ECF 207, 208 (Public), and 209, 210 (Selected Parties). On October 12th, counsel for NY Doe 2 notified me of several potential problems with the publicly filed documents and requested further redactions to ECF 207 and 208. The Court Clerk was notified of the issue and provisionally sealed both filings in their entirety.

      After meeting and conferring on these confidentiality issues with counsel for NY Doe 2, Plaintiff is now seeking an order from the Court to allow the public filing of the following proposed sealed documents. These proposed sealed documents are narrowly tailored to balance the requirements of the two protective orders in this case, and a third protective order in the related JAMS Arbitration, with the public's right of access. *See* ECF 93 and 131 (a true and correct copy of the JAMS protective order is attached as Ex. 1). The proposed new redactions are summarized below:

      a.    Redaction of the inadvertent disclosure of NY Doe 2's first name in Plaintiff's Memorandum of Law (ECF 207 & 209, pp. 17-18);

      b.    Redaction of sworn testimony of Anonymous Nonparty Witness 1 ("ANW1") that has been provisionally deemed confidential by the Court pending her motion for a protect order to maintain her anonymity (ECF 186-187; *see* ECF 207 & 209, pp. 17-18; ECF 208 & 210, Ex. J (JAMS Witness Statement of ANW1) and Ex. K (Deposition testimony of ANW1 in this action);[1]

---

[1] The parties disagree on the extent of these proposed redactions. Because the pending protective order only seeks to protect ANW1's identity and contact information, Plaintiff contends the (cont. below)

## Law Offices of Michael W. Ayotte

    c.       Complete redaction of third-party discovery from Plaintiff's ex-employer, CP+B, in the confidential JAMS Arbitration that is subject to a protective order in that proceeding (ECF 208 & 210, Ex. C (January 25, 2018 notes from CP+B's interview of NY Doe 2's that led to Plaintiff's termination) and Ex. L (February 23, 2017 notes from CP+B interview of Plaintiff).[2]

Based on the above, Plaintiff respectfully requests that the Court order the Clerk to retract the previously filed documents (ECF 207 and 208), or in the alternative, order those two filings to remain sealed in their entirety. Plaintiff further requests that the Court order that the proposed amended filings, with the new redactions, be made open to the public.

Respectfully submitted,

s/ Michael W. Ayotte

_____

*Michael W. Ayotte*
Law Offices of Michael W. Ayotte
2629 Manhattan Avenue, Suite 144
Hermosa Beach, CA 90254
Telephone: (310) 343-1864
Email: mayotte@clientfirstlegalsolutions.com
Attorneys for Plaintiff and Counterclaim Defendant
RALPH M. WATSON

cc: All counsel of record via ECF

---

testimony should be public so long as the witness's name remains protected. NY Doe 2 contends that the entire witness statement and relevant deposition testimony should be fully redacted pending the Court's ruling on ANW1's request for a protective order. Pending resolution of this issue by the Court, Plaintiff has submitted full redactions.

[2] NY Doe 2 only sought additional redactions of sensitive information about NY Doe 2 on pp. 1 and 2 of Ex. C. Plaintiff believes the entire document needs to be redacted pursuant to the JAMS Protective Order. Ex. 1. Plaintiff has submitted full redactions of Ex. C and Ex. L pending resolution by the Court.