UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RALPH M. WATSON, an individual,    Case No.:   1-19-cv-00533-JGK-DCF

                Plaintiff,

  -against-

NY DOE 2, an individual; ILLINOIS DOE 1,
an individual; DOE COMPANY, an unknown
business entity; and DOES 1 through 50,
whose true names and capacities unknown,

                Defendants.

----------------------------------------------------------X

**DEFENDANT-COUNTER CLAIMANT ILLINOIS DOE 1'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF-COUNTER DEFENDANT'S MOTION TO DISMISS COUNTERCLAIM**

GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant-Counter Claimant Illinois Doe 1*
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500

**TABLE OF CONTENTS**

Page

I. PRELIMINARY STATEMENT ............................................................................................... 1

II. FACTUAL BACKGROUND .................................................................................................. 2

III. PROCEDURAL BACKGROUND ........................................................................................... 2

IV. ANALYSIS .............................................................................................................................. 4

    A. New York's Anti-SLAPP Law ..................................................................................... 4

    B. Watson's Anti-SLAPP Motion is Procedurally Improper ........................................... 5

    C. Watson's Inclusion of Attached Exhibits is Improper .................................................. 7

    D. Illinois Doe 1's Counterclaim Adequately States a Claim Under Rule 12(b)(6) ......... 8

        1. Plaintiff Fails to Make Any Allegation of Malice as Now Required by New York Law ............................................................................................. 9

        2. Watson's Filing of the Complaint Involves Public Petition and Participation ....................................................................................................... 12

        3. Watson's Complaint Has No Substantial Basis in Law or Fact ........................ 12

V. CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*600 W. 115th St. Corp. v. Von Gutfeld*,
  80 N.Y.2d 130, 137 n.1 (1993) ............................................................................................... 4

*Abbott v. Harris Pubs., Inc.*,
  No. 97-CV-7648 (JSM), 2000 WL 913953, at *7 (S.D.N.Y. July 7, 2000) ........................... 12

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................................................ 8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ............................................................................................................ 6, 8

*Biro v. Conde Nast,*
  883 F. Supp. 2d 441 (S.D.N.Y. 2012) ................................................................................... 10

*Bose Corp. v. Consumers Union of U.S., Inc.*,
  466 U.S. 485 (1984) ................................................................................................................ 9

*Chambers v. Time Warner, Inc.*,
  282 F.3d 147 (2d Cir. 2002) .................................................................................................... 7

*Coleman v. Grand*,
  No. 18CV5663ENVRLM, 2021 WL 768167, at *8 (E.D.N.Y. Feb. 26, 2021) ..................... 12

*Contemporary Mission v. N.Y. Times Co.*,
  842 F.2d 612 (2d Cir. 1988) .................................................................................................... 9

*Corp. Training Unlimited v. NBC*,
  981 F. Supp. 112 (E.D.N.Y. 1997) ........................................................................................ 10

*Doe v. Columbia Univ.*,
  831 F.3d 46 (2d Cir. 2016) ...................................................................................................... 8

*Douglas v. New York State Adirondack Park Agency*,
  895 F. Supp. 2d 321 (N.D.N.Y. 2012) .................................................................................... 5

*Dynamic Energy Sols., LLC v. Pinney*
  387 F. Supp. 3d 176, 184 n.1 (N.D.N.Y. 2019) .................................................................. 7, 9

*Egiazaryan v. Zalmayev*,
  2013 WL 6486258, at *7, n.5 (S.D.N.Y. Dec. 11, 2013) ........................................................ 5

*Elysium Health-Chromadex Litig.*,
  No. 17 CIV. 7394 (CM), 2018 WL 4907590, at *7 (S.D.N.Y. Sept. 27, 2018) ..................... 13

*Faulkner v. Beer*,
    463 F.3d 130 (2d Cir. 2006) .................................................................................................. 8

*Goel v. Bunge, Ltd.*,
    820 F.3d 554 (2d Cir. 2016) .................................................................................................. 7

*Goldman v. Belden*,
    754 F.2d 1059 (2d Cir. 1985) ................................................................................................ 6

*Goldman v. Reddington*,
    No. 18CV3662RPKARL, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021) ...................... 12

*Guerrero v. Carva*,
    10 A.D.3d 105 (1st Dept. 2004) ............................................................................................ 4

*Hanna v. Plumer*,
    380 U.S. 460 (1965) .............................................................................................................. 5

*Hariri v. Amper*,
    51 A.D.3d 146 (1st Dept. 2008) ............................................................................................ 4

*Holmes v. Grubman*,
    568 F.3d 329 (2d Cir. 2009) .................................................................................................. 8

*Kavanagh v. Zwilling*,
    578 F. App'x 24 (2d Cir. 2014) ........................................................................................... 10

*La Liberte v. Reid*,
    966 F.3d 79 (2d Cir. 2020) .................................................................................................... 6

*Masson v. New Yorker Magazine, Inc.*,
    832 F. Supp. 1350 (N.D. Cal. 1993) .................................................................................... 10

*Southampton Day Camp Realty, LLC v. Gormon*,
    118 A.D.3d 976 (2d Dept. 2014) ........................................................................................... 4

*Tilton v. Cowles Publ'g Co.*,
    459 P.2d 8 (Wash. 1969) ..................................................................................................... 10

*Time, Inc. v. Pape*,
    401 U.S. 279, 285 (1971) .................................................................................................... 10

*Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*,
    98 F. Supp. 2d 347 (S.D.N.Y. 2000) ...................................................................................... 5

*Zurich Am. Ins. Co. v. Pillsbury Co.*,
    264 F. Supp. 2d 710 (N.D. Ill. 2003) ..................................................................................... 5

**Statutes**

Federal Rule of Civil Procedure
  Section 12(b)(6) ................................................................................... 1, 5, 6, 7, 8, 9, 11, 12, 13

Federal Rule of Civil Procedure
  Section 11 ........................................................................................................................... 1

Federal Rule of Civil Procedure
  Section 11(b) ...................................................................................................................... 1

Federal Rule of Civil Procedure
  Section 11(c)(2) .................................................................................................................. 1

Federal Rules of Civil Procedure
  Section 12 ........................................................................................................................... 6

Federal Rules of Civil Procedure
  Section 56 ........................................................................................................................... 6

N.Y. Civil Practice Law and Rules
  Section 3211(g) ................................................................................................................... 5

New York State Civil Rights Law
  Section 70-a ............................................................................................................... 1, 4, 7

New York State Civil Rights Law
  Section 70-a(1) ................................................................................................................... 4

New York State Civil Rights Law
  Section 76-a .................................................................................................................. 4, 9

I. **PRELIMINARY STATEMENT**

On August 19, 2021, Defendant Illinois Doe 1 filed an amended answer with a counterclaim against Plaintiff Ralph Watson. The counterclaim is one under New York State Civil Rights Law § 70-a *et seq.* for violation of New York's anti-SLAPP laws. Plaintiff Ralph Watson filed a request for an extension of time to file a responsive pleading, which the Court granted. (ECF Docs. 200-202).

On October 11, 2021, Plaintiff filed documents entitled "motion to dismiss" the counterclaim. (ECF Docs. 206-210). In reality, Plaintiff's motion is a convoluted motion to dismiss under Rule 12(b)(6) and an anti-SLAPP motion under New York State Civil Rights Law § 70-a. The procedural basis is muddled, but Watson ultimately moves to dismiss the counterclaim with prejudice and asks the Court to award him his attorney's fees and damages. (*See* ECF Doc. 207 at p. 20).

This Court can dispose of the motion with ease. Watson has ignored federal law that forbids an anti-SLAPP motion under New York State law, therefore, his motion must be denied as procedurally improper.[1] The only motion Watson can bring in this Court is under Federal Rule of Civil Procedure 12(b)(6). To the extent he does so here, the motion must be denied because Illinois Doe 1 sufficiently states a counterclaim.

---

[1] Watson also mentions Rule 11 multiple times. (ECF Doc. 207 at pp. 6, 7). To the extent Watson is attempting to use his motion as a vehicle for a Rule 11 motion or to ask the Court to make any Rule 11 finding, this is improper. "A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Watson has not done so, and the Rule 11 references should be disregarded.

1

## II.     FACTUAL BACKGROUND

On January 17, 2019, Plaintiff Ralph Watson filed a complaint against Illinois Doe 1, four separate New York Doe Defendants, and other Defendants. (*See* ECF Doc. 1).

As to Illinois Doe 1 specifically, Watson alleged, among other claims, defamation based on online statements by Illinois Doe 1 regarding alleged sexual harassment by Plaintiff. Watson alleges that on February 2, 2018 Illinois Doe 1 commented that "9 women reported" Plaintiff and also posted a screenshot of an Instagram story in connection with a discussion in the comments of a Facebook post about the reason for the Plaintiff's termination; and on May 25, 2018, Illinois Doe 1 shared a GoFundMe account with a comment that included the phrase "I figure [donating] is the next best thing to giving money directly to his victims."

Illinois Doe 1 and NY Does 1 through 3 moved to dismiss Watson's amended complaint. The Court granted the motion in part. (ECF Doc. 99). The Court found the defamation claim as to Illinois Doe 1 to be sufficiently pleaded as to only these specific statements: the February 2, 2018 Facebook statement and the May 25, 2018 post. (*See id.* at pp. 15-16). The allegations of defamation as to the remaining statements were dismissed. (*See id.* at p. 16). The Court also dismissed the tortious interference with contract claim, tortious interference with prospective economic advantage claim, negligent interference with prospective economic advantage claim, and civil conspiracy as brought against Illinois Doe 1. (*See id.* at pp. 25-30).

## III.    PROCEDURAL BACKGROUND

Illinois Doe 1 answered Watson's amended complaint (ECF Doc. 107), and the Court issued a Civil Scheduling Order (ECF Doc. 116). After the Civil Scheduling Order deadline for

asserting additional defenses had passed, sections of the New York State Civil Rights Law, applicable to this case, were amended by the New York State legislature.

Under the Individual Practices of this Court, "a pre-motion conference with the court is required . . . before making a motion to dismiss, *motion to amend* or a motion for summary judgment." Section II.B. (emphasis added). And under the Civil Scheduling Order, dated June 19, 2020, "No additional parties [could] be joined or cause of action asserted after October 16, 2020" and "No additional defenses [could] be asserted after October 30, 2020" "[e]xcept for good cause shown." (ECF Doc. 116 at p.1). It was in this procedural context that Illinois Doe 1, by letter motion dated June 24, 2021, requested a pre-motion conference to discuss Illinois Doe 1's intended amendment of its answer to Watson's complaint to assert additional affirmative defenses and counterclaims against Watson, under New York State's recently amended anti-SLAPP laws and the case precedent in this and other courts, permitting such amendments and claims, even retroactively. (ECF Doc. 168). Watson opposed the letter motion. (ECF Doc. 174). The next day, the Court granted the letter motion for a pre-motion conference and scheduled that conference for July 1, 2021. (ECF Doc. 176).

At that July 1, 2021 pre-motion conference, the Court granted Illinois Doe 1 leave to amend its answers to assert additional affirmative defenses and counterclaims "from the bench" without even requiring formal briefing on the leave to amend issue. The leave granted was for Illinois Doe 1 to amend its answer to assert additional affirmative defenses and counterclaims under New York State's amended anti-SLAPP laws. Illinois Doe 1 then did so. It is this counterclaim that is the subject of Watson's present motion.

## IV. ANALYSIS

### A. New York's Anti-SLAPP Law

New York State's Civil Rights Law provides certain protection from lawsuits brought against a citizen's public petition and participation, which are also known as "SLAPP" suits (strategic lawsuit against political participation). SLAPP suits are "'characterized as having little legal merit but are filed nonetheless to burden opponents with legal defense costs and the threat of liability and to discourage those who might wish to speak out in the future.'" *Hariri v. Amper*, 51 A.D.3d 146, 149 (1st Dept. 2008) (quoting *600 W. 115th St. Corp. v. Von Gutfeld*, 80 N.Y.2d 130, 137 n.1 (1993)).

The anti-SLAPP provisions of Civil Rights Law §§ 70-a and 76-a were "passed to protect citizens facing litigation arising from their public petitioning and participation." *Southampton Day Camp Realty, LLC v. Gormon*, 118 A.D.3d 976, 977 (2d Dept. 2014); *Guerrero v. Carva*, 10 A.D.3d 105, 116 (1st Dept. 2004). New York's anti-SLAPP statute permits "[a] defendant in an action involving public petition and participation" to recover costs and attorney's fees from "any person who commenced or continued such action ... upon a demonstration ... that the action involving public petition and participation was commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. C.R.L. § 70-a(1). An "action involving public petition and participation" includes any lawsuit based on "any communication in ... a public forum in connection with an issue of public interest." *Id.* § 76-a(1)(a). The statute provides that "'[p]ublic interest' shall be construed broadly, and shall mean any subject other than a purely private matter." *Id.* § 76-a(1)(d).

4

### B.      Watson's Anti-SLAPP Motion is Procedurally Improper

Watson describes the burden shifting under the anti-SLAPP rule as it applies to N.Y. Civil Practice Law and Rules ("CPLR") § 3211(g). (ECF Doc. 207 at pp. 8-9). But this is federal court. CPLR § 3211(g) cannot apply in this case; federal courts only apply the Federal Rules — not state rules of civil procedure, even where there is a conflict. *See Hanna v. Plumer*, 380 U.S. 460, 471 (1965) ("federal courts are to apply state 'substantive' law and federal 'procedural' law .... When a situation is covered by one, ... the court has been instructed to apply the Federal Rule."). Other district courts have reached this very conclusion, finding that CPLR § 3211(g) "do[es] not apply in federal court" and does not create a new basis to dismiss under Rule 12. *Douglas v. New York State Adirondack Park Agency*, 895 F. Supp. 2d 321, 361 (N.D.N.Y. 2012); *Egiazaryan v. Zalmayev*, 2013 WL 6486258, at *7, n.5 (S.D.N.Y. Dec. 11, 2013) ("[E]ven if a party had sought application of the state [anti-SLAPP motion to dismiss] standard, it is doubtful this Court would have accepted the invitation to do so.") (quoting *Zurich Am. Ins. Co. v. Pillsbury Co.*, 264 F. Supp. 2d 710, 711 (N.D. Ill. 2003) for proposition that "[t]here is no such thing as a motion to dismiss under [a state dismissal standard] in [federal] court; there are only motions to dismiss under Federal Rule 12(b)")); *see also Yeshiva Chofetz Chaim Radin, Inc. v. Village of New Hempstead*, 98 F. Supp. 2d 347, 359-60 (S.D.N.Y. 2000) (noting that state procedural rules do not apply even to state law claims in federal court, and on that basis concluding that "there is no basis for applying the [New York anti-SLAPP provisions] of the C.P.L.R. to a summary judgment motion in this federal court").

As Watson acknowledges, the anti-SLAPP statutes <u>shift the standard burden for a motion to dismiss from the moving party to the claimant</u> to "demonstrate that the cause of action has a substantial basis in fact and law." (ECF Doc. 207 At p. 9). Here, he improperly attempts to place

the burden on Illinois Doe 1 to "survive Watson's motion to dismiss." (*Id.*).  This description by Watson explains the impropriety of his attempt to use the anti-SLAPP law on an unexplained procedural basis.  Indeed, this conclusion was reached by the Second Circuit in *La Liberte v. Reid*, 966 F.3d 79, 83 (2d Cir. 2020).  There, the plaintiff Reid moved to strike La Liberte's defamation claim under California's anti-SLAPP statue.  The Second Circuit panel had to determine whether federal courts may entertain a state anti-SLAPP special motion.  It found courts could not.  The panel found the anti-SLAPP "statute is inapplicable in federal court because it increases a plaintiff's burden to overcome pretrial dismissal, and thus conflicts with Federal Rules of Civil Procedure 12 and 56." *Id.*  Federal courts should not apply the motion to strike. *See id.*

The same result applies here: Watson cannot use the state anti-SLAPP statute in an attempt to impose "circumstances under which a court must dismiss a plaintiff's claim before trial," as that "question that is already answered (differently) by Federal Rules 12 and 56." *Id.* (citation omitted).  Instead, at this stage, Illinois Doe 1's counterclaim must only survive the Rule 12(b)(6) standard, meaning it must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at a trial but merely to determine whether the complaint itself is legally sufficient." *Goldman v. Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).  In his motion, Watson is asking the Court to go far beyond this function, and his request is thus improper.

For this reason, Watson cannot bring an anti-SLAPP motion against Illinois Doe 1, and his motion must be denied on this basis.  The only motion this Court may entertain is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).[2]

---

[2] Watson does not argue there is any procedural bar to Illinois Doe 1's anti-SLAPP counterclaim. In any event, there is no such bar. While Watson may not bring an anti-SLAPP <u>motion</u> in federal court, there is no similar rule precluding

### C. Watson's Inclusion of Attached Exhibits is Improper

With his motion, Watson included a declaration by his counsel and Exhibits A through L. (ECF No. 208). This is improper.

When presented with a motion to dismiss under Rule 12(b)(6), the Court may consider documents that are referenced in the complaint, documents that the plaintiff relied on in bringing suit and that are either in the plaintiff's possession or that the plaintiff knew of when bringing suit, or matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc*., 282 F.3d 147, 153 (2d Cir. 2002). Consideration of additional materials outside the complaint is permitted only when documents are "integral" to the complaint such that "the complaint relies heavily upon its terms and effect." *Goel v. Bunge, Ltd*., 820 F.3d 554, 559 (2d Cir. 2016). This is not the case here, and Watson does not argue otherwise.

First, a declaration by Watson's counsel as to his subjective opinion as to what has been "revealed" by discovery in this matter, (ECF No. 208, at ¶ 2), is improper and irrelevant under a Rule 12(b)(6) lens, which is the only proper lens to use in considering this motion. *See Goel*, 820 F.3d at 559. Next, as to the exhibits, Exhibits A and B are the only ones that might pertain to Illinois Doe 1. Still, these exhibits are not relied on or even referenced in the counterclaim and so are not properly before this Court under the motion to dismiss standard. Watson does not argue otherwise.

Even where a document is integral to the complaint, it may be considered only if it is "clear on the record that no dispute exists regarding authenticity or accuracy of the document" and that

---

a party from bringing an anti-SLAPP claim here. In fact, the statute specifically allows it. Section 70-a provides in relevant part: "A defendant in an action involving public petition and participation, as defined in paragraph (a) of subdivision one of section seventy-six-a of this article, <u>may maintain an action, claim, cross claim or counterclaim to recover damages, including costs and attorney's fees,</u> from any person who commenced or continued such action . . . ." (emphasis added). *See also Dynamic Energy Sols., LLC v. Pinney*, 387 F. Supp. 3d 176, 184 n.1 (N.D.N.Y. 2019) (finding filing an anti-SLAPP claim as a counterclaim "is permitted by the statute" and noting it is most efficient to file such claim as a counterclaim in the original lawsuit).

"there exist no material disputed issues of fact regarding the relevance of the document." *Faulkner v. Beer*, 463 F.3d 130, 134 (2d Cir. 2006). Illinois Doe 1 objects to the authenticity and accuracy of these documents and does not concede these are accurate or authentic. Furthermore, Exhibits C through L pertain only to NY Doe 1. Therefore, these documents are not and could not be integral to Illinois Doe 1's counterclaim, and Watson does not try to explain how such exhibits are even remotely relevant here.

In sum, the declaration of counsel and attached exhibits are *not* relevant to the only issue presented by Watson's motion: Does Illinois Doe 1's counterclaim state a substantive claim under New York anti-SLAPP law as viewed through a Rule 12(b)(6) standard? Thus, Illinois Doe 1 requests the Court decline to consider all declarations and attachments to Plaintiff's motion.

**D.    Illinois Doe 1's Counterclaim Adequately States a Claim Under Rule 12(b)(6)**

Applying the correct procedural standard, the Rule 12(b)(6) motion must be denied as Illinois Doe 1 adequately states a substantive claim under New York anti-SLAPP law.

In addressing a motion to state a claim, the Court must accept "all factual allegations in the complaint as true, and draw[ ] all reasonable inferences in the [non-moving party's] favor." *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). This tenet does not apply to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. v. Twombly*, 550 U.S. 544, 570 (2007)). A court at the motion-to-dismiss "stage . . . is not engaged in an effort to determine the true facts." *Doe v. Columbia Univ.*, 831 F.3d 46, 48 (2d Cir. 2016). In deciding a Rule 12(b)(6) motion, "[t]he issue is simply whether the facts the [party] alleges, if true, are plausibly sufficient to state a legal claim." *Id.* After all,

8

"[i]f the complaint is found sufficient to state a legal claim, the opposing party will then have ample opportunity to contest the truth of the . . . allegations and to offer its own version." *Id.*

"In order to state an anti-SLAPP counterclaim, a defendant must 'identify ... the application or permit being challenged or commented on,' and his communication must have been 'substantially related to such application or permit.'" *Dynamic Energy Sols., LLC v. Pinney*, 387 F. Supp. 3d 176, 183–84 (N.D.N.Y. 2019) (citation omitted). Under the second prong, the counterclaim must also allege that the suit complained of has no "substantial basis in fact and law." *Id.* (citation omitted).

### 1. Plaintiff Fails to Make Any Allegation of Malice as Now Required by New York Law

Because Illinois Doe's statements were "lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest," Watson must show Illinois Doe 1 spoke with actual malice. N.Y. Civ. Rights Law § 76-a(1)–(2).

Watson's motion to dismiss ignores the requirement that a defamation claim requires a plausible allegation that the defendant knew and intended to communicate a defamatory meaning to meet the actual malice requirement, a new requirement retroactively applied through the amended anti-SLAPP statute to apply to this case.

At its core, the actual malice standard allows recovery of damages for defamatory statements only where the defendants make "a knowing falsehood or [have] subjective awareness of probable falsity." *Contemporary Mission v. N.Y. Times Co.*, 842 F.2d 612, 621 (2d Cir. 1988) (citations omitted). A defendant who misspeaks or fails to understand the import of what he or she has said does not knowingly lie and therefore does not publish with actual malice. *See, e.g., Bose Corp. v. Consumers Union of U.S., Inc.*, 466 U.S. 485, 512-13 (1984) (holding mere use of "malapropism" by someone who "would have to know that the term was inaccurate in context,

9

even though he did not realize his folly at the time," insufficient to establish actual malice, and observing that choice of language "reflecting a misconception … does not place the speech beyond the outer limits of the First Amendment's broad protective umbrella"); *Time, Inc. v. Pape*, 401 U.S. 279, 285, 290-92 (1971) (where reporters "admitted an awareness at the time of publication" that they had "significantly altered" the wording of a government document, "but insisted that its real meaning had not been changed" their "arguabl[e] … misconception" and "error of judgment" did not amount to actual malice); Hon. Robert D. Sack, Sack on Defamation: Libel, Slander, and Related Problems § 5:5.1[B] (5th ed. 2017).

    The actual malice standard is well-established in public-figure defamation matters, where as a matter of law, parties cannot be held liable for unknowingly making a false statement absent a showing of actual malice. *See Masson v. New Yorker Magazine, Inc*., 832 F. Supp. 1350, 1361-63 (N.D. Cal. 1993), *aff'd*, 85 F.3d 1394 (9th Cir. 1996); *see also Tilton v. Cowles Publ'g Co*., 459 P.2d 8, 18-19 (Wash. 1969); Sack § 5:5.1[B]; M. Franklin & D. Bussel, The Plaintiff's Burden in Defamation: Awareness and Falsity, 25 Wm. & Mary L. Rev. 825, 835-42 (1984).  Nor is this requirement new to this Circuit.  In *Biro v. Conde Nast*, 883 F. Supp. 2d 441, 470 (S.D.N.Y. 2012), for example, the court ruled that the meaning ascribed by the plaintiff to certain passages at issue was not actionable because "nothing in the language suggests that Defendants intended or endorsed such far-reaching implications." *See Kavanagh v. Zwilling*, 578 F. App'x 24, 25 (2d Cir. 2014) (complaint had "fail[ed] to allege that the defendants 'intended or endorsed' the n[eg]ative inference allegedly made in the press release" at issue); *Corp. Training Unlimited v. NBC*, 981 F. Supp. 112, 121 (E.D.N.Y. 1997) (granting summary judgment where there was "no evidence that the NBC employees responsible for the Broadcast were aware of knew that implication when the Broadcast was aired").

Watson's operative First Amended Complaint includes no factual or legal basis for supporting the required actual malice standard. It is Illinois Doe 1's position that Watson cannot allege any admissible evidence, much less evidence a reasonable jury could find clear and convincing, that Illinois Doe 1 knowingly stated any falsehoods or had any subjective awareness of probable falsity.[3] Illinois Doe 1's testimony is directly corroborated by admissible evidence regarding Illinois Doe 1's vetting process for corroborating stories by Diet Madison Avenue ("DMA"). Among other things, an online article on the Refinery 29 website noted the DMA process relied upon by Illinois Doe 1:

> According to the person I spoke with over Instagram messenger, the way it works is someone will DM Diet Madison Avenue with an account of harassment, and then depending on how much they are willing to disclose (some don't want to name anyone, many just want to talk), *the group then begins their "extensive" process of vetting to verify the identity and story of the person sharing with them.* (They declined to share details about the process on the record.).

(emphasis added).[4]

To manufacture a factual dispute about Illinois Doe 1's lack of awareness, Watson mischaracterizes the evidence and relies on irrelevancies. Most significantly, he repeatedly suggests that Illinois Doe 1 made little or no effort to examine the vetting of DMA before republishing. Not only is this false, this argument is procedurally premature, impermissible in a Rule 12(b)(6) motion, and contested by Illinois Doe 1. Simply put, there is no evidence in the record from which a jury could find that Watson has clearly and convincingly established that

---

[3] If the Court finds that Illinois Doe 1's counterclaim does not sufficiently allege that Watson has failed to allege malice, Illinois Doe 1 requests leave to amend its counterclaim.

[4] https://www.refinery29.com/en-us/2018/03/192252/diet-madison-avenue-instagram-account-sexual-harassment-advertising

11

Illinois Doe 1 knew that any statement of fact was false or had a subjective awareness of probable falsity. Illinois Doe 1 intends to seek to summary judgment at a later proceeding.

### 2. Watson's Filing of the Complaint Involves Public Petition and Participation

Illinois Doe 1's counterclaim is sufficiently pleaded. First, Illinois Doe 1 makes sufficient substantive allegations under the first prong of the anti-SLAPP analysis. Illinois Doe 1 challenges Watson's filing and continuation of this lawsuit. Illinois Doe 1 alleges that Watson's filing of his complaint against Illinois Doe 1 involves public petition and participation. ("Answer and Counterclaim," ECF Doc. 195, ¶ 44). Courts construe "public interest" broadly, as encompassing all but purely private matters. *Coleman v. Grand*, No. 18CV5663ENVRLM, 2021 WL 768167, at *8 (E.D.N.Y. Feb. 26, 2021). This includes "a matter of political, social, or other concern to the community," even if it does not "affect the general population." *Abbott v. Harris Pubs., Inc.*, No. 97-CV-7648 (JSM), 2000 WL 913953, at *7 (S.D.N.Y. July 7, 2000). Watson's alleged activities concern more than a purely private matter. *See Goldman v. Reddington*, No. 18CV3662RPKARL, 2021 WL 4099462, at *4 (E.D.N.Y. Sept. 9, 2021) (finding same regarding Facebook and LinkedIn posts accusing the plaintiff of sexual assault).

### 3. Watson's Complaint Has No Substantial Basis in Law or Fact

To satisfy the second prong, Illinois Doe 1 must allege Watson brought his lawsuit without a substantial basis in law and fact. *See id.* Illinois Doe 1 has done so. (ECF Doc. 195, ¶ 46). Illinois Doe 1 supports this allegation by further pleading that Watson only commenced or continued this case to halt Illinois Doe 1 from continuing to post about his conduct and to inhibit Illinois Doe 1's free exercise of speech. (*Id.* ¶¶ 32, 33, 49).

Watson's motion to dismiss under Rule 12(b)(6) should be denied. Finally, even if the Court were to consider Watson's motion as one brought under anti-SLAPP, the motion fails.

12

Because the counterclaim passes muster under Rule 12(b)(6), it is not "substantially without merit," and thus cannot be characterized as a SLAPP suit. *In re Elysium Health-Chromadex Litig.*, No. 17 CIV. 7394 (CM), 2018 WL 4907590, at *7 (S.D.N.Y. Sept. 27, 2018) (finding same).

## V. CONCLUSION

For the foregoing reasons, Illinois Doe 1 requests the Court deny Plaintiff Watson's motion in its entirety.

Dated:   New York, New York
         November 8, 2021

                                                      Respectfully Submitted,

                                                      GORDON REES
                                                      SCULLY MANSUKHANI, LLP

                                                      By: _/s/_____
                                                          A. Louis Dorny
                                                          David J. Grech
                                                          Hannah E. Brown
                                                    One Battery Park Plaza, 28th Floor
                                                    New York, New York 10004
                                                    Tel: (212) 269-5500
                                                    Fax: (212) 269-5505
                                                    Email: ldorny@grsm.com
                                                           dgrech@grsm.com
                                                           hbrown@grsm.com
                                                    *Attorneys for Defendant-Counterclaimant*
                                                   *Illinois Doe 1*

TO:   All attorneys of Record *via* ECF