919 THIRD AVENUE NEW YORK, NY 10022-3908

JENNER&BLOCK LLP

June 21, 2023

Laura P. MacDonald
Tel +1 212 891 1696
lmacdonald@jenner.com

**VIA ECF**

Hon. John G. Koeltl
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Watson v. Doe 1, et al.*, Case No. 1:19-cv-00533 (JGK)

Dear Judge Koeltl:

  We represent Defendant-Counterclaimant NY Doe 2 ("NY Doe 2") in the above-captioned action. We write to notify the Court of the New York Court of Appeals' recent decision in *Gottwald v. Sebert*, __ N.E.3d __, 2023 WL 3959051 (N.Y. June 13, 2023), regarding the retroactive application of the 2020 amendments to New York's anti-SLAPP statute, *see* N.Y. Civil Rights Law §§ 70-a & 76-a. As the Court is aware, Plaintiff-Counterclaim-Defendant Ralph Watson ("Watson") has filed a motion to dismiss (the "Motion") NY Doe 2's counterclaim brought under N.Y. Civil Rights Law § 70-a, and the Motion has been fully briefed since January 2022. *See* Dkts. 221–223, 237–238. Although the Motion does not raise any arguments regarding retroactivity, *Gottwald* further confirms that NY Doe 2 may maintain her counterclaim based on Watson's "continuation of [this] action beyond the effective date of the [2020 anti-SLAPP] amendments." 2023 WL 3959051, at *6.

  As explained in NY Doe 2's opposition to the Motion, in November 2020 New York amended its anti-SLAPP statute to broaden the definition of "action involving public petition and participation," *i.e.* actions covered by the statute. *See* Dkt. 236 at 4. The defendant in *Gottwald*, the singer Kesha, subsequently sought to assert a counterclaim against the plaintiff, the music producer Dr. Luke, under § 70-a, on the theory that Dr. Luke had commenced and continued the action without a substantial basis in fact and law. The Appellate Division held that Kesha could not assert the counterclaim because the expanded definition of actions covered by the anti-SLAPP statute did not apply retroactively to cases pending at the time of the amendments. *Gottwald v. Sebert*, 165 N.Y.S.3d 38 (1st Dep't 2022). The Court of Appeals reversed, however, holding that "[t]here is no retroactive effect when [§ 70-a is] applied, according to [its] terms, to the continuation of the action beyond the effective date of the amendments." 2023 WL 3959051, at *6.

  In this case, Watson has never argued, in his Motion or elsewhere, that retroactivity principles bar NY Doe 2 from asserting a counterclaim under § 70-a. Nevertheless, any such

argument would fail because, as in *Gottwald*, Watson has "continued" this action past the effective date of the 2020 amendments to the anti-SLAPP statute.  For these reasons and those stated in NY Doe 2's opposition to the Motion, the Court should deny the Motion.

    We thank the Court for its attention to these matters.

Sincerely,

*/s/ Laura P. MacDonald*

Laura P. MacDonald


cc:    All counsel of record via ECF