```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
―――――――――――――――――――――――――――――

RALPH M. WATSON,

                Plaintiff,        19-cv-533 (JGK)
                                          21-cv-4304 (JGK)

     - against -

                                              MEMORANDUM OPINION &
NY DOE 1, ET AL.,                            ORDER

                Defendants.

―――――――――――――――――――――――――――――

**JOHN G. KOELTL, District Judge:**

    The plaintiff Ralph M. Watson timely objects to the April 15, 2022 Order of Magistrate Judge Debra C. Freeman, No. 19-cv-533, ECF No. 239, granting non-party Diet Madison Avenue ("DMA") Doe's motion to quash a subpoena served on non-party GoFundMe, Inc. ("GoFundMe"), No. 21-cv-4304, ECF No. 1.[1]

    "As to a nondispositive matter, the district judge . . . must consider timely objections and modify or set aside any part of the magistrate judge's order that is clearly erroneous or is contrary to law."[2] Arista Recs., LLC v. Doe 3, 604 F.3d 110, 116 (2d Cir. 2010) (citing Fed. R. Civ. P. 72(a)). "A motion to quash a subpoena in an action seeking relief other than production of the subpoenaed information is not normally a dispositive motion." Id.

―――――――――――――――

[1] The plaintiff did not object to the Magistrate Judge's Order that quashed a subpoena that he served on Alphabet, Inc. See No. 19-cv-533, ECF No. 240 at 5 n.2.

[2] Unless otherwise noted, this Memorandum Opinion & Order omits all alterations, citations, footnotes, and internal quotation marks in quoted text.

An order "is clearly erroneous only when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed," and an order is "contrary to law when it fails to apply or misapplies relevant statutes, case law or rules of procedure." Surles v. Air France, 210 F. Supp. 2d 501, 502 (S.D.N.Y. 2002). "Under this highly deferential standard, magistrate judges are afforded broad discretion in resolving nondispositive disputes," such as discovery disputes, and "reversal is appropriate only if their discretion is abused." Williams v. Rosenblatt Sec., Inc., 236 F. Supp. 3d 802, 803 (S.D.N.Y. 2017). "The party seeking to overturn a magistrate judge's decision thus carries a heavy burden." U2 Home Ent., Inc. v. Hong Wei Int'l Trading Inc., No. 04-cv-6189, 2007 WL 2327068 at *1 (S.D.N.Y. August 13, 2007).

The Court -- after carefully considering the plaintiff's objections -- concludes that the Magistrate Judge's Order was not clearly erroneous or contrary to law. As the Magistrate Judge correctly found, the plaintiff failed to show that his need to identify DMA Doe through the subpoena on GoFundMe outweighs DMA Doe's right to anonymity under the First Amendment. For the reasons set forth below, the plaintiff's objections, No. 19-cv-533, ECF No. 240, are **overruled**. The motion to quash the plaintiff's subpoena is **granted**. No. 21-cv-4304, ECF No. 1.

I.

In January 2018, an anonymous post on an Instagram account accused the plaintiff, Ralph M. Watson, of sexual misconduct. See Am. Compl. ¶ 21, No. 19-cv-533, ECF No. 47. The plaintiff alleges that he was terminated from his position at the advertising agency Crispin, Porter & Bogusky ("CP+B") as a result of the accusation. See id. ¶ 30. The Instagram account was run by "Diet Madison Avenue" ("DMA"), an anonymous internet group whose stated purpose is to "expos[e] sexual harassment and discrimination in ad agencies . . . ." Id. ¶ 14.

On May 22, 2018, the plaintiff brought an action in the Los Angeles, California Superior Court for defamation and related torts against DMA and alleged affiliated individuals. See id. ¶ 43; see also Ralph M. Watson v. Diet Madison Avenue, No. BC707278 (Cal. Super. Ct. filed May 22, 2018). In response to the action, an unknown individual or individuals created a GoFundMe campaign to fundraise for the legal defense of DMA members, titled the "Diet Madison Avenue Legal Defense." See Pl's Obj. 3, ECF No. 240.

On January 17, 2019, the plaintiff filed an action in this Court against certain individuals, alleging defamation and other common law torts in connection with the allegations of workplace sexual misconduct made against him. DMA Doe is not a defendant in this action. See Am. Compl. ¶¶ 4-10. DMA itself is also not a

3

defendant in this action, although some of the defendants were or were alleged to be members of DMA. See id. passim. On February 11, 2020, this Court dismissed the plaintiff's claims, including his civil conspiracy claim, except for certain defamation claims against Illinois Doe 1 and NY Doe 2 and a tortious interference with contract claim against NY Doe 2. ECF No. 99; see also Watson v. NY Doe 1, 439 F. Supp. 3d 152 (S.D.N.Y. 2020).

On January 8, 2021, the plaintiff issued a subpoena to GoFundMe. No. 21-cv-4304, Mot. Quash Ex. A, ECF No. 1-2. The subpoena sought to require GoFundMe to produce: "All information, including identifying information, of any person(s) who created the GoFundMe account 'Diet Madison Avenue Legal Defense[,]' . . . including but not limited to . . . [n]ame(s) of all person(s) that created, maintained, and/or received funds from the account[.]" Id. It also sought the addresses, email addresses, phone numbers, and internet protocol addresses for such persons. Id. DMA Doe claims that the information sought would tend to reveal DMA Doe's identity, whether or not DMA Doe played any role in the creation of any allegedly defamatory posts. Doe Decl., ECF No. 1-13. The plaintiff seeks to use the identifying information yielded by the GoFundMe subpoena to pursue his defamation claims in this Court. See Pl. Obj. 9, No. 19-cv-533, ECF No. 240.

4

On February 9, 2021, DMA Doe filed in the United States District Court for the Southern District of California a motion to quash the GoFundMe subpoena. On May 11, 2021, the California court transferred the motion to this Court. No. 21-cv-4304, ECF No. 15. On June 8, 2021, this Court referred the matter to Magistrate Judge Freeman. ECF No. 18. On April 15, 2022, the Magistrate Judge granted DMA Doe's motion to quash the GoFundMe Subpoena. The plaintiff now objects.

## II.

The Supreme Court has recognized that the First Amendment protects anonymous speech. See Buckley v. Am. Const. Law Found., 525 U.S. 182, 200 (1999); McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 357 (1995). And that protection extends to the internet. See Reno v. ACLU, 521 U.S. 844, 870 (1997).

Accordingly, courts have found that a subpoena that would identify an anonymous speaker raises First Amendment concerns. See NAACP v. Alabama ex rel. Patterson, 357 U.S. 449, 462 (1958) (in which the Supreme Court held that a discovery order requiring the NAACP to disclose its membership list violated NAACP members' First Amendment rights to freedom of assembly.); NLRB v. Midland Daily News, 151 F.3d 472, 475 (6th Cir.1998) (in which the Sixth Circuit Court of Appeals declined to enforce a subpoena duces tecum because it violated an anonymous advertiser's First Amendment rights).

5

When deciding whether to quash a subpoena seeking information identifying an anonymous internet user, courts evaluate whether the subpoena would infringe upon the individual's right to anonymous speech under the First Amendment. More specifically, courts in this Circuit consider the five factors developed in Sony Music Entertainment Inc. v. Does 1-40, 326 F. Supp. 2d 556 (S.D.N.Y. 2004), adopted by the Second Circuit Court of Appeals in Arista Recs., LLC v. Doe 3:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, . . . (2) the specificity of the discovery request, . . . (3) the absence of alternative means to obtain the subpoenaed information, . . . (4) the need for the subpoenaed information to advance the claim, . . . and (5) the objecting party's expectation of privacy.
>
> Arista Recs., 604 F.3d at 119 (citing Sony, 326 F. Supp. 2d at 564–65).

### III.

The plaintiff objects to the Magistrate Judge's April 15, 2022 Order applying the five-factor Sony test and finding that the plaintiff failed to satisfy any of the five factors to show that his need for information identifying DMA Doe outweighed DMA Doe's right to anonymity under the First Amendment. The Court addresses each of the objections in turn.

### A.

First, the plaintiff argues that he made a "concrete showing of a prima facie claim of actionable harm[.]" Sony, 326

6

F. Supp. 2d at 564. However, the Magistrate Judge correctly found that he did not.

The plaintiff's objections allude to two possible claims that might be suggested by the information provided by the subpoena. The first is a conspiracy claim, but this Court already dismissed the plaintiff's conspiracy claims against all defendants in this case. See Watson, 439 F. Supp. 3d at 168; see also July 7, 2021 Conference Tr. 88-91, No. 19-cv-533, ECF No. 180. Yet, in his objection, the plaintiff tries to raise a conspiracy claim again. Because the Court found that false allegations of rape by NY Doe 2 would be defamatory per se, the plaintiff argues, claims against DMA Doe would also be actionable. See Pl.'s Obj. 6. However, there are no plausible allegations as to why a person involved in founding or receiving funds from the GoFundMe account would be in a conspiracy with NY Doe 2. Indeed, the specific defamatory statements allegedly made by NY Doe 2 were not made on the GoFundMe internet site. Watson, 439 F. Supp. 3d at 162-63. Accordingly, this first claim raised by the plaintiff is not "a concrete showing of a prima facie claim of actionable harm." Sony, 326 F. Supp. 2d at 564.

The plaintiff has also failed to allege a specific defamation claim that would be uncovered through the subpoena. And, indeed, any new claim of defamation would be barred by New York's one-year statute of limitations for claims of libel and

7

slander. N.Y. C.P.L.R. § 215(3). The subpoena is, in short, a classic "fishing expedition" in constitutionally protected waters.

**B.**

The plaintiff also asserts that his discovery request was sufficiently specific. However, the Court agrees with the Magistrate Judge's finding on the second Sony factor that the plaintiff's request was overbroad.

The court in Sony held that a subpoena is "sufficiently specific" where there is a "reasonable likelihood that the discovery request would lead to identifying information that would make possible service upon particular defendants who could be sued in federal court." Id. at 566 (citing Columbia Ins. Co. v. Seescandy.com, 185 F.R.D. 573 (N.D. Cal. 1999)).

In this case, the plaintiff claims that the subpoena will uncover identifying information that will allow him to serve the individuals who allegedly defamed him or, at minimum, an integral witness who can provide that information. See Pl.'s Suppl. Opp'n 2 n.1, ECF No. 194. DMA Doe, the plaintiff argues, is a person on the inside, with actual personal knowledge of the group's postings. See Pl.'s Reply, ECF No. 243. However, this is mere speculation. As Magistrate Judge Freeman observed during the hearing on the motion, assuming that DMA Doe is "someone who's logged onto the DMA account" and "was involved in setting

up a GoFundMe page," there is no reason to conclude "that DMA Doe engaged in conduct that was directly relevant to the claims in the case." July 7, 2021 Conference Tr. 81. And the subpoena seeks the identities of all persons who created or maintained the GoFundMe account or received funds from it, irrespective of whether those persons had anything to do with an allegedly defamatory statement.

Therefore, the plaintiff's subpoena is overly broad.

### C.

While the plaintiff contends that he demonstrated a lack of other means to discover the sought-after information pursuant to the third Sony factor, that is not true.

While the plaintiff objects that the Magistrate Judge failed to identify any alternate means of discovery that are available to him, see Pl.'s Obj. 6, it is the plaintiff's burden to show that he has exhausted alternative sources, see Sony, 326 F. Supp. 2d at 566. And there are obvious alternative sources, including pursuing discovery from the individual defendants he has identified.

### D.

The plaintiff also argues that he demonstrated compliance with the fourth Sony factor by showing that the only means of advancing his remaining claims was through the information sought in the subpoena. But that is also not true. The plaintiff

9

is pursuing claims in this Court against Illinois Doe 1 and NY Doe 2, and he has failed to make any plausible argument that he has a claim against DMA Doe or any other potential defendant.

Thus, the plaintiff has failed to meet his burden under the fourth factor of the Sony test.

**E.**

Finally, the plaintiff contends that he rebutted DMA Doe's showing that DMA Doe has a reasonable expectation of privacy with respect to the personal information sought, pursuant to the fifth Sony factor.

The plaintiff argues that DMA Doe does not enjoy a First Amendment right to protection for defamatory statements. See Pl.'s Obj. 10. But there is no showing that DMA Doe made any defamatory statements about the plaintiff. See DMA Doe Opp'n 7, ECF No. 242. In Sony, the court found that the defendants against whom discovery was sought had a "minimal expectation of privacy" because they used the entity being subpoenaed -- internet service provider Cablevision -- to download copyrighted songs without permission in violation of Cablevision's user terms of agreement. 326 F. Supp. 2d at 566. The facts of this case are completely different. The plaintiff does not allege that DMA Doe made defamatory statements on GoFundMe. Rather, the plaintiff alleges that DMA Doe may have made defamatory statements on Instagram, but there is no evidence to support

10

even that speculation. See DMA Doe Opp'n 7. The Magistrate Judge's finding that the cases cited by the plaintiff -- regarding the privacy interests associated with illegal actions -- were inapposite was not clearly erroneous, because there is no showing that DMA Doe committed any illegal acts on the GoFundMe platform.

In summary, the plaintiff has failed to meet his burden under the fifth factor of the Sony test, and the Magistrate Judge's finding was not clearly erroneous or contrary to law.

## CONCLUSION

The Court has considered all of the arguments raised by the parties. To the extent not specifically addressed, the arguments are either moot or without merit. For the foregoing reasons, the plaintiff's objections to the Magistrate Judge's April 15, 2022 Order, ECF No. 240, are **overruled**. The motion to quash the plaintiff's subpoena, No. 21-cv-4304, ECF No. 1, is **granted**. The Clerk is directed to close case number No. 21-cv-4304.

SO ORDERED.

Dated:   New York, New York
         October 6, 2023

_____
John G. Koeltl
United States District Judge