1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711                    JENNER&BLOCK LLP

March 15, 2024

Laura P. MacDonald
Tel +1 212 891 1696
lmacdonald@jenner.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007-1312

Re:   *Watson v. Doe 1, et al.*, Case No. 1:19-cv-00533 (DEH) (VF)

Dear Judge Ho:

Pursuant to this Court's March 4, 2024 Order, Dkt. 264, Plaintiff and Counterclaim Defendant Ralph Watson ("Plaintiff") and Defendants and Counterclaimants NY Doe 2 and Illinois Doe 1 ("Defendants") (collectively, the "Parties") hereby submit a joint letter updating the Court on the status of the above-captioned case. The Parties were unable to resolve the matter through mediation. As outlined below, Defendants intend to move for summary judgment on Watson's claims and Defendants' counterclaims. Watson contends that neither Defendant can prevail on any summary judgment motion and respectfully requests that the Court schedule a pre-motion conference with letter briefing prior to allowing any such motions, which will be needlessly time-consuming to all Parties and the Court. Pursuant to the Court's Order, the Parties present the following brief outline of the respective motions they would like to bring and provide a proposed briefing schedule.

I.   **The Parties' Contemplated Summary Judgment Motions**

A.   **Ralph M. Watson**

Watson contends that Defendant Illinois Doe 1 defamed him when she recklessly republished a Diet Madison Avenue ("DMA") Instagram post on Facebook that falsely claimed that the Instagram group had evidence that Watson had sexually harassed nine women. Illinois Doe 1 then later published other related defamatory statements on her own social media accounts about these nine "victims." Plaintiff intends to move for partial summary adjudication on his defamation claim against Defendant Illinois Doe 1 on the grounds that Illinois Doe 1 cannot provide, as a matter of law, any admissible evidence that she had or has any personal knowledge or evidence that Watson sexually harassed and/or abused nine different women, despite having multiple interactions with DMA. Instead, in her sworn deposition testimony, Illinois Doe 1 testified that she had and has no personal knowledge of any sexual impropriety by Watson against anyone, and despite being in frequent contact with DMA, never asked the group for any

information about any alleged victims, nor has she ever received any such information. Based on this total lack of evidence in support of her defamatory statements also were made, Plaintiff is entitled to summary adjudication, as a matter of law, that the statements were false and were made with actual malice, *i.e.*, that they were made with a reckless disregard of whether the statements were true.

### B. Defendant NY Doe 2

Defendant NY Doe 2 intends to move for summary judgment on Watson's two remaining claims—his defamation claim (Count I) and his tortious interference with contract claim (Count IV)—and on her anti-SLAPP counterclaim, on the grounds summarized below.

#### i. Watson's Defamation and Tortious Interference Claims

NY Doe 2 is entitled to summary judgment on both of Watson's claims against her. Both Watson's defamation claim and his tortious interference claim are governed by New York's anti-SLAPP statute because they are based on statements made "in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a); *see* Dkt. 249 at 14-15 (holding that New York's anti-SLAPP laws applied to NY Doe 2's counterclaims). The statute requires Watson to prove, by clear and convincing evidence, that any statement properly alleged in his Amended Complaint was both false and made with actual malice.[1] There is no evidence of actual malice in the record at all, and the only purported evidence of falsity is Watson's own self-serving testimony, which is insufficient to meet the clear-and-convincing standard.

Independently of the anti-SLAPP statute, to prevail on his defamation claim, Watson must prove NY Doe 2 made a defamatory statement with common law malice, actual malice, or gross irresponsibility under the common-interest privilege and/or *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196 (1975). Again, there is no evidence supporting those elements of the claim.

The tortious interference claim also fails independently of the anti-SLAPP statute because it is dependent on Watson satisfying the requirements for defamation, which he cannot do. Watson also cannot prove that NY Doe 2 knew of the relevant contract, that the contract was breached, or that NY Doe 2 was the proximate cause of any breach of contract.

#### ii. NY Doe 2's Anti-SLAPP Counterclaim

NY Doe 2 is also entitled to summary judgment on her anti-SLAPP counterclaim. NY Doe 2 must prove by a preponderance of the evidence that Watson's action against her was

---

[1] To the extent Watson seeks to allege any additional statements made by NY Doe 2 were defamatory, those additional statements are barred because they were not alleged in the Amended Complaint and/or they are time-barred. *See Wellner v. City of New York* No. 16-CV-7032 (JGK), 2019 WL 1511022, at *1 (S.D.N.Y. Mar. 22, 2019) (defendant not required to address a defamation theory not found in the complaint).

March 15, 2024
Page 3

"commenced or continued without a substantial basis in fact and law and could not be supported by a substantial argument for the extension, modification or reversal of existing law." N.Y. Civ. Rights Law § 70-a(1).

No reasonable jury could find otherwise. Several of Watson's claims against NY Doe 2 were dismissed under Rule 12(b)(6), including one claim that did not even exist under New York law. ECF No. 99 at 27. Additionally, Watson made numerous materially false allegations that he knew or should have known were false at the time of filing, which has been confirmed in discovery. Watson also continued this action despite failing to uncover any evidence that any statement by NY Doe 2 was false or was made with actual malice.

### C. Illinois Doe 1

Defendant Illinois Doe intends to move for summary judgment on Watson's remaining defamation claim and on her anti-SLAPP counterclaim, on the grounds summarized below.

#### i. Watson's Claim

Illinois Doe is entitled to summary judgment on Watson's claim against her, wherein he alleges defamation based on two online posts by Illinois Doe. Watson's defamation claim is governed by New York's anti-SLAPP statute because it is based on statements made "in connection with an issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a); *see* Dkt. 249 at 11-14 (holding that New York's anti-SLAPP laws applied to Illinois Doe's counterclaims). The statute requires Watson to prove, by clear and convincing evidence, that any statement properly alleged in his Amended Complaint was both false and made with actual malice. There is no evidence of actual malice in the record at all. Illinois Doe, a writer, social commentator, blogger and moderator of a site calls Girlsday, simply posted two statements concerning Watson after checking the sources behind those statements. She did not know Watson, had never met him, and had no motive to harm or defame him. She simply made two posts online after she engaged in a vetting process corroborating the stories.

Independently of the anti-SLAPP statute, to prevail on his defamation claim, Watson must prove Illinois Doe made a defamatory statement with common law malice, actual malice, or gross irresponsibility under the common-interest privilege and/or *Chapadeau v. Utica Observer-Dispatch*, 38 N.Y.2d 196 (1975). Again, there is no evidence supporting those elements of the claim.

#### ii. Illinois Doe's Anti-SLAPP Counterclaim

Illinois Doe is also entitled to summary judgment on her anti-SLAPP counterclaim. "In order to state an anti-SLAPP counterclaim, a defendant must 'identify ... the application or permit being challenged or commented on,' and his communication must have been 'substantially related to such application or permit.'" *Dynamic Energy Sols., LLC v. Pinney*, 387 F. Supp. 3d 176, 183–84 (N.D.N.Y. 2019). Under the second prong, the counterclaimant must also demonstrate that the suit complained of has no "substantial basis in fact and law." *Id.*

March 15, 2024
Page 4

Illinois Doe 1 makes sufficient substantive allegations under the first prong of the anti-SLAPP analysis. Illinois Doe 1 challenges Watson's filing and continuation of this lawsuit. Watson's filing of his complaint against Illinois Doe 1 involves public petition and participation. Under the second prong, Watson brought this lawsuit without a substantial basis in law and fact, and only commenced or continued this case to halt Illinois Doe 1 from continuing to post about Watson's conduct and to inhibit Illinois Doe 1's free exercise of speech.

## II.     Proposed Scheduling

The parties propose the following schedule through the completion of summary judgment briefing:

| Event | Deadline |
| --- | --- |
| Watson to supplement discovery related to his economic and emotional damages, income, and efforts to secure employment since August 2021, see Fed. R. Civ. P. 26(e) | May 15, 2024 |
| Motions for summary judgment due | June 28, 2024 |
| Opposition papers to motions for summary judgment due | July 26, 2024 |
| Reply papers in further support of motions for summary judgment due | August 16, 2024 |

Sincerely,

*/s/ Laura P. MacDonald*

Laura P. MacDonald


cc:     All counsel of record via ECF