## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH M. WATSON, an individual, | |
| Plaintiff, | |
| -against- | |
| NY DOE 2, an individual; NY DOE 3, an individual; NY DOE 4, an individual; ILLINOIS DOE 1, an individual; DOE COMPANY, an unknown business entity; DOE 1, an individual; and DOES 2 through 100, whose true names and capacities are unknown, | Case No. 1:19-cv-533-JGK |
| Defendants. | |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT NY DOE 2'S COUNTERCLAIM

Plaintiff RALPH M. WATSON ("Plaintiff" or "Watson") respectfully submits this Answer to NY Doe 2's Counterclaim against him as follows.

### INTRODUCTION

1.      Watson is without knowledge and information sufficient to form a belief as to the truth of NY Doe 2's age when she was hired by Crispin Porter & Bogusky ("CP+B").  Watson admits that she was hired as a junior-level creative and at the time of her hiring Watson was the head of CP+B's creative department.  Watson denies each and every remaining allegation contained in Paragraph 1.

2.      Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 2.  To the extent that Paragraph 2 purports to be a tweet by Alyssa Milano, or news reports about Harvey Weinstein, and Instagram posts about wrongdoings at advertising agencies, those sites themselves are the best evidence of the truth of their contents.

3.      Watson admits that NY Doe 2 made allegations to both DMA and CP+B but denies the truth of those allegations.  Watson denies each and every remaining allegation

contained in Paragraph 3.

4.      Watson denies each and every allegation contained in Paragraph 4.

5.      Watson neither admits nor denies the allegations in Paragraph 5, as they state a legal conclusion to which no response is required.  To the extent a response is required, the actual anti-SLAPP laws referred to in Paragraph 5 are the best evidence of the truth of their contents.

6.      Watson neither admits nor denies the allegations in Paragraph 6, as they state a legal conclusion to which no response is required. To the extent a response is required, the actual anti-SLAPP laws referred to in Paragraph 6 are the best evidence of the truth of their contents.

7.      Watson neither admits nor denies the allegations in Paragraph 7, as they state a legal conclusion to which no response is required.  To the extent a response is required, the actual anti-SLAPP laws referred to in Paragraph 7 are the best evidence of the truth of their contents.

8.      Watson neither admits nor denies the allegations in Paragraph 8, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 8.

9.      Watson neither admits nor denies the allegations in Paragraph 9, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 9.

10.     Watson neither admits nor denies the allegations in Paragraph 10, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 10.

## JURISDICTION AND VENUE

11.     Watson neither admits nor denies the allegations of Paragraph 11, as they state a legal conclusion to which no response is required.

12.     Watson neither admits nor denies the allegations of Paragraph 12, as they state a legal conclusion to which no response is required.

## PARTIES

13.     Watson is without knowledge and information sufficient to form a belief as to the truth of whether NY Doe 2 is a citizen of the State of New York and therefore denies the allegation.  Watson admits that the identity of NY Doe 2 is currently protected by a Court Order.

14.     Plaintiff admits that he is an individual and denies that he is a resident of Texas.

## FACTUAL ALLEGATIONS

15.     Watson is without knowledge and information sufficient to form a belief as to the truth of NY Doe 2's age when she was hired by CP+B.  Watson admits each and every remaining allegation contained in Paragraph 15.

16.     Watson neither admits nor denies the allegations in Paragraph 16, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 16.

17.     Watson admits the allegation that NY Doe 2 was placed on probation by him. Watson denies each and every remaining allegation contained in Paragraph 17.

18.     Watson neither admits nor denies the allegations in Paragraph 18, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every remaining allegation contained in Paragraph 18.

19.     Watson admits that he and NY Doe 2 exchanged text messages on April 5, 2017 and that he, NY Doe 2 and several other people went out on April 7, 2017.  Watson denies each and every remaining allegation contained in Paragraph 19.

20.     Watson admits that he and NY Doe 2 went back to his hotel room and that they consensually kissed on the couch.  Watson denies each and every remaining allegation contained in Paragraph 20.

21.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations of Paragraph 21 and therefore denies them.

22.     Watson admits that DMA formed in or around October of 2017.  Watson is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 22. To the extent a response is required, the DMA Instagram account referred to in Paragraph 22 is the best evidence of the truth of their contents.

23.     Watson admits that NY Doe 2 communicated with DMA via direct messages and alleged that he sexually harassed and/or sexually assaulted her but denies that he did sexually harass or sexually assault her.  Watson admits that DMA told NY Doe 2 that she was the eighth person to contact them about Watson but denies that he sexually harassed or assaulted any individual.  Watson is without knowledge and information sufficient to form a belief as to the reasons NY Doe 2 reached out to DMA and therefore denies them.

24.     Watson admits that CP+B held a town hall on January 24, 2018 and that he was interviewed by CP+B on that same date about unsubstantiated rumors.  Watson denies the allegations that there was a widespread belief in the creative department that employees had to sleep with Watson in order to be promoted.

25.     Watson admits that NY Doe 2 spoke with Jan Jensen on January 25, 2018 and that she alleged that Watson had sexually harassed her and sexually assaulted her but Watson denies that he ever sexually harassed or sexually assaulted her.  Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations of NY Doe 2's motivation and reasons for her actions and therefore denies them.

26.     Watson admits each and every allegation of Paragraph 26.

27.     Watson admits each and every allegation of Paragraph 27.

28.     Watson denies the allegation that he has sued over 200 individuals, unless that number is inclusive of Doe Defendants.  Watson admits each and every remaining allegation in Paragraph 28.

29.     Watson admits that DMA informed NY Doe 2 about Watson's California lawsuit and that they sent her a direct message and she responded with a false rape allegation and that DMA shared the false allegation on Instagram and Watson sued her for that statement.  Watson is without knowledge and information sufficient to form a belief as to NY Doe 2's fears and motivations and therefore denies them.

30.     Watson admits each and every allegation of Paragraph 30.

31.     Watson admits that he was able to identify NY Doe 2 on the basis of her October 22, 2018 statement.  Watson denies that he ever sexually harassed or sexually assaulted NY Doe 2.

32.     Watson admits each and every allegation of Paragraph 32.

33.     Watson neither admits nor denies the allegations in Paragraph 33, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 33.

34.     Watson denies each and every allegation contained in Paragraph 34.

35.     Watson neither admits nor denies the allegations in Paragraph 35, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 35.

36.     Watson admits that NY Doe 2 has produced documents in connection with the lawsuit.  Watson neither admits nor denies the remaining allegations in Paragraph 36, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every remaining allegation contained in Paragraph 36.

37.     Watson admits that testifying about what the alleged rape would implicate his Fifth Amendment right against self-incrimination.

38.     Watson neither admits nor denies the allegations in the first sentence of Paragraph 38, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in the first sentence of Paragraph 38.  Watson admits the allegations of the second sentence of Paragraph 38.

39.     Watson denies each and every allegation of Paragraph 39.

## ANTI-SLAPP CAUSE OF ACTION

40.     Watson repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

41.     Watson neither admits nor denies Paragraph 41, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 41.

42.     Watson neither admits nor denies Paragraph 42, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 42.

43.     Watson neither admits nor denies Paragraph 43, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 43.

44.     Watson neither admits nor denies Paragraph 44, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 44.

45.     Watson neither admits nor denies Paragraph 45, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 45.

46.     Watson denies each and every allegation of Paragraph 46.

47.     Watson denies each and every allegation of Paragraph 47.

48.     Watson neither admits nor denies Paragraph 48, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 48.

49.     Watson denies each and every allegation of Paragraph 49.

50.     Watson neither admits nor denies Paragraph 50, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 50.

## AFFIRMATIVE DEFENSES

Plaintiff and Counterclaim Defendant Ralph M. Watson hereby asserts the following affirmative defenses.

### FIRST DEFENSE

The Counterclaim is barred, in whole or in part, by the statute of limitations.

### SECOND DEFENSE

The Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Counterclaim is barred, in whole or in part, because Watson's lawsuit was brought prior to New York enacting an anti-SLAPP statute.

### FOURTH DEFENSE

The Counterclaim is barred, in whole or in part, because it is a SLAPP action intended to chill Watson's due process and constitutional right to seek redress for the defamation and other tortious conduct of NY Doe 2 against him.

### FIFTH DEFENSE

The Counterclaim is barred, in whole or in part, because the First Amendment does not apply to defamation, including false rape allegations.

### RESERVATION OF RIGHTS

Watson reserves the right to amend and/or supplement this Answer, including without limitation, to assert additional applicable defenses.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff and Counterclaim Defendant Ralph M. Watson respectfully requests that this Court:

A.    For dismissal of Defendant and Counterclaimant NY Doe 2's Counterclaim with prejudice;

B.    For an order that Defendant and Counterclaimant NY Doe 2 take no relief from the Counterclaim;

C.    Award Watson cost and expenses, including attorney and expert fees; and

D.    Grant such other and further relief as the Court may deem just and proper.

Dated:  July 25, 2024

By:    /s/ Michael W. Ayotte
_____
***Michael W. Ayotte***
LAW OFFICES OF MICHAEL W. AYOTTE
2629 Manhattan Ave., Suite 144
Hermosa Beach, CA 90254
Telephone: (310) 343-1864
mayotte@clientfirstlegalsolutions.com

Counsel for Plaintiff
RALPH M. WATSON