

Law Offices of
# MICHAEL W. AYOTTE

2629 Manhattan Avenue, Suite 144
Hermosa Beach, California 90254

(310) 343-1864
mayotte@clientfirstlegalsolutions.com

**VIA ECF**

The Honorable Dale E. Ho  July 26, 2024
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

          19-CV-533

      Re:    <u>Plaintiff's Letter Motion Seeking Leave to File Answers to Defendants NY Doe 2 and Illinois Doe 1's anti-SLAPP Counterclaims</u>

Dear Judge Ho,

      I represent the Plaintiff and Counterclaim Defendant Ralph M. Watson ("Plaintiff") in this case. This letter motion is made pursuant to Your Honor's Individual Practices, Section 2.a.i., seeking leave to file late Answers to Defendants' anti-SLAPP Counterclaims (ECF 195 and 204). Prior to filing this letter motion, I emailed opposing counsel for both Defendants as to whether they would consent to or oppose this request, pursuant to Your Honor's Individual Practices, Section 2.a.iv. I received no response from either Defendant's counsel.

      Plaintiff brought his action in this Court on January 17, 2019. (ECF 1.) Plaintiff filed a First Amended Complaint on July 19, 2019. (ECF 47.) Defendants NY Doe 2 and Illinois Doe 1 brought motions to dismiss, that were granted in part and denied in part, by the Court on February 11, 2020. (ECF 99.) Defendants then filed Answers to Plaintiff's First Amended Complaint. (ECF 102, 107.) Defendants then each filed Amended Answers and an anti-SLAPP counterclaim against Plaintiff, based on New York's then newly enacted anti-SLAPP law, on August 19, 2021 and September 8, 2021, respectively. (ECF 195 and ECF 204.) Plaintiff then filed motions to dismiss both counterclaims on October 11, 2021 and November 19, 2021. (ECF 206-208, 221-223.) Almost two years later, on October 6, 2023, this Court denied Plaintiff's Motions to Dismiss the Counterclaims. (ECF 249.) Shortly thereafter, on October 12, 2023, the case was reassigned to the Honorable Dale E. Ho. (ECF 250.)

      Because of the long delay prior to the Court denying Plaintiff's motions to dismiss, Plaintiff's counsel inadvertently failed to realize that no Answers had been filed. The parties continued to litigate the case and agreed to mediation, which was ultimately unsuccessful, and sought leave to file motions and cross-motions for summary judgment. At no point did either Defendant inform Plaintiff's counsel that no answers were filed and they took no action to file defaults. It was only after NY Doe 2 and Illinois Doe 1 filed their respective summary judgment motions on July 19, 2024, that Plaintiff's counsel first learned that he had failed to file Answers to the counterclaims. (ECF 274-279, 281-284.)

LAW OFFICES OF MICHAEL W. AYOTTE

Plaintiff now respectfully seeks leave of this Court to file the attached lodged [Proposed] Answers to the respective counterclaims. (See Exhibits 1 and 2.). Federal Rule of Civil Procedure, Rule 6(b)(1)(B) specifies that a court may extend the time for performing an act where the failure to act was due to excusable neglect. To determine if the neglect is excusable, courts typically engage in an equitable analysis that considers several factors. The term "excusable neglect" encompasses situations in which "the failure to comply with a filing deadline is attributable to negligence." (*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993).) The Supreme Court held that relief may be available even if a deadline is missed due to neglect, and that the term "neglect" encompasses "both simple, thoughtless omissions to act, and more commonly, omissions caused by carelessness." (*Id*. at 388.) The Supreme Court also held that the determination of whether neglect is excusable is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." (*Id*. at 395.) The factors used by a court to determine whether neglect was "excusable," are: (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. (*Id*. at 396; *Padilla v. Maersk Line, Ltd.,* 721 F.3d 77, 83 (2d Cir. 2013).)

Defendants cannot reasonably argue that they have been prejudiced in anyway by Plaintiff inadvertently not answering their counterclaims. Throughout the case and extensive discovery, Plaintiff has vigorously argued that there is clear and convincing evidence that both Defendants acted with actual malice in publishing their defamatory statements. Nothing in Plaintiff's [Proposed] Answers deviate from that position, or present any new facts or arguments, that would be unknown to either Defendant. Defendants, however, are now attempting to argue in their summary judgment motions that Plaintiff's failure to mistakenly file answers should be construed as admissions of their self-serving allegations, despite Defendants being fully aware that such a position is untrue, based on all of Plaintiff's discovery responses and arguments brought throughout the action.

Further, Defendants took no action to request an entry of default on their counterclaims and were they to attempt to now, such delay would likely be held by this Court to be a waiver of their right to seek a default. (See *FOC Fin'l Ltd. Partnership v. National City Comm'l Capital Corp.* (D AZ 2009) 612 F.Supp.2d 1080, 1084-1085 (court found waiver based on party's 5-month silence and "litigation-as-usual conduct").) Default is also improper where the party's other actions indicated an intent to defend the action. (*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* (9th Cir. 1988) 840 F.2d 685, 689; see also *City of New York v. Mickalis Pawn Shop, LLC* (2d Cir. 2011) 645 F.3d 114, 128-130.)

As to the length of delay, Plaintiff has taken immediate action once he first learned of the lack of answers after service of Defendants summary judgment motions on July 19, 2024. There will be no impact on the current briefing schedule for those motions and/or Plaintiff's counter motions as a result of the Court permitting the filing of the Answers.

As to the last two factors, Plaintiff's counsel simply erred in failing to realize that responsive pleadings were due after the nearly two-year period between his filing his motions to dismiss and the Court's ruling denying those motions, and the Order itself was silent as to any

LAW OFFICES OF MICHAEL W. AYOTTE

new filing deadlines.  This is the only deadline that Plaintiff has missed in this over five-year old case.  This failure to file was a good faith mistake in an otherwise vigorously prosecuted action that in no way causes any prejudice to Defendants, who will have an opportunity to respond on the merits to Plaintiff's substantial evidence in support of his opposition to summary judgment and in his own cross-motions for summary judgment.

   Finally, there is a strong policy that matters be heard on the merits and procedural deficiencies are secondary to decisions on the merits.  (See *Rodriguez v. Village Green Realty, Inc.*, 788 F.3d 31, 47 (2d Cir. 2015) (citing *Cargill, Inc. v. Sears Petroleum & Transp. Corp.*, 334 F.Supp.2d 197, 247 (N.D.N.Y. 2004) ("Because of the preference to have issues and claims decided on their merits, rather than on the basis of a procedural shortcoming, the exclusion of otherwise relevant evidence on technical grounds is generally not favored….").)

   Based on the above, Plaintiff respectfully requests that the Court grant his request to file the [Proposed] Answers attached hereto and provide any other relief it deems appropriate.

         Respectfully submitted,

          s/ Michael W. Ayotte
         _____
         ***Michael W. Ayotte***
         Law Offices of Michael W. Ayotte
         2629 Manhattan Avenue, Suite 144
         Hermosa Beach, CA 90254
         Telephone: (310) 343-1864
         Email: mayotte@clientfirstlegalsolutions.com
         Attorneys for Plaintiff and Counterclaim Defendant
         RALPH M. WATSON

cc: All counsel of record via ECF

Defendants may each file a response, not to exceed three pages, by **August 2, 2024**.  So Ordered.

Dale E. Ho
United States District Judge
Dated: July 26, 2024
New York, New York

3