1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

August 2, 2024

Laura MacDonald
Tel +1 212 891 1696
LMacDonald@jenner.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Watson v. NY Doe 1 et al.*, No. 19 Civ. 533 (DEH) (VF)

Dear Judge Ho,

      We write on behalf of NY Doe 2 in response to Plaintiff-Counterclaim Defendant Ralph M. Watson ("Plaintiff")'s letter request for leave to file a late answer to NY Doe 2's and Illinois Doe 1's counterclaims brought pursuant to New York's anti-SLAPP statute. Dkt. 286. NY Doe 2 respectfully opposes Plaintiff's request. Plaintiff sought leave to answer ***280 days*** after Plaintiff's answer was due, and after NY Doe 2 had already filed a motion seeking summary judgment on her counterclaim and Plaintiff's claims against her.[1] While NY Doe 2 is entitled to summary judgment regardless of whether Plaintiff is permitted to answer, Plaintiff has put forward no reason for the Court to excuse his considerable and prejudicial delay.

      Plaintiff bases his request on a theory of "excusable neglect," but fails to substantiate that theory. Courts consider four factors when determining whether a movant has shown "excusable neglect": (1) the "danger of prejudice" to the non-movant; (2) the "length of the delay and its potential impact on judicial proceedings;" (3) the "reason for the delay, including whether it was within the reasonable control of the movant;" and (4) "whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Psh'p*, 507 U.S. 380, 395 (1993). The Second Circuit "set[s] a high bar for findings of excusable neglect," even where a movant "lose[s] substantial rights" as a result of neglect, in part because the "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced."

---

[1] After Plaintiff's counsel emailed Defendants' counsel asking Defendants to consent to his filing responsive pleadings ***280 days late*** or else provide grounds for any opposition, Plaintiff waited less than 24 hours before accusing Defendants of not responding in a filing to the Court. *See* Dkt. 286, at 1. In fact, NY Doe 2's counsel had responded to Plaintiff's counsel's email prior to his filing. *See* Ex. 1.

August 2, 2024
Page 2

*Robaina v. Deva Concepts, LLP*, 2023 WL 3144038, at *2 (2d Cir. Apr. 28, 2023) (citation omitted).

When deciding whether a movant has shown excusable neglect, courts in the Second Circuit "primarily 'focus[] on the third factor: 'the reason for the delay, including whether it was within the reasonable control of the movant.'" *United States v. $610,210 in U.S. Currency*, 2022 WL 1125980, at *5 (S.D.N.Y. Apr. 15, 2022) (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)); *see also Robaina*, 2023 WL 3144038, at *2 (same). As a result, "where the defaulting party failed to provide a compelling reason for its failure to comply with a clear deadline, the other factors are often not even considered." *$610,210 in U.S. Currency*, 2022 WL 1125980, at *5 (citation omitted) (collecting cases). Plaintiff's stated reason for the 280-day delay is that "Plaintiff's counsel simply erred in failing to realize that responsive pleadings were due after the nearly two-year period between his filing his motions to dismiss and the Court's ruling denying those motions, and the Order itself was silent as to any new filing deadlines." Dkt. 286, at 2–3. This is no excuse at all, let alone a "compelling" one. Federal Rule of Civil Procedure 12(a)(4)(A) provides the applicable deadline (14 days after denial of a motion to dismiss), and Federal Rule of Civil Procedure 8(b)(6) provides the consequence for missing the deadline (undenied allegations are deemed admitted). "[F]ailure to follow the clear dictates of a court rule will generally not constitute . . . excusable neglect." *Canfield v. Van Atta Buick/GMC Truck, Inc.*, 127 F. 3d 248, 250–51 (2d Cir. 1997).

Even if Plaintiff had a compelling reason for his neglect, NY Doe 2 would be prejudiced by the late filing of Plaintiff's answer. The purpose of a responsive pleading is "to place the opposing parties on notice." *Saks v. Franklin Covey Co.*, 316 F.3d 337, 350 (2d Cir. 2003). Contrary to Plaintiff's assertion, Plaintiff **has presented new arguments** in his proposed answer. *See* Dkt. 286, at 3. For the first time in this litigation, Plaintiff argues that NY Doe 2's counterclaim is barred by the statute of limitations and is barred "because Watson's lawsuit was brought prior to New York enacting an anti-SLAPP statute." *See* Dkt. 286-1, at 6. Notably, Plaintiff had the benefit of reviewing NY Doe 2's summary judgment briefing before crafting his answers and affirmative defenses; conversely, NY Doe 2 was required to draft her summary judgment motion without the benefit of Plaintiff's answer and affirmative defenses.

The "length of the delay and its potential impact on judicial proceedings" also weighs against Plaintiff. *Pioneer*, 507 U.S at 395. A 280-day delay "speaks for itself." *Adams v. Rivera*, 13 F. Supp. 2d 550, 551 (S.D.N.Y. 1998) (finding a plaintiff had not demonstrated excusable neglect for a "gross and prejudicial" 118-day delay). Moreover, Plaintiff is wrong to suggest that "[t]here will be no impact on the current briefing schedule," Dkt. 286, at 2, since NY Doe 2 will undoubtedly need to amend her motion for summary judgment and Rule 56.1 statement of undisputed facts if Plaintiff is granted leave to file a late answer.

August 2, 2024
Page 3

Further, Plaintiff should not be afforded any presumption that his 280-day delay was a "good faith mistake," as he claims. *Id.* at 3. Plaintiff's failure to answer is part of his pattern throughout this litigation of aggressively pursuing baseless claims while consistently refusing to fulfill his own responsive obligations.[2] *See, e.g.*, Dkt. 154 (detailing Plaintiff's refusal to respond to NY Doe 2's discovery requests). Indeed, Plaintiff's one-sided, bad faith conduct is ***part of the basis for the anti-SLAPP counterclaim at issue***. *See* Dkt. 205, Countercl. ¶¶ 34–39. The Court should not take Plaintiff's word for it that his failure to answer for 280 days was mere accident.

In any event, NY Doe 2 has submitted other admissible record evidence supporting every undisputed material fact on which her motion relies, so NY Doe 2 is entitled to summary judgment on the merits even if Plaintiff is permitted to answer late. But Plaintiff has not met his burden of demonstrating that his neglect in failing to answer for 280 days should be excused. Plaintiff's motion should be denied.

Dated:   New York, New York
         August 2, 2024                                    Respectfully submitted,

                                                           By:  */s/ Laura P. MacDonald*

Kara Brandeisky                                            Laura P. MacDonald
JENNER & BLOCK LLP                                         Rémi J.D. Jaffré
1099 New York Avenue                                       Susanna Evarts
Washington, DC 20001                                       Anna Windemuth
(202) 639-6000                                             JENNER & BLOCK LLP
                                                           1155 Avenue of the Americas
                                                           New York, NY 10036
                                                           (212) 891-1600
                                                           LMacDonald@jenner.com

                                                           *Counsel for Defendant NY Doe 2*

---

[2] Plaintiff also contends that "[t]his is the only deadline that Plaintiff has missed in this over five-year old case." Dkt. 286, at 3. Not so. Plaintiff also missed the deadline to oppose NY Doe 2's motion to compel a mental examination and made a late opposition in an unrelated filing, *see* Dkt. 157, at 1–4, and Plaintiff would have missed the deadline to disclose his rebuttal expert witness had he not received a day-of extension over NY Doe 2's objection, *see* Dkts. 166, 170, 173.