DAVID J. GRECH
DGRECH@grsm.com



ATTORNEYS AT LAW
1 BATTERY PARK PLAZA
28TH FLOOR
NEW YORK, NY 10004
(212) 269-5500
WWW.GRSM.COM

August 2, 2024

**VIA ECF**
The Honorable Dale E. Ho, U.S.D.J.
United States District Court, Southern District of New York
40 Foley Square
New York, NY 10007

    Re:    *Watson v. NY Doe 1 et al.*
             Case No.: 1:19-cv-00533-DEH-VF

Dear Judge Ho,

    We represent Defendant/Counterclaimant Illinois Doe 1 ("Illinois Doe") in this case. We write pursuant to Your Honor's Order [287], with respect to the letter motion of Plaintiff/Counter Defendant ("Plaintiff") [286] seeking leave of this Court to file a late answer to Illinois Doe's counterclaim [195], and which permitted Illinois Doe and NY Doe 2 to each file a response.[1] We appreciate the Court's granting Illinois Doe the opportunity and time to file a formal response to Plaintiff's letter motion. That response is vehement opposition to Plaintiff's self-serving, self-preserving, and admittedly exceedingly delayed request.

    Pursuant to the amended briefing schedule, endorsed by the Court [272], Illinois Doe filed her motion for summary judgment on July 19, 2024 [281 *et seq.*]. In those initiating motion papers, Illinois Doe, *inter alia*, makes note of the fact that Plaintiff failed to file a pleading responsive to her counterclaim and argues that, as a result, the factual allegations set forth in the counterclaim should be deemed admitted. Plaintiff's counsel did not reach out to our office until an email received on July 25, 2024 at 1:35 p.m. to inform of his intent to file the instant motion and to inquire as to our position. By 9:33 a.m. the very next day, we had already received notification that Plaintiff had filed the instant motion.[2] Upon receiving that notification, we responded to Plaintiff's counsel (**Exhibit A**).

    Illinois Doe served her counterclaim against Plaintiff, now nearly three (3) years ago, on August 19, 2021 [195]. Thus, Plaintiff's response to Illinois Doe's counterclaim was originally due on September 9, 2021. *See,* Rule 12(a)(1)(A)(i) of the Federal Rules of Civil Procedure ("FRCP"). Plaintiff elected to move to dismiss Illinois Doe's counterclaim and did so on October 11, 2021

---

[1] In his letter motion [286], Plaintiff also seeks leave to file a late answer to NY Doe 2's counterclaim [204].

[2] Contrary to Plaintiff's counsel's representation to the Court, counsel for NY Doe 2 did respond to Plaintiff's counsel before the filing of his motion, with our office having received that communication from NY Doe 2's counsel at 9:29 a.m. on July 26, 2024. Apparently, Plaintiff's counsel had already prepared his motion papers for filing.

Hon. Dale E. Ho, U.S.D.J., S.D.N.Y.
August 2, 2024
Page 2 of 3

[206]. This Court, by the Honorable John G. Koeltl, U.S.D.J., denied Plaintiff's motion to dismiss Illinois Doe's counterclaim, by Memorandum Opinion and Order, dated October 6, 2023 [249]. Thus, Plaintiff was required to serve his pleading responsive to Illinois Doe's counterclaim on or before October 20, 2023. *See,* FRCP 12(a)(4)(A).

Plaintiff's letter motion is laced with the same tone as Plaintiff has maintained throughout this litigation. Plaintiff would have the Court look not at his actions but at the statements of Illinois Doe (and NY Doe 2) that called him out for committing them. Likewise, Plaintiff would lay blame at the feet of Illinois Doe and worse this Court for his admitted failure to respond to Illinois Doe's counterclaim: "Because of the long delay prior to the Court [sic] denying Plaintiff's motions to dismiss" [286 at p. 1]; "At no point did either Defendant inform Plaintiff's counsel that no answers were filed and they took no action to file defaults" [*id.*]; "the Court's ruling denying those motions [to dismiss the counterclaims], and the Order itself was silent as to any new filing deadlines." [*Id.* at pp. 2-3]. Even assuming *arguendo* that the Order itself were silent, FRCP 12(a)(4)(A) was not.

Even using the factors that Plaintiff sets forth in his letter motion, it is respectfully submitted that his request should be denied. FRCP 6(b)(1)(B) does permit the Court, "for good cause" to extend the time for performing an act that "must be done within a specified time . . . on motion made after the time has expired if the party failed to act because of excusable neglect." To determine if the neglect is excusable, Courts weigh several factors, including "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).

First, contrary to Plaintiff's self-preserving letter motion, there is serious danger of prejudice to Illinois Doe should the Court grant Plaintiff's request. It is well-settled that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Evans v. Syracuse City Sch. Dist.,* 704 F.2d 44, 47 (2d Cir. 1983). *See, Grochowski v. Phoenix Constr.*, 318 F.3d 80, 86 (2d Cir. 2003) (affirming denial where plaintiffs delayed motion for approximately one year, until after discovery had been completed, and while summary judgment motion was pending); *King-Devick Test Inc. v. NYU Langone Hospitals,* No. 17-cv-9307-JPO, 2019 WL 3071935, at *3 (S.D.N.Y. July 15, 2019) (denying leave where request came more than eight months past applicable deadline, after close of fact discovery). Plaintiff was able to review Illinois Doe's motion for summary judgment before preparing his answer to Illinois Doe's counterclaim. The parties, counsel, and the Court have already devoted significant resources to concluding this case, most recently in summary judgment motion practice. If Plaintiff were granted leave to file a late answer, Illinois Doe would have to expend additional resources to amend likely every paper submitted with her initiating summary judgment motion papers, exacting a significant and inequitable prejudice upon Illinois Doe.

Here too, the delay is significant, with Plaintiff's making the instant request more than nine months after his deadline to answer had expired. During that time, fact discovery has concluded, and Illinois Doe and NY Doe 2 have filed summary judgment motions. *See, Grochowski*, 318 F.3d at 86; *King-Devick Test Inc.,* 2019 WL 3071935, at *3.

Hon. Dale E. Ho, U.S.D.J., S.D.N.Y.
August 2, 2024
Page 3 of 3

Second, granting Plaintiff leave to file his late answer would further delay this case, which Plaintiff rightly points out has already been in litigation for five years, and would have a significant and detrimental impact on these proceedings. Plaintiff did not realize his error for over nine months after the Court issued its ruling on his motions to dismiss on October 6, 2023. He now seeks even more time to file his answer. Permitting Plaintiff to do so would lengthen the already long life of this case, which, again, has already entered the summary judgment motion stage. Again, Illinois Doe would have to amend likely every paper submitted with her initiating summary judgment motion papers. The briefing schedule for the summary judgment motions would have to be amended again, further delaying, should Illinois Doe prevail, the relief she has been seeking for five years.[3] In the alternative, the potential limiting of issues for trial and the trial itself would be further delayed.

Third, even presuming that Plaintiff acted in good faith in failing to file his answer (we respectfully submit that such a presumption should not be automatic, given Plaintiff's course of conduct in this litigation), Plaintiff's counsel's proffered reason for the delay was entirely within his control. Plaintiff's counsel admits that he "inadvertently failed to realize that no Answers had been filed" [286 at p. 1] and that he "simply erred in failing to realize that responsive pleadings were due." [*Id.* at p. 2]. This is not law firm error. Plaintiff's counsel does not allege, for example, some technical glitch in his calendaring system. Instead, Plaintiff's counsel's proffered excuse for his delay is that *he* failed to realize that *he* had not filed an answer (Plaintiff's counsel has been Plaintiff's attorney of record for the life of this case – who else would have filed the answer?) and that he failed to abide by the governing FRCP. Thus, even the reasons Plaintiff himself proffers for his delay were within (and exclusively so) his reasonable control.

Moreover, FRCP 6(b)(1)(B) requires, at the outset, a showing of "good cause" not just "excusable neglect." It is respectfully submitted that Plaintiff has failed in his attempt to show excusable neglect and has not even attempted to show good cause. The FRCP exist to afford parties the opportunity to fairly litigate their claims, and the parties and their attorneys of record are required to comply with those rules. As Plaintiff plainly violated those rules, with neither excusable neglect nor good cause, and for all of the reasons discussed herein, Illinois Doe respectfully requests that the Court deny Plaintiff's request to file a late answer to Illinois Doe's counterclaim.

Respectfully submitted,

*/s/ David J. Grech*

GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant/Counterclaimant*
*Illinois Doe 1*

---

[3] In both the original briefing schedule and the amendment, Plaintiff insisted upon including the dates and deadlines for his intended cross-motion for summary judgment with respect to his claim against Illinois Doe. Despite the fact that such a cross-motion would necessarily have to address Plaintiff's affirmative claim and Illinois Doe's answer and defenses (*which contain her counterclaim against Plaintiff*), this too apparently did not sufficiently refresh Plaintiff's recollection that he had failed to answer Illinois Doe's counterclaim.