Law Offices of
# MICHAEL W. AYOTTE

2629 Manhattan Avenue, Suite 144
Hermosa Beach, California 90254

(310) 343-1864
mayotte@clientfirstlegalsolutions.com

**VIA ECF**

The Honorable Dale E. Ho                                                                 August 3, 2024
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

    Re:    <u>Plaintiff's Letter Reply in Support of His Leave to File Answers to Defendants NY Doe 2 and Illinois Doe 1's anti-SLAPP Counterclaims</u>

Dear Judge Ho,

    I represent Plaintiff-Counterclaim Defendant in this matter. This letter is a reply to the oppositions filed by NY Doe 2 and Illinois Doe 1 on August 2, 2024. (ECF 288-289.)

    Counsel for Illinois Doe 1 states that Plaintiff is attempting to "lay blame at the feet of Illinois Doe 1" for his neglect in filing a response to the counterclaims. (ECF 289, p. 2.) What Defendants-Counterclaimants fail to mention is that Plaintiff sent two separate emails to both on May 29, 2024 and June 11, 2024, well prior to their July 19, 2024 deadline (ECF 272) to file any motions for summary judgment, specifically arguing that Plaintiff failed to see "how any motion brought by NY Doe 2 or Illinois Doe 1 can have *any objective* chance of being successful at the summary judgment stage." See Ex. A, p. 1, attached hereto. Neither party informed Plaintiff that a significant basis of for their motions would be an attempt to rely on his failure to respond to be deemed admissions to their counterclaim pleadings. Instead, counsel for NY Doe 2 simply responded, "we disagree" and later responded that "NY Doe 2 has already summarized the grounds for her motion in a letter to the court . . . and the court set a briefing schedule notwithstanding your position in that letter." Ex. A, p. 2, 4, citing ECF 266 (joint letter seeking leave to file summary judgment motions.) Counsel for Illinois Doe 1 failed to respond to either of Plaintiff's emails.

    Both NY Doe 2 and Illinois Doe 1 could have and should have informed Plaintiff and the Court that they intended to rely heavily on Plaintiff's failure to file responses to their counterclaims. Instead, they are now claiming that they have not been sufficiently placed on notice of Plaintiff's claims, but such a position is disingenuous given all of Watson's prior filings, including his motions to dismiss the counterclaims, which set forth all of the facts that NY Doe 2 and Illinois Doe 1 are now claiming they lack notice of. See, *e.g.,* ECF 223 (Ayotte Decl. ISO of Motion to Dismiss NY Doe 2's Counterclaim, Exhibits A-I. All of this same information was fully testified to in Plaintiff's sworn deposition.

LAW OFFICES OF MICHAEL W. AYOTTE

      The only reason Plaintiff is seeking leave to file Answers during the summary judgment process, is that both NY Doe 2 and Illinois Doe 1 intentionally withheld such information from him and the Court, in the joint status letter filed on March 15, 2024.  (ECF 266.)  Such gamesmanship should not be allowed by the Court, especially where the result could result in manifest injustice and go against the strong policy that matters be heard on the merits and procedural deficiencies are secondary to decisions on the merits.  (See *Rodriguez v. Village Green Realty, Inc*., 788 F.3d 31, 47 (2d Cir. 2015) (citation omitted.)  In fact, both NY Doe 2 and Illinois Doe 1 may need to withdraw their motions if the Court allows Plaintiff to file the Proposed Answers, given their heavy reliance on their unverified counterclaim pleadings to support their motions.  For instance, 46 of Illinois Doe 1's 74 material facts, cite only to their unverified counterclaim.  (See ECF 282.)

      This is not the typical case where a party is wholly nonresponsive and entry of default is properly granted against that party.  As discussed in Plaintiff's July 26th letter to the Court, default is improper where the party's other actions indicated an intent to defend the action.  (*Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* (9th Cir. 1988) 840 F.2d 685, 689; see also *City of New York v. Mickalis Pawn Shop, LLC* (2d Cir. 2011) 645 F.3d 114, 128-130.) (ECF 286, p. 2.)  It cannot be reasonably disputed that Plaintiff has not prosecuted the action and defended against the counterclaims, having filed motions to dismiss, including the substantial evidence in favor of his claims and been given permission of this Court to file his own motion for summary judgment against Illinois Doe 1.  (ECF 266.)

      Finally, were the Court to deny Plaintiff's request for leave to file the Proposed Answers, an absurd outcome could result.  Plaintiff could prevail on his summary judgment motion against Illinois Doe 1 for defamation based on his evidence, but also lose on Illinois Doe 1's anti-SLAPP counterclaim, on the basis of her unverified counterclaim pleadings being deemed admitted.  Such an untenable result can be avoided by allowing Plaintiff to file his Proposed Answers, which are entirely consistent with the substantial evidence, including his sworn deposition testimony, he has in support of his consistent position that he was defamed by both NY Doe 2 and Illinois Doe 1.  Any other result will result in a miscarriage of justice.  In the alternative, the Court can also rule that no allegations in the unverified counterclaims will be deemed admitted on the basis of Plaintiff's failure to file answers to the counterclaims, and that it is in the interests of justice to have the motions decided on the merits, supported by admissible evidence.

      Based on the above, Plaintiff respectfully requests that the Court grant his request to file the [Proposed] Answers attached hereto and provide any other relief it deems appropriate, including allowing NY Doe 2 and Illinois Doe 1 time to amend and/or withdraw their motions.

      Respectfully submitted,

      s/ Michael W. Ayotte

      *Michael W. Ayotte*
      Law Offices of Michael W. Ayotte

2

LAW OFFICES OF MICHAEL W. AYOTTE

2629 Manhattan Avenue, Suite 144
Hermosa Beach, CA 90254
Telephone: (310) 343-1864
Email: mayotte@clientfirstlegalsolutions.com
Attorneys for Plaintiff and Counterclaim Defendant
RALPH M. WATSON

cc: All counsel of record via ECF