**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| RALPH M. WATSON, an individual,<br><br>　　　　Plaintiff,<br><br>　-against-<br><br>NY DOE 2, an individual; NY DOE 3, an individual; NY DOE 4, an individual; ILLINOIS DOE 1, an individual; DOE COMPANY, an unknown business entity; DOE 1, an individual; and DOES 2 through 100, whose true names and capacities are unknown,<br><br>　　　　Defendants. | Case No. 1:19-cv-533-JGK |

## PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT ILLINOIS DOE 1'S COUNTERCLAIM

Plaintiff RALPH M. WATSON ("Plaintiff" or "Watson") respectfully submits this Answer to Illinois Doe 1's Counterclaim against him as follows.

### AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF

1. Watson neither admits nor denies the allegations in Paragraph 1, as they state an explanation and not an allegation, to which no response is required.

### PARTIES

2. Watson is without knowledge and information sufficient to form a belief as to the truth of whether Illinois Doe 1 is a resident of the State of Illinois and therefore denies the allegation.

3. Watson denies that he is a citizen of the State of California.

### JURISDICTION AND VENUE

4. Watson neither admits nor denies the allegations of Paragraph 4, as they state a legal conclusion to which no response is required.

5.     Watson neither admits nor denies the allegations of Paragraph 5, as they state a legal conclusion to which no response is required.

## FACTUAL BACKGROUND

6.     Watson denies each and every allegation contained in Paragraph 6.

7.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 7 and therefore denies the allegations.

8.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore denies the allegations.

9.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and therefore denies the allegations.

10.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and therefore denies the allegations.

11.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and therefore denies the allegations.

12.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and therefore denies the allegations.

13.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 and therefore denies the allegations.

14.     Watson is without knowledge and information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 and therefore denies the allegations.

15.     Watson denies each and every allegation that he engaged in improper, illegal, and actionable misconduct. Watson is without knowledge and information sufficient to form a belief as to the truth of what was addressed on Girlsday and other forums and therefore denies those allegations.

16.     Watson admits the allegations contained in Paragraph 16.

17.     Watson admits the allegations contained in Paragraph 17.

18.     Watson denies each and every allegation contained in Paragraph 18.

19.     Watson neither admits nor denies the allegations in Paragraph 19, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 19.

20.    Watson neither admits nor denies the allegations in Paragraph 20, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 20.

21.    Watson neither admits nor denies the allegations in Paragraph 21, as they are unintelligible and state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 21.

22.    Watson denies each and every allegation contained in Paragraph 22.

23.    Watson denies each and every allegation contained in Paragraph 23.

24.    Watson denies each and every allegation contained in Paragraph 24.

25.    Watson denies each and every allegation contained in Paragraph 25.

26.    Watson denies each and every allegation contained in Paragraph 26.

27.    Watson denies each and every allegation contained in Paragraph 27.

28.    Watson neither admits nor denies the allegations in Paragraph 28, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies each and every allegation contained in Paragraph 28.

29.    Watson neither admits nor denies the allegations in Paragraph 29, as they state a legal conclusion to which no response is required.

30.    Watson neither admits nor denies the allegations in Paragraph 30, as they state a legal conclusion to which no response is required.

31.    Watson neither admits nor denies the allegations in Paragraph 31, as they state a legal conclusion to which no response is required.

32.    Watson neither admits nor denies the allegations in Paragraph 32, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies that he brought his suit as an intimidation tactic or to chill freedom of speech.

33.    Watson neither admits nor denies the allegations in Paragraph 33, as they state a legal conclusion to which no response is required.  To the extent a response is required, Watson denies that he brought his suit as an intimidation tactic or to chill freedom of speech.

34.    Watson neither admits nor denies the allegations in Paragraph 34, as they state a legal conclusion to which no response is required.

## FIRST COUNTERCLAIM (UNDER NY CIVIL RIGHTS LAW § 70-A ET SEQ. FOR VIOLATION OF NY'S ANTI-SLAPP LAWS

35.     Watson repeats and realleges each and every answer to the allegations contained in the paragraphs above as if fully set forth here.

36.     Watson neither admits nor denies the allegations in Paragraph 36, as they state a legal conclusion to which no response is required.

37.     Watson neither admits nor denies the allegations in Paragraph 37, as they state a legal conclusion to which no response is required.

38.     Watson neither admits nor denies the allegations in Paragraph 38, as they state a legal conclusion to which no response is required.

39.     Watson neither admits nor denies Paragraph 39, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 39.

40.     Watson denies each and every allegation that he had a number of questionable relationships with vulnerable women.  Watson is without knowledge and information sufficient to form a belief as to the truth of what was addressed on Girlsday and other forums and therefore denies those allegations.

41.     Watson denies each and every allegation contained in Paragraph 41.

42.     Watson denies each and every allegation contained in Paragraph 42.

43.     Watson denies each and every allegation contained in Paragraph 43.

44.     Watson neither admits nor denies Paragraph 44, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 44.

45.     Watson neither admits nor denies Paragraph 45, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 45.

46.     Watson denies each and every allegation of Paragraph 46.

47.     Watson denies each and every allegation of Paragraph 47.

48.     Watson neither admits nor denies Paragraph 48, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 48.

49.     Watson denies each and every allegation of Paragraph 49.

50.     Watson neither admits nor denies Paragraph 50, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 50.

51.     Watson denies each and every allegation of Paragraph 51.

52.     Watson neither admits nor denies Paragraph 52, as it states a legal conclusion to which no response is required.  To the extent a response is required, Watson denies the allegations of Paragraph 52.

## <u>AFFIRMATIVE DEFENSES</u>

Plaintiff and Counterclaim Defendant Ralph M. Watson hereby asserts the following affirmative defenses.

### FIRST DEFENSE

The Counterclaim is barred, in whole or in part, by the statute of limitations.

### SECOND DEFENSE

The Counterclaim is barred, in whole or in part, because it fails to state a claim upon which relief can be granted.

### THIRD DEFENSE

The Counterclaim is barred, in whole or in part, because Watson's lawsuit was brought prior to New York enacting an anti-SLAPP statute.

### FOURTH DEFENSE

The Counterclaim is barred, in whole or in part, because it is a SLAPP action intended to chill Watson's due process and constitutional right to seek redress for the defamation and other tortious conduct of Illinois Doe 1 against him.

### FIFTH DEFENSE

The Counterclaim is barred, in whole or in part, because the First Amendment does not apply to defamation, including false rape allegations.

### RESERVATION OF RIGHTS

Watson reserves the right to amend and/or supplement this Answer, including without limitation, to assert additional applicable defenses.

## <u>REQUEST FOR RELIEF</u>

WHEREFORE, Plaintiff and Counterclaim Defendant Ralph M. Watson respectfully requests that this Court:

A.    For dismissal of Defendant and Counterclaimant Illinois Doe 1's Counterclaim with prejudice;

B.    For an order that Defendant and Counterclaimant Illinois Doe 1 take no relief from the Counterclaim;

C.    Award Watson cost and expenses, including attorney and expert fees; and

D.    Grant such other and further relief as the Court may deem just and proper.

Dated:  July 25, 2024

                    By:    /s/ Michael W. Ayotte
                    _____
                    ***Michael W. Ayotte***
                    LAW OFFICES OF MICHAEL W. AYOTTE
                    2629 Manhattan Ave., Suite 144
                    Hermosa Beach, CA 90254
                    Telephone: (310) 343-1864
                    mayotte@clientfirstlegalsolutions.com

                    Counsel for Plaintiff
                    RALPH M. WATSON