1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

August 9, 2024

Laura MacDonald
Tel +1 212 891 1696
LMacDonald@jenner.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Watson v. NY Doe 1 et al.*, No. 19 Civ. 533 (DEH) (VF)

Dear Judge Ho,

The undersigned counsel represent Defendant/Counterclaimant NY Doe 2 ("NY Doe 2"), Defendant/Counterclaimant Illinois Doe 1 ("Illinois Doe 1"), and Plaintiff/Counterclaim Defendant Ralph Watson ("Watson" or "Plaintiff") (collectively, the "Parties") in this litigation. We write pursuant to the Court's August 5, 2024 order granting Watson's motion for leave to file late answers to the counterclaims of NY Doe 2 and Illinois Doe 1 and directing that "[t]o the extent that Defendants believe Plaintiff's answers moot out, provide cause to withdraw, or otherwise change the scope of their motions for summary judgment, the parties may meet and confer and file a joint status letter, including any proposal for modifications to the summary judgment briefing schedule, by August 9, 2024." Dkt. 291. Counsel for Watson, NY Doe 2, and Illinois Doe 1 met and conferred by MS Teams conference on August 8, 2024 and provide the following status update.

**Plaintiff's position:** This Court recently granted Plaintiff's leave to file late answers to Defendants and Counterclaimants ("Defendants") anti-SLAPP counterclaims. Plaintiff contends that the ruling effectively rendered both of Defendants summary judgment motions moot. However, even after meeting and conferring, both Defendants have refused to withdraw their motions, or in the alternative, to amend them to conform to Plaintiff's now filed Answers. Because of both Defendants refusal to withdraw or amend their motions and supporting papers, Plaintiff requests a status conference with the Court to discuss and rule on its expectations for the motions moving forward so as to not unnecessarily waste all the parties and the Court's time and resources. As summarized herein, Plaintiff strongly believes Defendants' summary judgment motions have no reasonable chance for success and that a status conference could at a minimum, provide clarification and guidance on the issues the parties currently disagree on.

CHICAGO   LONDON   LOS ANGELES   NEW YORK   SAN FRANCISCO   WASHINGTON, DC         WWW.JENNER.COM

August 9, 2024
Page 2

Illinois Doe 1's motion was based on 74 purported material facts ("PMF") set forth in her Rule 56.1 Statement. The majority of those PMF's are solely supported by citation to her unverified counterclaim. It is black letter law an unverified complaint is not evidence that can be relied upon at summary judgment. *Caro Capital, LLC v. Koch*, 653 F.Supp.3d 108, 133 (citations omitted.) In meet and confer, Illinois Doe 1 conceded that PMF Nos. 30-74 ("Facts Supportive of Illinois Doe 1's Counterclaim Deemed Admitted by Watson") are no longer relevant given the Court granting Plaintiff leave to file his Answers. PMF Nos. 3-6 and 17 also solely cite to Illinois Doe 1's counterclaim. Of the remaining PMF's only 15 out of 74 (PMF Nos. 7-9, 13-15, 18, 20-27) are potentially material facts, and the majority of those are based on inadmissible evidence. The few material facts not disputed simply refer to background information, including citation to her alleged defamatory posts on Facebook and Instagram and/or filings in the case. Despite this, Illinois Doe 1 refused to withdraw her motion and/or file an amended motion and supporting 56.1 Statement based on admissible evidence. Plaintiff's counsel strenuously objected that such a course of action would cause him, and the Court, substantial unnecessary work and potential confusion.

NY Doe 2's motion relied less on her unverified pleadings, but her arguments are flawed and ill-suited for summary judgment. The misguided basis for her motion is that "Watson has not found a shred of evidence that NY Doe 2 has ever had reason to doubt what she said about him," *i.e.*, that he sexually harassed her and later raped her. MSJ, p. 2. Plaintiff, obviously, has strenuously denied sexually harassing and or raping her and has substantial objective evidence, all ignored by NY Doe 2, that her allegations were malicious and false. This includes an eyewitness, who was also a friend of NY Doe 2 and deposed by her, who directly contradicted NY Doe 2's testimony that she was sexually harassed by Watson. Plaintiff also has evidence that the morning after the alleged rape, when NY Doe 2 reported she was distraught and crying in his office, she instead ordered room service and watched a movie in his hotel room after he left, and posted an image from his room on Instagram with the caption, "I LOVE NY!" She then continued to text him and invite him to brunch and drinks alone with her. Obviously, these are disputed material facts that cannot, as a matter of law, entitle NY Doe 2 to summary judgment.

NY Doe 2 further erroneously contends that Plaintiff cannot establish, as a matter of law, that NY Doe 2 acted with actual malice, falsely claiming that Plaintiff's only evidence on this issue are his self-serving and uncorroborated denial, because it is "well settled that denials without more, do not support a plausible claim of actual malice." MSJ, p. 11, citing *Brimelow v. N.Y. Times Co.*, No. 21-66-CV, 2021 WL 4901969, at *3 (2d Cir. Oct. 21, 2021). However, that same case states that "[a]ctual malice can be established "[t]hrough the defendant's own actions or statements, the dubious nature of his sources, [and] the inherent improbability of the story [among] other circumstantial evidence." *Id.* at *2. As discussed above, Plaintiff has substantial evidence, including eyewitness testimony directly contradicting NY Doe 2's accusations of sexual harassment, and NY Doe 2's own actions and statement following her rape allegation that, at a minimum, raise a triable issue of material fact on the issue of actual malice.

Plaintiff provides this information only to inform the Court that the Defendants motions for summary judgment have no reasonable chance of success.  It is black letter law that in ruling on summary judgment, court "may not make credibility determinations or weigh the evidence" as those determinations are "jury functions, not those of a judge."  *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150.  Plaintiff believes that a status conference to discuss these issues would be extremely beneficial to determine whether NY Doe 2 and Illinois Doe 1's time-consuming summary judgment motions are warranted.

In the event the Court does not desire to hold a status conference, Plaintiff respectfully requests that the briefing schedule be extended three (3) weeks for his oppositions and cross-motions, with all other deadlines being extended as well.  Plaintiff's counsel, as a sole practitioner who is essentially handling this case *pro bono*, is currently overwhelmed with the substantial amount of work required in responding to and bringing these motions for summary judgment, and also lost significant time during the pendency of his request for leave to file answers, which was admittedly unintentionally caused by himself.  The current deadlines are as follows, with the new proposed deadlines in parentheses:

- Plaintiff's Opposition and Cross-Motions:  August 16, 2024 (September 6, 2024)
- Defendants' Reply and Opposition to Cross-Motions:  September 6, 2024 (September 27, 2024)
  Plaintiff's Reply:  September 20, 2024 (October 4, 2024)

**NY Doe 2's position:**  Upon re-reviewing her summary judgment filings, NY Doe 2 has concluded that amendment is unnecessary.  Every statement in NY Doe 2's Rule 56.1 Statement is independently supported by record evidence, *see* Dkt. 276, and the late filing of Plaintiff's answer only moots one sentence in NY Doe 2's memorandum of law, *see* Dkt. 275, at 19.  Accordingly, NY Doe 2 believes it will be more efficient to rest on her original filings and opposes any modification of the briefing schedule.  Further, although NY Doe 2's counsel is available at the Court's convenience, NY Doe 2 opposes Plaintiff's request for a status conference, which in fact appears to be an improper request for oral argument on the summary judgment motions before those motions have been fully briefed.  Finally, NY Doe 2 notes that it is inappropriate for Plaintiff to attempt to use this status update as a mini-brief on the merits of her motion.  For that reason, NY Doe 2 will not respond to Plaintiff's arguments on the merits in this filing and will address those issues in her reply brief in due course.

**Illinois Doe 1's position:** Likewise, Illinois Doe 1 has re-reviewed her summary judgment papers, in light of the Court's August 5, 2024 order, and has concluded that Watson's late answer to her counterclaim neither moots out nor provides cause to withdraw her motion for summary judgment.  To the extent that Watson's late answer to Illinois Doe 1's counterclaim otherwise changes the scope of her motion for summary judgment, Illinois Doe 1 amends her motion as follows:

August 9, 2024
Page 4

       Strikes the following paragraphs within her Rule 56.1 Statement (Dkt. 282): ¶¶ 3-6, 17, 26, 29-40, 43-57, 62-74 (Illinois Doe 1 notes a formatting error that resulted in her Statement's having two paragraphs numbered 61, she retains the first and strikes the second) and

       Strikes Point IV within her Memorandum of Law (Dkt. 283)

       Accordingly, Illinois Doe 1 likewise rests on her original filings (as modified herein) and does not believe any modification of the briefing schedule is warranted. Illinois Doe 1 joins NY Doe 2's opposition to Watson's request for a status conference and objection to Watson's improper use of this joint status letter, for the reasons set forth above.

Respectfully submitted,

*/s/ Laura P. MacDonald*
Laura P. MacDonald
Jenner & Block LLP
*Counsel for Defendant and Counterclaimant NY Doe 2*

*/s/ David J. Grech*
David J. Grech
Gordon Rees Scully Mansukhani, LLP
*Counsel for Defendant and Counterclaimant Illinois Doe 1*

*/s/ Michael W. Ayotte*
Michael W. Ayotte
Law Offices of Michael W. Ayotte
*Counsel for Plaintiff and Counterclaim Defendant Ralph M. Watson*