1155 AVENUE OF THE AMERICAS, NEW YORK, NY 10036-2711

JENNER&BLOCK LLP

September 23, 2024

Laura MacDonald
Tel +1 212 891 1696
LMacDonald@jenner.com

**VIA ECF**

The Honorable Dale E. Ho
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   *Watson v. NY Doe 1 et al.*, No. 19 Civ. 533 (DEH) (VF)

Dear Judge Ho,

We represent NY Doe 2 in the above-captioned case. We write to provide a brief response to Plaintiff Ralph Watson's request, raised in an improper sur-reply in opposition to NY Doe 2's motion for summary judgment, that the Court disregard certain of NY Doe 2's reply papers because they were filed shortly after midnight on the filing deadline. *See* Dkt. 315 at 2–3. The Court should deny Plaintiff's request, which seeks a plainly unjust outcome.

Initially, as Plaintiff concedes, NY Doe 2's Reply Memorandum of Law in Support of Her Motion for Summary Judgment (Dkt. 309) was timely filed and there is no basis for the Court to disregard it. It is true that NY Doe 2's Reply in Support of Her Statement of Undisputed Material Facts (Dkt. 310), Responses to Plaintiff's Evidentiary Objections (Dkt. 311), and Declaration of Rémi J.D. Jaffré (Dkt. 312), were delayed, with the final document having been filed at 1:18 AM on September 7, 2024. That delay, however, was solely the result of a technical error due to which our firm's docketing department experienced a lag when attempting to upload the documents to ECF. The later-filed documents were not revised in any fashion after midnight on Friday, September 6, 2024.

Unsurprisingly, courts in this District routinely consider late-filed papers under similar circumstances. *See Mascaro Const. Co. L.P. v. Local Union No. 210*, 391 F. App'x 13, 16 (2d Cir. 2010) (affirming district court's decision to consider as timely a reply brief filed shortly after midnight given the party's letter explanation and lack of prejudice); *Bryant v. Commissions of Social Sec.*, 2015 WL 6758094, at *11 n.7 (S.D.N.Y. Nov. 5, 2015) (deeming reply in support of motion filed "approximately eleven hours late" timely); *VIDIVIXI, LLC v. Grattan*, No. 15-CV-7364 (JGK), 2016 WL 4367972, at *3 (S.D.N.Y. Aug. 13, 2016) (deeming motion papers filed

September 23, 2024
Page 2

"only a few hours" past midnight timely).[1]   Nor does Plaintiff identify any prejudice suffered by him due to NY Doe 2 completing her reply filing 78 minutes late on a Friday night.[2]

In any event, the Court need not consider either Plaintiff's improper sur-reply[3] or his evidentiary objections (Dkt. 315), both of which are a "thinly-veiled attempt to circumvent" this Court's order setting page limits (Dkt. 267), resulting in needless "extraneous briefing" which "[t]he Court is, of course, entitled to disregard." *Emanuel v. Gap, Inc.*, No. 19-CV-03617 (PMH), 2022 WL 3084317, at *4 (S.D.N.Y. Aug. 3, 2022).

Dated:   New York, New York
         September 23, 2024                         Respectfully submitted,

                                                    By:  /s/ Laura P. MacDonald

Kara Brandeisky                                     Laura P. MacDonald
JENNER & BLOCK LLP                                  Rémi J.D. Jaffré
1099 New York Avenue                                Susanna Evarts
Washington, DC 20001                                Anna Windemuth
(202) 639-6000                                      JENNER & BLOCK LLP
                                                    1155 Avenue of the Americas
                                                    New York, NY 10036
                                                    (212) 891-1600
                                                    LMacDonald@jenner.com

                                                    *Counsel for Defendant NY Doe 2*

---

[1] The lone case Plaintiff cites in support of his request is readily distinguishable, because in that case the filing party "was not entitled to file [the] reply papers" at issue in the first place. *Luedeke v. Village of New Paltz*, 194 F.R.D. 64, 65 (N.D.N.Y. 2000).

[2] Plaintiff's request is particularly outrageous given that he recently sought and received permission to answer NY Doe 2's counterclaim ***280 days late***, after summary judgment briefing had already begun, contending that this months-long delay would not prejudice NY Doe 2.  *See* Dkt. 286 at 2.

[3] The scheduling order provided that, on September 20, 2024, Plaintiff would file a reply in further support of his cross-motion for summary judgment against Illinois Doe 1, not additional material relating to NY Doe 2's motion for summary judgment, which was fully briefed as of September 6, 2024.  *See* Dkt. 272.