UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RALPH M. WATSON, an individual,

Plaintiff,

- against -

NY DOE 2, an individual; NY DOE 3, an individual; NY DOE 4, an individual; ILLINOIS DOE 1, an individual; DOE COMPANY, an unknown business entity; DOE 1, an individual; and DOES 2 through 100, whose true names and capacities are unknown,

Defendants.

Case No.: 1:19-cv-00533-DEH-VF

**RESPONSE TO MOTION TO STAY PROCEEDINGS PENDING APPEAL**

**Schlam Stone & Dolan LLP**
Jessica Caterina
26 Broadway
New York, New York 10004
212.344.5400
jcaterina@schlamstone.com

**Holland & Hart LLP**
Jessica J. Smith (*pro hac vice* forthcoming)
Elaine C. Larsen (*pro hac vice* forthcoming)
555 17th Street, Suite 3200
Denver, CO 80202-3921
303.295.8000
jjsmith@hollandhart.com
eclarsen@hollandhart.com

*Attorneys for Defendant and Counterclaimant Illinois Doe 1*

# TABLE OF CONTENTS

I. STATEMENT OF FACTS ..... 1

II. LEGAL STANDARD ..... 2

III. ARGUMENT ..... 3

A. Plaintiff Cannot Demonstrate Likelihood of Success on Appeal ..... 3

B. Plaintiff will not Suffer Irreparable Harm from a Stay of Proceedings ..... 6

C. Counterclaimants will Suffer Substantial Injury from a Stay of Proceedings ..... 8

D. Public Interest Strongly Favors Denying the Stay ..... 8

IV. CONCLUSION ..... 9

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986)....................6

*Beyond Bespoke Tailors, Inc. v. Barchiesi*,
2024 U.S. Dist. LEXIS 45373 (S.D.N.Y. Dec. 30, 2024) ....................2, 3

*Brabson v. Friendship House of W. N.Y., Inc.*,
2000 U.S. Dist. LEXIS 13453 (W.D.N.Y. Sep. 5, 2000) ....................7

*Brown v. Peregrine Enters.*,
2022 U.S. Dist. LEXIS 224654 (S.D.N.Y. Dec. 13, 2022) ....................6

*Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*,
2015 U.S. Dist. LEXIS 113309 (S.D.N.Y. Aug. 26, 2015)....................8

*Church of Scientology Int'l v. Behar*,
238 F.3d 168 (2d Cir. 2001)....................3

*Ezekwo v. NYC Health & Hosp. Corp.*,
940 F.2d 775 (2d Cir. 1991)....................4

*Hilton v. Braunskill*,
481 U.S. 770 (1987)....................2, 6, 8, 9

*In re Arcapita Bank B.S.C(c)*,
2023 U.S. Dist. LEXIS 87543 (S.D.N.Y. May 18, 2023)....................7

*In re Elec. Books Antitrust Litig.*,
2014 U.S. Dist. LEXIS 57473 (S.D.N.Y. Apr. 24, 2014)....................8

*Knelman v. Middlebury Coll.*,
2013 U.S. Dist. LEXIS 3391 (D. Vt. Jan. 9, 2013)....................8

*Lifetree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*,
2017 U.S. Dist. LEXIS 178581 (S.D.N.Y. Oct. 27, 2017)....................6

*Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*,
13 F.4th 247 (2d Cir. 2021) ....................4

*Mattleson v. Boyle*,
133 Fed. App'x 761 (2nd Cir. 2005)....................4

*McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*,
503 F.3d 167 (2d Cir. 2007)....................2

*Minskoff v. Mendoza*,
2025 U.S. Dist. LEXIS 392086 (E.D.N.Y. Sep. 1, 2025)....................5

*Mohammed v. Reno*,
309 F.3d 95 (2d Cir. 2002)....................2, 3

*Nken v. Holder*,
556 U.S. 418 (2009)....................3

*Nw. Nat'l Ins. Co. v. Insco, Ltd.*,
866 F. Supp. 2d 214 (S.D.N.Y. 2011)....................6

*Robinson v. De Niro*,
739 F. Supp. 3d 33 (S.D.N.Y. May 25, 2023) ....................5

*Schafmeister v. Nyu Langone Hosps.*,
2021 U.S. Dist. LEXIS 100683 (S.D.N.Y. May 27, 2021)....................8

*United States v. Private Sanitation Indus. Ass'n*,
44 F.3d 1082 (2d Cir. 1994)....................2, 9

*United States v. Provenzi*,
2025 U.S. Dist. LEXIS 155774 (W.D.N.Y. Aug. 12, 2025) ....................7

**OTHER AUTHORITIES**

Fed. App. R. 8(a)....................2

Fed. R. Civ. P. 62 ....................2

Plaintiff's Motion to Stay Proceedings Pending Appeal ("Motion") is a meritless attempt to delay the inevitable consequences of his litigation campaign carried out over six years. But the District Court's thorough Opinion and Order ("Op. and Ord.") on Counterclaimants' summary judgment motions was legally sound and well-reasoned. More still, Plaintiff fails to satisfy any of the four requisite factors for a stay. The Court should therefore deny the Motion in its entirety.

## I. STATEMENT OF FACTS

Plaintiff filed this lawsuit in January 2019 seeking over $10 million in damages. This is the third lawsuit he has filed arising from the same events, including (1) the California DMA suit (dismissed for lack of service); (2) the Colorado CP+B arbitration (pending since 2019, with a hearing set for January 2026); and (3) this federal defamation action. This case has consumed over six years of litigation across multiple jurisdictions. The extensive factual record developed over this prolonged period reveals Plaintiff's persistent abuse of the judicial process at every turn.

On September 17, 2025, the Court issued a comprehensive summary judgment ruling dismissing all of Plaintiff's claims and granting Counterclaimants' anti-SLAPP counterclaims. In its ruling, the Court found that Watson "abused the judicial process and waged a protracted legal battle over baseless claims." Op. and Ord. at 35. The Court applied the actual malice standard under New York's anti-SLAPP statute to an extensive and well-developed factual record.

NY Doe 2 seeks an award of $1,489,098 in attorney's fees and costs. Illinois Doe 1's motion for fees is forthcoming.[1] Watson filed his appeal on October 15, 2025, and his stay motion on October 24, 2025.

## II. LEGAL STANDARD

Both Fed. R. Civ. P. 62 and Fed. App. R. 8(a) govern the Court's ability to grant a motion to stay pending appeal. "A party seeking a stay of a lower court's order bears a difficult burden." *United States v. Private Sanitation Indus. Ass'n*, 44 F.3d 1082, 1084 (2d Cir. 1994). When considering a motion to stay, the Court should balance the following four factors: (1) Plaintiff's strong likelihood of success merits; (2) whether Plaintiff will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) the effects on public interest. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987); *Mohammed v. Reno*, 309 F.3d 95, 100 (2d Cir. 2002). The first two factors are the most critical, and a stay should be denied when the movant fails to satisfy the first two factors. *Beyond Bespoke Tailors, Inc. v. Barchiesi,* 2024 U.S. Dist. LEXIS 45373, at *9 (S.D.N.Y. Dec. 30, 2024). Otherwise, the degree to which each factor is present may vary, allowing for more of one factor to excuse less of another. *See McCue v. City of New York (In re World Trade Ctr. Disaster Site Litig.)*, 503 F.3d 167, 170 (2d Cir. 2007).

---

[1] Illinois Doe 1 recently had a change in counsel, and her new attorneys are working with her previous attorneys to submit a fee motion.

## III. ARGUMENT

### A. Plaintiff Cannot Demonstrate Likelihood of Success on Appeal

Plaintiff must establish the likelihood of success on the merits to obtain a stay of proceedings. *See Barchiesi,* 2024 U.S. Dist. LEXIS 45373, at *9. To satisfy this factor, the movant must demonstrate a likelihood of success on the merits that is more than a "mere possibility that relief will be granted." *Nken v. Holder*, 556 U.S. 418, 420 (2009).[2] The same is true for Plaintiff.

The Court here properly applied the New York anti-SLAPP statute requiring clear and convincing evidence of actual malice. *See* Op. and Ord. at 17, 20–24. This application was not only legally correct but was based on an extraordinarily thorough factual record developed over more than six years of litigation. Notably, the Court stated that "[t]he reckless conduct needed to show actual malice 'is not measured by whether a reasonably prudent man would have published, or would have investigated before publishing,' but by whether there is sufficient evidence 'to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." *Id.* at 24 (*Church of Scientology Int'l v. Behar*, 238 F.3d 168, 174 (2d Cir. 2001)).

The Court's application of this standard was particularly thorough. After examining Plaintiff's three examples of purported evidence of actual malice—testimony from Anonymous Witness 1, NY Doe 2's post-assault behavior, and alleged inconsistencies in NY Doe 2's

---

2 Plaintiff cites to *Mohammed* to water down the importance of this factor. Motion at 4. However, in *Mohammed*, the Court held that there was "no basis for thinking that [the plaintiff] ha[d] a substantial possibility of a successful appeal" based on legal precedent. 309 F.3d at 102.

account—the Court methodically explained why each example failed to meet the demanding actual malice standard. *See* Op. and Ord. at 24–31. Importantly, the Court recognized that even if a jury were to find NY Doe 2's statements false, "there is nothing in the record to suggest by clear and convincing evidence that she *knew* her statement was false or *entertained serious doubts* about its truth." *Id*. at 30 (emphasis included). This analysis reflects a strong understanding of the significant distinction between falsity and actual malice—a distinction Plaintiff continues to conflate.

Indeed, over the course of more than six years of litigation, the Court developed an extensive factual record and correctly found that Plaintiff's evidence was "equivocal" and "open to opposing presumptions." *Id.* at 27 (citing *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 13 F.4th 247, 260 (2d Cir. 2021)). This line of reasoning goes against the likelihood of Plaintiff's success on appeal, given the thoroughness of discovery pertaining to the application of the malice standard.

Moreover, the Court properly found Plaintiff "abused the judicial process," a finding supported by the extensive record of Plaintiff's litigation conduct. *See id.* at 35. This, too, goes against the likelihood of success factor, because the appellate court "gives considerable deference to the district court's credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record." *Mattleson v. Boyle*, 133 Fed. App'x 761, 762 (2nd Cir. 2005) (citing *Ezekwo v. NYC Health & Hosp. Corp.*, 940 F.2d 775, 780 (2d Cir. 1991). This Court's finding of process abuse represents precisely the type of credibility and inference determination that is entitled to substantial deference on appeal.

Plaintiff's arguments in support of this factor lack merit. *First*, Plaintiff claims his appeal has merit based on a "chilling effect" on defamation plaintiffs' ability to seek judicial remedies. This argument fails because Plaintiff fundamentally mischaracterizes the nature of his claims and the Court's ruling. The Court did not dismiss his claims to protect free speech at the expense of legitimate defamation actions. Rather, the Court properly applied well-established legal standards and found that Plaintiff failed to meet the actual malice standard required under New York's anti-SLAPP statute. Constitutional protections do not require courts to ignore clear evidence of judicial resource abuse or to abandon established legal standards. *See Robinson v. De Niro*, 739 F. Supp. 3d 33, 89 (S.D.N.Y. May 25, 2023) ("The first amendment interests involved in private litigation … are not advanced when the litigation is based on intentional falsehoods or on knowingly frivolous claims.").

*Second*, Plaintiff's reliance on *Minskoff v. Mendoza* is misplaced. *See* 2025 U.S. Dist. LEXIS 392086, at *4 (E.D.N.Y. Sep. 1, 2025). That case involved clearly different factual contexts. There, the alleged defamer was recorded threatening to make rape allegations. *See id.* at *4. This constitutes direct evidence of intent to fabricate rape allegations as leverage, along with clear retaliatory motive and timeline evidence.

Here, there is no such evidence in the record. Plaintiff presents no comparable evidence of knowing falsity—nor could he. Instead, he offers only the same type of evidence the Court already found insufficient: inconsistencies and post-assault behavior that expert testimony explained as consistent with genuine trauma responses. *See* Op. and Ord. at 11, 28. The Court emphasized that actual malice requires "affirmative evidence" beyond credibility attacks, and that "discredited testimony is not normally considered a sufficient basis for drawing a contrary

conclusion." *Id.* at 29 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256-57 (1986)). The Court correctly held that actual malice could not be inferred merely from inconsistencies in memory or counterintuitive post-assault behavior, which expert testimony explained as consistent with genuine trauma responses. *See* Op. and Ord. at 28.

*Third*, the fact that Plaintiff's appeal includes issues subject to *de novo* review is irrelevant. *See Hilton*, 481 U.S. at 776 (explaining the four factors that Courts should balance when considering a stay of proceedings). While *de novo* review may be relevant to the merits of a case, it does not directly influence the procedural decision of whether to grant a stay. If it were dispositive, all cases subject to *de novo* review would warrant a stay. Instead, the decision to grant a stay is an exercise of judicial discretion and depends on the specific circumstances of the case. *See Nw. Nat'l Ins. Co. v. Insco, Ltd.*, 866 F. Supp. 2d 214, 218 (S.D.N.Y. 2011). Here, Plaintiff has not demonstrated that the circumstances of the case warrant a stay.

For the foregoing reasons, Plaintiff fails to satisfy the first critical factor of *Hilton*, and his stay should therefore be denied.

B. <u>Plaintiff will not Suffer Irreparable Harm from a Stay of Proceedings</u>

Plaintiff created his own financial predicament by pursuing baseless litigation for over six years across multiple jurisdictions. Contrary to Plaintiff's argument, "increased litigation costs alone generally do not provide a dispositive 'irreparable injury' requiring a stay." *Brown v. Peregrine Enters.*, 2022 U.S. Dist. LEXIS 224654, at *11 (S.D.N.Y. Dec. 13, 2022). Plaintiff cannot "throw[] stones from a glass house" by arguing that injury will come solely from the cost of litigation. *Lifetree Trading Pte., Ltd. v. Washakie Renewable Energy, LLC*, 2017 U.S. Dist. LEXIS 178581, at *9 (S.D.N.Y. Oct. 27, 2017). Plaintiff chose to file this lawsuit, in three

separate forums no less, and draw out litigation premised on defamation accusations that were "equivocal" and "open to opposing presumptions." Op. and Or. at 27. "[S]uch monetary losses in connection with continued litigation do not constitute irreparable harm." *In re Arcapita Bank B.S.C(c)*, 2023 U.S. Dist. LEXIS 87543, at *3 (S.D.N.Y. May 18, 2023). By voluntarily assuming the risks inherent in pursuing this litigation, he cannot now argue, with any credibility, that there will be irreparable harm as a result of the natural consequences of continuing this lawsuit.

Moreover, Watson has alternative remedies available, including bankruptcy court protection if needed, appeal bonds, or installment payment arrangements. While the prospect of bankruptcy is serious, Plaintiff cannot invoke self-inflicted financial hardship as an excuse for prolonging meritless litigation. Indeed, Courts routinely deny stays where movants face consequences from their own litigation choices. *See, e.g., id.* (explaining that "Courts regularly hold, however, that such monetary losses in connection with continued litigation do not constitute irreparable harm"); *United States v. Provenzi*, 2025 U.S. Dist. LEXIS 155774, at *6 (W.D.N.Y. Aug. 12, 2025) (explaining that injury from a failure to comply with court orders could not constitute irreparable harm); *Brabson v. Friendship House of W. N.Y., Inc.*, 2000 U.S. Dist. LEXIS 13453, at *6 (W.D.N.Y. Sep. 5, 2000) ("[T]he procedural history of this case shows that any such harm suffered is self-inflicted."). The potential for financial hardship cannot excuse conduct that this Court has already found to be abuse of the judicial process, nor should it provide a mechanism for Plaintiff to further delay resolution for prevailing parties who have already endured over six years of defending against false accusations.

Once again, Plaintiff fails to satisfy one of the critical factors of *Hilton*, and therefore the stay should be denied.

C. Counterclaimants will Suffer Substantial Injury from a Stay of Proceedings

Conversely, Counterclaimants will suffer substantial injury from a granted stay. "When evaluating the injury to the non-applicant of granting a stay … the measure of injury is not irreparable harm, but substantial harm." *Church & Dwight Co. v. SPD Swiss Precision Diagnostics, GmbH*, 2015 U.S. Dist. LEXIS 113309, at *10 (S.D.N.Y. Aug. 26, 2015). Counterclaimants have endured over six years of defending against false accusations since this litigation commenced in January 2019. Continued delay would only prolong the injuries they have already sustained to their livelihoods and emotional wellbeing. Delaying these proceedings would also delay the recovery due to Counterclaimants should they prevail on their attorney's fees motions. *See In re Elec. Books Antitrust Litig.*, 2014 U.S. Dist. LEXIS 57473, at *36–37 (S.D.N.Y. Apr. 24, 2014) (explaining that plaintiffs had a strong interest in being fully compensated for their losses as soon as possible, so a stay was not appropriate). Because Counterclaimants will be substantially injured, the Court should deny the Motion.

D. Public Interest Strongly Favors Denying the Stay

"[T]he interests of judicial economy and the public's need for an expeditious resolution of cases also weigh[s] against any further stay." *Schafmeister v. Nyu Langone Hosps.*, 2021 U.S. Dist. LEXIS 100683, at *16 (S.D.N.Y. May 27, 2021). There is no public interest in cases "which do not progress to a resolution while one party pursues an appeal." *Knelman v. Middlebury Coll.*, 2013 U.S. Dist. LEXIS 3391, at *13 (D. Vt. Jan. 9, 2013). This case has been thoroughly litigated and adjudicated over more than six years, with comprehensive factual

development and a thorough record. This Court issued a well-reasoned summary judgment ruling on solid legal grounds, and there is no justification for further delay in resolving the matter. Furthermore, it is in the interest of judicial economy to continue hearing the fee motions while the appeal is pending.

Plaintiff's argument assumes he will succeed on appeal—a speculative proposition that should not unfairly drive judicial resource allocation. If his appeal fails, the stay will have unnecessarily delayed resolution without any benefit to judicial economy. This Court should not halt proceedings based on uncertain appellate outcomes, particularly when the Court issued a comprehensive ruling after six years of thorough litigation and factual development.

## IV. CONCLUSION

For the foregoing reasons, the Court should deny the Motion. Plaintiff has failed to satisfy any of the four required factors under *Hilton*, much less demonstrate the "difficult burden" required for a stay pending appeal. *Private Sanitation Indus. Ass'n*, 44 F.3d at 1084.

Dated: October 31, 2025

Respectfully Submitted,

/s/*Jessica Caterina*
Jessica Caterina
Schlam Stone & Dolan LLP
26 Broadway
New York, New York 10004
212.344.5400
jcaterina@schlamstone.com

/s/*Jessica J. Smith*
Jessica J. Smith (*pro hac vice* forthcoming)
Elaine C. Larsen (*pro hac vice* forthcoming)
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202-3921
303.295.8000
jjsmith@hollandhart.com
eclarsen@hollandhart.com

***Attorneys for Defendant and Counterclaimant Illinois Doe 1***

36120449_v5