UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RALPH M. WATSON,<br><br>      Plaintiff,<br><br>-against-<br><br>NY DOE 1 ET AL.,<br><br>      Defendants. | 19-CV-00533 (DEH)(VF)<br><br>**ORDER** |

**VALERIE FIGUEREDO, United States Magistrate Judge.**

On September 17, 2025, the Honorable Dale E. Ho granted summary judgment to Defendants NY Doe 2 and Illinois Doe 1 on Plaintiff's claims for defamation and tortious interference. ECF No. 348. On October 17, 2025, Defendant NY Doe 2 filed a motion for attorney's fees and costs. ECF No. 379-380. The motion for fees is forthcoming for Defendant Illinois Doe I. See ECF No. 392 at 2. On October 24, 2025, Plaintiff Ralph M. Watson moved for a stay of the motion for attorneys' fees, pending an appeal to the Second Circuit. See ECF Nos. 388-390. Defendant NY Doe 2 opposed the request for a stay, as did Defendant Illinois Doe I. See ECF Nos. 392-93. For the reasons stated herein, the request for a stay is **DENIED**.

Federal courts are empowered to stay cases pending appeals, but "[a] stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." Nken v. Holder, 556 U.S. 418, 433 (2009) (internal quotation marks and citations omitted). "The party requesting a stay

bears the burden of showing that the circumstances justify an exercise of that discretion." Id. at 433-34. A court considers four factors in determining whether to issue a stay pending appeal: "the likelihood of success on the merits, irreparable injury if a stay is denied, substantial injury to the party opposing a stay if one is issued, and the public interest." Mohammed v. Reno, 309 F.3d 95, 100 (2d Cir. 2002). "'The necessary 'level' or 'degree' of possibility of success will vary according to the court's assessment of the other [stay] factors.'" Id. at 101 (quoting Washington Metropolitan Area Transit Commission v. Holiday Tours, Inc., 559 F.2d 841, 843 (D.C. Cir.1977)). "'The probability of success that must be demonstrated is inversely proportional to the amount of irreparable injury plaintiff[ ] will suffer absent the stay. Simply stated, more of one excuses less of the other.'" Id. (quoting Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir. 1991)).

First, Plaintiff has not shown a likelihood of success on the merits on appeal. See ECF No. 389 at 4-6. As Jude Ho concluded, Plaintiff failed to show actual malice. ECF No. 348 at 22-34. Plaintiff offers no meaningful argument that the Court erred in concluding that there was no evidence in the record from which a trier of fact could conclude that Plaintiff had shown actual malice. Instead, Plaintiff points to the fact that the Court allowed his claims to proceed beyond a motion to dismiss, which assessed his claims under a different standard. And Plaintiff also points to the summary judgment decision in a different case to argue that

the Court there denied summary judgment after assessing evidence similar to the evidence Plaintiff offered here. ECF No. 389 at 5. But <u>Minskoff v. Mendoza</u>, 2025 WL 2505472 (E.D.N.Y. Sept. 1, 2025), is factually distinguishable because the alleged assault victim in that case had threatened to "use [her] power" to accuse the plaintiff in that case of rape during a recorded argument, <u>id.</u> at *2, and also had a "powerful motive to lie" given the evidence that she sought to prevent the plaintiff from seeing their child, <u>id.</u> at *12. Here, the Court already concluded that actual malice could not be inferred merely from inconsistencies in memory or counterintuitive post-assault behavior. The arguments Plaintiff raises in support of his request for a stay merely rehash the arguments already rejected by the Court.

Second, a stay pending appeal is not necessary to prevent irreparable harm. Plaintiff has put forth no evidence of imminent irreparable harm. Instead, Plaintiff argues that enforcement of "multimillion dollar monetary judgments" will require him to file for bankruptcy protection. But there has been no monetary judgment issued. The motion for attorney's fees is not even fully briefed. See <u>Romeo & Juliette Laser Hair Removal, Inc.</u>, 2016 WL 3017394, at *2 (S.D.N.Y. May 24, 2016) (refusing to stay enforcement of attorneys' fee award despite claim by movant of financial hardship). Nor is the potential for litigation costs sufficient to establish irreparable injury. <u>Brown v. Peregrine Enters.</u>, 2022 WL 17593321, at *3 (S.D.N.Y. Dec. 13, 2022) ("[I]ncreased litigation costs alone generally do not provide a dispositive

'irreparable injury' requiring a stay."). Finally, NY Doe 2 and Illinois Doe 1 are prejudiced by further delay. This case has spanned seven years, and NY Doe 2's counsel has already expended significant time in preparing the attorneys' fees motion, because Plaintiff did not indicate earlier that he intended to seek a stay pending appeal.

In short, a stay pending appeal is not a matter of right. See Nken v. Holder, 556 U.S. 418, 427 (2009) (explaining that a stay is an "intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right"). Because Plaintiff has not shown either a likelihood of success on the merits of his appeal or irreparable harm absent a stay, a stay is not warranted.

The Clerk of Court is respectfully directed to terminate the letter motions at ECF Nos. 388, 389, 390.

**SO ORDERED.**

Dated:   November 7, 2025
         New York, New York

VALERIE FIGUEREDO
United States Magistrate Judge