Law Offices of
# MICHAEL W. AYOTTE

2629 Manhattan Avenue, Suite 144
Hermosa Beach, California 90254

(310) 343-1864
mayotte@clientfirstlegalsolutions.com

**VIA ECF**

The Honorable Valerie Figueredo                                                         November 16, 2025
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY 10007-1312

        Re:      Watson v. NY Doe 2 et al., Case No. 1:19-cv-00533-DEH-VF

Dear Judge Figueredo,

      I represent Plaintiff and Counterclaim Defendant Ralph M. Watson ("Plaintiff") in this case. This letter is in response to Defendant and Counterclaimant Illinois Doe 1's November 14, 2025 letter to the Court seeking a **third** extension of time to submit a request for attorney's fees and costs. ECF 382, 394 and 397. However, the second request for an extension was made **after** the deadline to file any such motion was previously extended by the Court to October 24, 2025, and Illinois Doe 1 has failed to establish sufficient grounds establishing its failure to file was the result of "excusable neglect."[1]

      Extensions of time to file after a deadline has passed require satisfying two legal criteria: good cause or excusable neglect. "The 'good cause' standard applies when the need for an extension arises from factors outside the control of the movant; the 'excusable neglect' standard applies when the need for an extension results from factors within the movant's control." *Alexander v. Saul*, 5 F.4th 139, 142 (2d Cir. 2021); Fed. R. Civ. P. 6(b)(1)(B). Here, all the reasons set forth in Illinois Doe 1's letter were within the movant's control, so the appropriate standard to apply is "excusable neglect." Court's consider four factors to determine whether a movant has demonstrated "excusable neglect": (1) the danger of prejudice to the non-movant, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the

---

[1] This Court granted Illinois Doe 1's second request prior to allowing Plaintiff an opportunity to respond. ECF 395.

LAW OFFICES OF MICHAEL W. AYOTTE

delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith. *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). The Second Circuit "set[s] a high bar for findings of excusable neglect," even where a movant would lose substantial rights, otherwise the "legal system would groan under the weight of a regimen of uncertainty in which time limitations were not rigorously enforced." *Robaina v. Deva Concepts, LLP*, 2023 WL 3144038, at *2 (2d Cir. April 28, 2023) (citation omitted).

Further, courts in the Second Circuit primarily focus on the third factor: the reason for the delay, including whether it was within the reasonable control of the movant. *United States v. $610,210 in U.S. Currency,* 2022 WL 1125980, at *5 (S.DN.Y. April 15, 2022), citing *Silivanch v. Celebrity Cruises, Inc*., 333 F.3d 355, 366 (2d Cir. 2003). As a result, "where the defaulting party failed to provide a compelling reason for its failure to comply with a clear deadline, the other factors are not even considered." *$610,210 in U.S. Currency* at *5 (citation omitted) (collecting cases). In *Silivanch*, the Second Circuit held that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Silivanch*, 333 F.3d at 366.

Here, Illinois Doe 1 has failed to provide any justifiable reason, much less the required compelling reason for missing a clear deadline that it does even claim it somehow inadvertently originally missed. Rather, counsel was fully aware of the deadline and simply chose to ignore, instead choosing to handle other matters first. Further, Illinois Doe 1 is represented by <u>multiple</u> counsel, who admittedly met all their other deadlines in the case, including requesting the prior extension that was granted, and responding to Plaintiff's motion to stay as directed by this Court on October 31, 2025. ECF 382, 391. While counsel list various reasons for failing to file a timely request for attorney fees, *i.e*., lead counsel was busy on another matter, they fail to provide any reasonable explanation why two large firms, with multiple attorneys working on the case, could not request a second extension, or were unable to file a timely motion, especially given the substitution of counsel was not filed until the same day their request for attorney's fees was due, October 24, 2025. ECF 385.[2] Further, there is no reasonable explanation provided as to why Illinois Doe 1's original counsel, who handled the case for over 6 years, were unable to handle the motion for attorney's fees and costs by the October 24, 2025, when counsel for NY Doe 2 was able to meet the original October 17, 2024 deadline.

---

[2] The fact that comprehensive billing records are allegedly unavailable indicate no contemporaneous billing records exist, which is fatal to any request for court-ordered attorney fee compensation. The Second Circuit specifically requires that any attorney who applies for court-ordered compensation must document the application with contemporaneous time records. *Melo v. Milagro,* F.Supp.3d, 38, 62 (2024), citing *N.Y State Ass'n for Retarded Child., Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter." *Id*., citing *Handschu v. Special Servs. Div*., 727 F.Supp.2d 239, 249 (S.D.N.Y. 2010). "Descriptions of work recollected in tranquility days or weeks later will not do." *Id*. "The contemporaneous time records is strictly enforced[.]" *Id*., citing *Valentine v. Aetna Life Ins. Co*., No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

LAW OFFICES OF MICHAEL W. AYOTTE

      For the reasons set forth above, Plaintiff respectfully request that this Court deny Illinois Doe 1's letter request for a further extension, for its failure to meet the "high bar" required for a finding of excusable neglect given its failure to provide a compelling reason for failure to comply with the Court's clear deadlines.

      Sincerely,

      */s/ Michael W. Ayotte*

      Michael W. Ayotte, Esq.
      LAW OFFICES OF MICHAEL W. AYOTTE

Cc:   All Attorneys of Record (via ECF)