UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
RALPH M. WATSON,

                                  Case No.: 1:19-cv-00533-DEH-VF

                Plaintiff,

       v.

NY DOE 2 and ILLINOIS DOE 1,

                Defendants.
------------------------------------------------------------X


## MEMORANDUM OF LAW IN SUPPORT OF ILLINOIS DOE 1'S MOTION FOR ATTORNEYS' FEES AND COSTS


Jessica Caterina
Schlam Stone & Dolan, LLP
26 Broadway, New York, NY 10004
(212) 344-5400
jcaterina@schlamstone.com

Jessica J. Smith
Elaine C. Larsen
Holland & Hart LLP
555 17th Street, Suite 3200
Denver, CO 80202
(303) 295-8000
JJSmith@hollandhart.com
ECLarsen@hollandhart.com

***Attorneys for Defendant and
Counterclaimant Illinois Doe 1***

## TABLE OF CONTENTS

**Page**

INTRODUCTION ............................................................................................................................. 1

ARGUMENT .................................................................................................................................... 1

    I.    Hourly Rates are Reasonable ................................................................................. 2

    II.   Hours Expended are Reasonable ........................................................................... 4

CONCLUSION ................................................................................................................................. 6

i

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adelson v. Harris*,
   973 F.Supp.2d 467 (S.D.N.Y. 2013)...........................................................................................5

*Blum v. Stenson*,
   465 U.S. 886 (1984).....................................................................................................................3

*Bobulinski v. Tarlov*,
   No. 24-CV-2349 (JPO), 2025 WL 872178 (S.D.N.Y. Mar. 20, 2025)..........................2, 3, 4, 5

*Cercado v. Friedland Properties Inc.*,
   23-CV-08137 (ER), 2024 WL 3656725 (S.D.N.Y. July 10, 2024) ...........................................3

*DiFilippo v. Morizio*,
   759 F.2d 231 (2d Cir. 1985).......................................................................................................4

*Marisol A. ex rel. Forbes v. Giuliani*,
   111 F. Supp. 2d 381 (S.D.N.Y. 2000).....................................................................................4, 5

*Gierlinger v. Gleason*,
   160 F.3d 858 (2d Cir. 1998).......................................................................................................4

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983)....................................................................................................................5

*Lawtone-Bowles v. City of New York*,
   18-CV-4338 (AJN) (OTW), 2021 WL 1326865 (S.D.N.Y. April 8, 2021) .............................5

*Lilly v. City of New York*,
   934 F.3d 222 (2d Cir. 2019)...................................................................................................2, 4

*Malletier v. Artex Creative International Corp.*,
   687 F.Supp.2d 347 (S.D.N.Y. 2010).........................................................................................3

*Millea v. Metro-North R. Co.*,
   658 F.3d 154 (2d Cir. 2011)...................................................................................................3, 4

*Morales v. J & M Deli Corp.*,
   No. 22-CV-04394 (ER), 2023 WL 8483007 (S.D.N.Y. Nov. 22, 2023)...................................3

*Perdue v. Kenny A. ex rel. Winn*,
   559 U.S. 542 (2010)................................................................................................................3, 4

*Trustees of N.Y.C. District Council of Carpenters Pension Fund et al. v. Vision*
 *Construction & Installation, Inc.*,
　　No. 24-CV-2503 (PAE), 2024 WL 2963729 (S.D.N.Y., June 12, 2024) ..............................2, 3

**Secondary Sources**

Opinion and Order of The Honorable Dale E. Ho, U.S.D.J., September 17, 2025
　　(ECF No. 348)....................................................................................................................1

## INTRODUCTION

Ralph M. Watson ("Watson") commenced this litigation against Illinois Doe 1 ("Illinois Doe") and other individuals over alleged defamatory posts made on social media. Illinois Doe is a writer, social commentator, and blogger, who is the founder and moderator of a platform that discusses activities, facts, and circumstances related to the advertising industry. During the height of the #MeToo movement, Illinois Doe, a survivor of sexual harassment herself, and others who interact on her platform often discussed matters of public importance related to the #MeToo movement. Watson commenced this litigation after Illinois Doe reposted several posts on social media that discussed the reasons underlying the termination of Watson's employment, which included allegations that Watson engaged in sexual harassment.

After Watson initiated this frivolous and malicious lawsuit against Illinois Doe and others, meant to stifle Illinois Doe's protected speech, Illinois Doe countersued Watson under New York State's amended anti-SLAPP (Strategic Lawsuit Against Public Participation) law. Illinois Doe argued that the speech at the heart of this litigation was squarely within the public interest and covered by New York's anti-SLAPP law. The Court agreed and granted Illinois Doe summary judgment on Watson's claims against her and on her affirmative claims against Watson.

## **ARGUMENT**

The Court has already determined that Illinois Doe is entitled to an award of attorneys' fees and costs, concluding that "Watson's lawsuit had no substantial basis in fact or law" and "find[ing] that it is Watson who has abused the judicial process and waged a protracted legal battle over baseless claims." Opinion and Order of The Honorable Dale E. Ho, U.S.D.J., September 17, 2025 (ECF No. 348) at p. 35. Illinois Doe's request for attorneys' fees and costs and the amount to be awarded are now the issues before the Court. Illinois Doe 1 respectfully requests an award and

Order against Watson in the amount of $302,029.57, consisting of $291,414.50 in attorneys' fees and $10,615.07 in costs expended on this litigation. *See,* Declaration of David J. Grech, dated December 5, 2025. Illinois Doe respectfully submits that the requested fees and costs are reasonable and should be awarded.

## I. Hourly Rates are Reasonable

Illinois Doe is seeking reasonable fees for the work of several attorneys and paralegals at Gordon Rees Scully & Mansukhani LLP ("GRSM") over the course of more than six years. Specifically, Illinois Doe is seeking between $200.00 and $300.00 per hour for work performed by partners and senior counsel and between $175.00 and $200.00 per hour for work performed by associates and law clerks.

Courts determine reasonable hourly rates by analyzing case-specific variables, including the time and labor required, skill, customary fees, and the results obtained. *See, Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019). Courts consider the "novelty or complexity of a case in determining the reasonable hourly rate or hours billed." *Id*. at 232. "The presumptively reasonable fee boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." *Bobulinski v. Tarlov*, No. 24-CV-2349 (JPO), 2025 WL 872178, at *1 (S.D.N.Y. Mar. 20, 2025) (quoting *Trustees of N.Y.C. District Council of Carpenters Pension Fund et al. v. Vision Construction & Installation, Inc.*, No. 24-CV-2503 (PAE), 2024 WL 2963729, at *4 (S.D.N.Y., June 12, 2024)).[1] Considerations include "'the quality of an attorney's performance'" and "the prevailing market rate in this District for 'similar services by lawyers of reasonably comparable skill, experience and

---

[1] GRSM did not initially take on this matter *pro bono*. It had been paid (at discounted rates) by a fund that supports women in financial need who are targeted by or subjected to litigation. The rates and hours represented in this motion, then, are not hypothetical. These were the actual rates and hours billed to the fund. Eventually, however, the fund was exhausted, but GRSM continued to represent Illinois Doe 1.

2

reputation.'" *Id*. (quoting *Millea v. Metro-North R. Co.*, 658 F.3d 154, 167 (2d Cir. 2011) and *Vision Construction & Installation, Inc.*, 2024 WL 2963729, at *4) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010) and *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

First, the rates requested by Illinois Doe are reasonable given the prevailing market rate for similar services by lawyers of reasonably comparable skill, experience, and reputation. GRSM employs approximately 1,800 attorneys nationwide and has law offices in every state in the country. Given the firm's size and reputation, the requested rates fall well below rates this District has accepted under similar circumstances. *See, Morales v. J & M Deli Corp.*, No. 22-CV-04394 (ER), 2023 WL 8483007, at *2 (S.D.N.Y. Nov. 22, 2023) (finding $425-$450 hourly rate for handling partners and $250-$400 for senior attorneys to be reasonable). *See also, Cercado v. Friedland Properties Inc.*, 23-CV-08137 (ER), 2024 WL 3656725, at *3 (S.D.N.Y. July 10, 2024) (noting that several decisions (in 2021) had approved hourly rates of $300-$450 for partners and finding rates of $175-$250 for other attorneys on the file to be reasonable); *Malletier v. Artex Creative International Corp.,* 687 F.Supp.2d 347, 361 (S.D.N.Y. 2010) (approving hourly rate of $390 for associate attorney). The hourly rates here of $200-$300 for partners and $175-$200 for associates fall well within the range of awards that have been approved in this District.

The complexity of this case further supports the reasonableness of the rates. The legal arguments at issue are novel and complex, including posting and repostings on social media platforms and the application of the recently amended NY anti-SLAPP statute. Accordingly, the Court in *Bobulinski,* when awarding attorneys' fees under a similar anti-SLAPP claim, approved awards of $807.50-$1,338.75 per hour for partners and $637.50-$722.50 per hour for associates. *See,* 2025 WL 872178, at *2. GRSM worked on the same legal issues and billed at much lower rates. It is respectfully submitted that the rates here are therefore presumptively reasonable.

3

Finally, GRSM's success in litigating this case further supports the contention that the fees are reasonable. The quality of representation and the results obtained are key factors when analyzing the reasonableness of attorneys' fees. *See, Lilly*, 934 F.3d at 229; *Bobulinski*, 2025 WL 872178, at *1. Here, after engaging in extensive discovery and motion practice, the Court granted Illinois Doe's motion for summary judgment, dismissing Watson's claims against her and granting Illinois Doe summary judgment on her own anti-SLAPP counterclaim against Watson. Illinois Doe's attorneys therefore succeeded in defending this matter on her behalf, further establishing the reasonableness of the fees.

## II.     Hours Expended are Reasonable

The number of hours expended here is, again, exceedingly reasonable.

> In determining whether the hours expended by the parties was reasonable, the Court must "examine the hours expended by counsel and the value of the work product of the particular expenditures to the client's case.... In making this examination, the district court does not play the role of an uninformed arbiter but may look to its own familiarity with the case and its experience generally as well as to the evidentiary submissions and arguments of the parties."

*Marisol A. ex rel. Forbes v. Giuliani*, 111 F. Supp. 2d 381, 389 (S.D.N.Y. 2000) (citing *Gierlinger v. Gleason,* 160 F.3d 858, 876 (2d Cir. 1998) (quoting *DiFilippo v. Morizio,* 759 F.2d 231, 235–36 (2d Cir. 1985)).

Courts review documentation of the hours expended to determine reasonableness. *See, Bobulinski*, 2025 WL 872178, at *1. "[A] district court may consider factors such as '[t]he novelty and complexity of [the] case.'" *Id.* at *3. (citing *Millea*, 658 F.3d at 167) (quoting *Perdue*, 559 U.S. at 553).

GRSM expended in excess of 1,121.9 hours over this six-year litigation.[2] These hours included time spent on extensive discovery and motion practice. These hours fall well within the expected total hours reasonable attorneys would spend on a matter of this nature. *See, Lawtone-Bowles v. City of New York*, 18-CV-4338 (AJN) (OTW), 2021 WL 1326865, at *3 (S.D.N.Y. April 8, 2021) (1,850.45 hours spent on complex litigation that included extensive discovery and complex motion practice was reasonable). *See also, Marisol A.*, 111 F.Supp.2d at 401 (approving $5 million dollar award for 31,936.16 hours of work).

The number of hours expended in this case is even more reasonable given the complexity of the issues. Courts have acknowledged that anti-SLAPP claims are complex. *See e.g., Adelson v. Harris*, 973 F.Supp.2d 467, 496 (S.D.N.Y. 2013). The Courts in both *Adelson* and *Bubolinski* determined the prevailing attorneys' hours worked and requested fees were reasonable given the novel and complex nature of the legal issues in question. Illinois Doe spent more than half a decade litigating the same novel and complex legal issues. This litigation, as in *Adelson* and *Bubolinski*, required extensive discovery and complex motion practice. The novelty and complexity of the issues here further establish the reasonableness of the hours worked by Illinois Doe's attorneys.

Finally, Illinois Doe's success further demonstrates that the expended hours are reasonable. "Results obtained" is an "important factor" when determining whether hours and fee requests are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Here, Illinois Doe prevailed, in full. Watson's defamation claims against Illinois Doe 1 were dismissed, and Illinois Doe was awarded summary judgment on her own anti-SLAPP claims against Watson. Illinois Doe's complete

---

[2] *See,* note 1. GRSM *billed* a total of 1,121.9 hours to this case from its inception through December 2024. After the defense fund was exhausted, GRSM continued to represent Illinois Doe 1 and *incurred*, but *did not bill* for time spent from January 2025 to present (excluding the instant motion) totaling $21,339.50 at the rates mentioned herein.

5

success on the merits further demonstrates that the expended hours are reasonable and should be awarded in full.

## CONCLUSION

For the foregoing reasons, Illinois Doe 1 respectfully requests that this Court grant Illinois Doe 1's motion for attorneys' fees and costs.

Respectfully submitted,

*s/ Jessica J. Smith*
Jessica Caterina
Schlam Stone & Dolan
26 Broadway
New York, NY 10004
Phone: (212) 344-5400
Email: jcaterina@schlamstone.com

Jessica J. Smith (*pro hac vice pending*)
Elaine C. Larsen (*pro hac vice pending*)
Holland & Hart, LLP
555 17th Street, Suite 3200
Denver, CO 80202
Phone: (303) 295-8000
Email: JJSmith@hollandhart.com
ECLarsen@hollandhart.com

*Attorneys for Defendant and Counterclaimant Illinois Doe 1*

36491712_v1