| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | |
| RALPH M. WATSON, an individual,<br><br>        Plaintiff,<br><br>  -against-<br><br>NY DOE 2, an individual; and ILLINOIS DOE 1, an individual;<br><br>        Defendants. | Case No. 1:19-cv-533-DEH-VF |

**RALPH M. WATSON'S OPPOSITION TO ILLINOIS DOE 1'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Michael W. Ayotte
LAW OFFICES OF MICHAEL W. AYOTTE
2629 Manhattan Ave., Suite 144
Hermosa Beach, CA 90254
Telephone: (310) 343-1864
Email: mayotte@clientfirstlegalsolutions.com

Counsel for Plaintiff and Counterclaim Defendant
RALPH M. WATSON

# **TABLE OF CONTENTS**

|  | Page |
|---|---|
| INTRODUCTION ……………………………………………….......................... | 1 |
| RELEVANT BACKGROUND FACTS ……………………………………………. | 2 |
| RELEVANT PROCEDURAL HISTORY …………………………………………… | 4 |
| ARGUMENT ……………………………………………………………………….. | 4 |
|     A.    Attorney Fees Sought Under New York's Amended Anti-SLAPP Laws are Not Recoverable in Federal Court ………………………………………… | 4 |
|     B.    Watson's Defamation Claims Had a Substantial Basis in Law and Fact ……… | 8 |
|     C.    Anti-SLAPP Attorney Fees Are Not Recoverable for Time Spent Prior to the 2020 Amendments to the Anti-SLAPP Statutes ………………………….. | 9 |
| CONCLUSION ……………………………………………………………………. | 10 |

# **TABLE OF AUTHORITIES**

**Cases:**                                                                                                           **Page:**

*Ashcroft v. Free Speech Coalition,*
    535 U.S. 234 (2002) ………………………………………………………………..   8

*Bobulinski v. Tarlov*,
    2025 WL 872178 (S.D.N.Y. Mar. 20, 2025) ………………………………..   5, 6, 7, 8

*Button v. New York Times*,
    2025 WL 2643674 (S.D.N.Y. Sep. 15, 2025) ……………………………………...   6

*Carroll v. Trump*,
    590 F.Supp.3d 575 (S.D.N.Y. Mar. 11, 2022) ……………………………………..   5

*Friedman v. Bloomberg, L.P.,*
    2022 WL 1004578 (D. Conn. Apr. 4, 2022) ……………………………………..   5

*Gonzalez v. Northwell Health, Inc.*,
    632 F.Supp.3d 148 (E.D.N.Y. 2022) ………………………………………..   7

*Gotwald v. Sebert*,
    40 N.Y.3d 240 (2023) ……………………………………………………………...   2, 9

*Kesner v. Buhl*,
    590 F.Supp.3d 680 (S.D.N.Y. 2022) ……………………………………………...   1, 5, 6

*La Liberte v. Reid*,
    966 F.3d 79 (2d Circ. 2020) …………………………………………………….   1, 5

*Nat'l Acad. Of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.,*
    551 F. Supp. 3d 408 (S.D.N.Y. 2021) ……………………………………   5, 6

*Prince v. Intercept*,
    634 F.Supp.3d 114 (S.D.N.Y. 2022) …………………………………………….   1, 5

*Reeves v. Associated Newspapers, Ltd.*,
    218 N.Y.S.3d 19 (1st Dept. 2024) …………………………………………….   1, 6

*VIP Pet Grooming Studio, Inc.,*
    203 N.Y.S. 681(2024) …………………………………………………….   2, 9

*Vitagliano v. Weiner,*
    231 N.Y.S.3d 722 (4th Dept. 2025) ……………………………………………..   7, 8

**Rules:**

Federal Rule of Civil Procedure 12 ……………………………………………   1, 6, 7, 8, 9

Federal Rule of Civil Procedure 56 ……………………………………………….   1, 6

**Other:**

Civil Rights Law Section 70-a ……………………………………………………   1, 5, 6

Civil Rights Law Section 76-a ……………………………………………………   1

CPLR 3211 ……………………………………………………………………….   1, 7

Plaintiff and Counterclaim Defendant Ralph M. Watson ("Plaintiff" or "Watson") respectfully submits this opposition to Defendant and Counterclaimant Illinois Doe 1's motion for attorney's fees and costs. ECF 402-404.

## INTRODUCTION

A SLAPP suit is brought to intimidate or silence a person who has spoken out about a matter of public interest. *Reeves v. Associated Newspapers, Ltd.*, 218 N.Y.S.3d 19, 21 (1st Dept. 2024). New York's amended anti-SLAPP statutes, Civil Rights Law §§ 70-a, 76-a and CPLR 3211(a)(7), (g)-(h), created "an accelerated summary dismissal procedure" that requires a burden shifting to the plaintiff to demonstrate that a claim has a "substantial basis" in fact and law. *Reeves,* at 22. If the claim is dismissed at the motion to dismiss stage, the defendant is entitled to a mandatory award of attorney fees.

This burden shifting, however, has been held by a majority of federal courts in this district, including the Second Circuit, to be in conflict with Federal Rules 12 and 56, because it imposes a different and higher burden on plaintiffs than the corresponding federal statutes require. See, e.g., *La Liberte v. Reid*, 966 F.3d 79 (2d Circ. 2020) (analyzing California anti-SLAPP statute); *Prince v. Intercept*, 634 F.Supp.3d 114, 141-142 (S.D.N.Y. 2022) (collecting cases) (emphasis added); see also *Kesner v. Buhl*, 590 F.Supp.3d 680, 699-701 (S.D.N.Y. 2022). Based on this conflict, all of these court have held that the fee provisions of **"*§ 70-a does not apply in federal court*."** *Prince*, at 141-142 (emphasis added).

Realizing this, Illinois Doe 1 provides ***no*** authority in support of her request for attorney fees and costs in this action; instead, summarily stating that this "Court has already determined that Illinois Doe 1 is ***entitled*** to an award of fees and costs." See ECF 403 (Memorandum of Law in Support of Illinois Doe 1's Motion for Attorney Fees and Costs ("Fee Mot.") at p. 1

1

(emphasis added)).

Finally, even if the Court does allow Illinois Doe 1 to recover her fees and costs, the request improperly included $91,221.19 of fees for billings prior to the November 2020 amendments of New York's anti-SLAPP laws, despite controlling authority that holds pre-amendment fees are not recoverable.  See *VIP Pet Grooming Studio, Inc.,* 203 N.Y.S. 681, 687-690 (2024), citing among others, *Gotwald v. Sebert*, 40 N.Y.3d 240, 257 (2023).[1]  Thus, at most, Illinois Doe 1's recoverable post-amendment billings total $200,193.31.

## RELEVANT BACKGROUND FACTS

Watson brought a defamation action against defendants and counterclaimants NY Doe 2 and Illinois Doe 1, based on statements they made or republished in 2018, accusing him of sexual harassment and sexual assault.  ECF 47.  NY Doe 2 had reported to an anonymous Instagram account, "Diet Madison Avenue" ("DMA") that she believed she was "drugged and raped" by Watson in April of 2017.  *Id*.  DMA then publicly posted to thousands of its followers that Watson was "an unrepentant serial predator" who "target and groomed" young women.  *Id*.  Not surprisingly, these very public accusations, against both Watson, and his employer, led to Watson being wrongfully terminated "for cause" on February 2, 2018, without him ever even being informed of the name of his accuser, or given the opportunity to respond.  ECF 300, ¶¶ 142-144.

Watson's termination was widely reported in the advertising trade press.  On February 2, 2018, the day of Watson's termination, DMA posted that Watson had been fired and claimed,

---

[1] NY Doe 2 acknowledged these holdings and specifically did not include any pre-amendment billing in her now settled fee request.  See NY Doe 2's Attorney Fee Motion, p. 9 ("NY Doe 2 does not request fees for [a]ny time spent on the case in the nearly two years before New York's anti-SLAPP statute was amended to cover this action on November 10, 2020.").  ECF 380.

2

without citation to any evidence, that nine women had allegedly "shared painful stories with us. We support you so much . . . None of you deserved what happened to you." ECF 348 at 15. On or around that same day, Illinois Doe 1 came across another individual's public Facebook account, where an Adweek article reporting on the termination of Watson's employment had been shared. *Id*. She then admittedly republished DMA's "nine women shared painful stories" post to another person's public Facebook account, which had 1,891 followers at the time. *Id*; ECF 47. Illinois Doe 1's comments were in response to two women who had previously worked with Watson who were defending him on the other person's Facebook page, in an effort to persuade them that Watson was guilty of sexually inappropriate conduct against at least nine women. As part of her comments, Illinois Doe 1 also shared a screenshot of DMA's "nine women" post. ECF 348 at 15.

After being unable to find work because of the damage to his reputation, Watson brought suit against DMA on May 22, 2018 in Los Angeles Superior Court. In response, the group went into hiding, but not before posting another post whose source was NY Doe 2, that "Gloves are off. I don't care if the industry knows that he raped me." ECF 348 at 14. The group then established a GoFundMe account, the Diet Madison Avenue Legal Defense Fund. *Id*. at 15.

On May 25, 2018, just three days after Watson initiated a lawsuit against DMA in Los Angeles Superior Court, Illinois Doe 1 shared a link to DMA's GoFundMe Legal Defense Fund on her own public social media accounts and stated on her personal Instagram account, "@DietMadisonAvenue needs our help to fight Ralph Watson's defamation lawsuit. All donations can be made anonymously. I figure it's the next best thing to giving money directly to his victims." *Id*. at 15-16.

3

## RELEVANT PROCEDURAL HISTORY

Watson initially filed his defamation and other tort claims against Defendants NY Doe 2, Illinois Doe 1, and others, on January 19, 2019.  ECF 1.  He then filed a First Amended Complaint ("FAC") on July 19, 2019.  ECF 47.  Defendants NY Doe 2 and Illinois Doe 1 brought motions to dismiss on August 16, 2019.  ECF 54-56, 57-59.  On February 11, 2020, the Hon. John G. Koeltl, granted in part and denied in part the motions to dismiss, with Watson's defamation and tortious interference claims against NY Doe 2 and his defamation claims against Illinois Doe 1 being found meritorious.  ECF 99.

On August 19 and October 8, 2021, and after the New York legislature amended its anti-SLAPP statures in November of 2020, Illinois Doe 1 and NY Doe 2 filed amended answers and anti-SLAPP counterclaims against Watson.  ECF 195, 204.  On July 19, 2024, NY Doe 2 and Illinois Doe 1 filed motions for summary judgment seeking to dismiss Appellant's claims and granting their counterclaims.  ECF 274-279, 281-284.  Watson filed his oppositions to the summary judgments and his counter motion for summary judgment against Illinois Doe 1 on August 16, 2024.  ECF 298-304.  On September 17, 2025, the Hon. Dale E. Ho, issued an Opinion and Order granting NY Doe 2 and Illinois Doe 1's motions for summary judgment and denying Watson's motion.  ECF 348.  Watson filed a timely Notice of Appeal of this the district court's order on October 15, 2025.  ECF 378.

## ARGUMENT

**A.   Attorney Fees Sought Under New York's Amended Anti-SLAPP Laws are Not Recoverable in Federal Court.**

As discussed above, Illinois Doe 1 has failed to provide any direct authority in support of her  request for attorney fees and this Court should respectfully disallow any fee recovery, based on New York's anti-SLAPP statutes, in federal court.  Although not directly addressed in her fee

motion, it appears that Illinois Doe 1 is relying on New York Civil Rights Law § 70-a, as amended on November 10, 2020, as the basis for her fee recovery. Fee Mot. at p. 3, citing *Bobulinski v. Tarlov*, 2025 WL 872178, at *2 (S.D.N.Y. Mar. 20, 2025). That amended statute now states that attorney's fees shall be recovered upon a demonstration that an action involving public petition or participation was "commenced or continued without a substantial basis in fact and law…" N.Y. Civ. Rights Law § 70-a(1)(a). However, multiple courts in this district, including the Second Circuit, have held that **"§ 70-a does not apply in federal court**." See, e.g., *Prince v. Intercept*, 634 F.Supp.3d 114, 141-142 (S.D.N.Y. 2022) (collecting cases) (emphasis added); see also *Kesner v. Buhl*, 590 F.Supp.3d 680, 699-701 (S.D.N.Y. 2022); see also *La Liberte v. Reid*, 966 F.3d 79 (2d Circ. 2020) (analyzing California anti-SLAPP statute).

In reaching its holding, the *Prince* court stated that "Courts in this district have held that '§ 70-a is inapplicable in federal court' because its 'substantial basis' standard articulated in New York's anti-SLAPP law [] conflicts with the standards under Federal Rules of Civil Procedure 12 and 56." *Prince*, at p. 142, citing *Nat'l Acad. Of Television Arts & Scis., Inc. v. Multimedia Sys. Design, Inc.,* 551 F. Supp. 3d 408, 431-32 (S.D.N.Y. 2021); *see also Carroll v. Trump*, 590 F.Supp.3d 575 (S.D.N.Y. Mar. 11, 2022); *see also Friedman v. Bloomberg, L.P.,* 2022 WL 1004578, at *1 (D. Conn. Apr. 4, 2022) (denying defendants' motion to amend as futile because the "substantial basis" standard in New York's anti-SLAPP statue conflicts with Rule 12 and 56).

In *Kesner v. Buhl*, a summary judgment case, the court explained that the anti-SLAPP requirement that a plaintiff must demonstrate a cause of action has a "substantial basis" imposes a "different, and higher burden on the plaintiff at the pleading stage than the Federal Rules of Civil Procedure." *Kesner*, 590 F.Supp.3d at 700-701, citing *Nat'l Acad. Of Television Arts &*

5

*Scis., Inc.,* 551 F. Supp. 3d at 431-32 (holding the Second Circuit's decision in *La Liberte v. Reid* "all but resolves the question presented" that New York's anti-SLAPP's fee mandate does not apply in federal court). The court correctly held that "granting relief under § 70-a would require the Court to apply a state procedural standard that conflicts with the Federal Rules of Civil Procedure." *Kesner*, at 701.

A minority of cases in this district have allowed the recovery of anti-SLAPP attorney fees. See, e.g., *Bobulinski v. Tarlov,* 758 F.Supp.3d 166 (S.D.N.Y. 2024); *Button v. New York Times*, 2025 WL 2643674, at *20-21 (S.D.N.Y. Sep. 15, 2025) (summarizing split in this district); However, all of the cases that have allowed the recovery of attorney fees under New York's anti-SLAPP statute, involved Rule 12(b)(6) cases where the plaintiff's claims were dismissed for failure to state a plausible cause of action. Watson is aware of no cases in this district that have awarded attorney fees based on New York's anti-SLAPP provisions based on a successful Rule 56 summary judgment motion as opposed to a successful Rule 12(b)(6) motion to dismiss.

In *Bobulinski*, the court noted that the "entitlement to attorney fees under the New York anti-SLAPP law follows from the failure to state a claim as a matter of New York law." *Bobulinski,* 758 F.Supp.3d at 184. It logically follows, that "a complaint that fails to state a claim is, a fortiori, 'without a substantial basis in law and fact.'" *Id*. The court noted that New York State appellate courts have repeatedly held that the "substantive basis" standard for fees is certainly triggered by the failure to state a claim. *Id*. at 184-85.

New York state courts have interpreted "substantial basis" to mean "such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact." *Reeves v. Associated Newspapers, Ltd*., 218 N.Y.S.3d 19, 22 (1st Dept. 2024). When a complaint fails to

6

survive ordinary CPLR 3211(a)(7) analysis, a plaintiff has necessarily failed to meet the higher burden of showing that their SLAPP suit has a substantial basis in law. *Id*. at 30. In *Vitagliano v. Weiner*, the court held that the "substantial basis" standard "is less than a preponderance of the evidence" and "demands only that a given inference is reasonable and *plausible*, not necessarily the most probable." *Vitagliano v. Weiner,* 231 N.Y.S.3d 722, 725 (4th Dept. 2025).

Of course, a motion to dismiss in federal court, brought under Rule 12(b)(6) has a higher standard than a motion to dismiss brought in state court. New York state courts apply a liberal "notice pleading" standard, whereas Rule 12(b)(6) requires a higher plausibility standard. Under the more demanding federal plausibility standard, a complaint must allege sufficient facts, taken as true, to state a plausible claim for relief. *Gonzalez v. Northwell Health, Inc*., 632 F.Supp.3d 148, 158 (E.D.N.Y. 2022). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. [Citation.]" *Id.*

In the instant case, however, this Court previously denied Illinois Doe 1 and NY Doe 2's motions to dismiss as to his defamation claims against them, and did find that Watson had sufficiently plead constitutional actual malice for his action to proceed. ECF 99, at pp. 15-16, 19-20. At this point, even under New York state law, Watson has established that his claims were brought with a substantial basis in law and fact, because Watson's defamation claims survived Illinois Doe 1's earlier Rule 12(b)(6) motion to dismiss.[2]

---

[2] The *Bobulinski* court recognized that "a federal court dismissing a New York SLAPP claim that would survive dismissal *but for* the plausibility requirement of [Rule 12(b)(6)] would not be strictly bound by the New York state court decisions cited here, but would have to separately analyze the "substantial basis in fact and law" standard for attorney's fees and predict how the New York Court of Appeals would rule in the case." *Bobulinski*, at 185, fn. 17.

7

**B.      Watson's Defamation Claims Had a Substantial Basis in Law and Fact.**

Watson respectfully, but strenuously, disagrees with this Court's conclusion in its Opinion and Order that Watson "abused the judicial process and waged a protracted legal battle over baseless claims," given the fact that this same Court previously ruled that Watson had sufficiently plead *plausible* claims of defamation against Illinois Doe 1 and NY Doe 2, which necessarily means that Watson's defamation claims, at a minimum, had a substantial basis in law and fact according to controlling federal and state law cited above. ECF 99, at pp. 15-16, 19-20.

It is undisputed that Watson filed his defamation claims before New York's anti-SLAPP were amended in November of 2020. Watson, who was tried by social media with zero due process or evidence, had no choice but to seek redress in a court of law, which is a fundamental right. Illinois Doe 1 and NY Doe 2's Rule 12(b)(6) motions to dismiss were denied as to his defamation claims, and the Court established that he had *plausibly* plead actionable defamation claims, including the highest level of constitutional malice. Such a ruling meets the "substantial basis" standard as defined by state caselaw. See, e.g., *Vitagliano,* 231 N.Y.S.3d at 725 ("substantial basis" standard "demands only that a given inference is reasonable and *plausible*, not necessarily the most probable" ).[3]

For this Court to rule otherwise, would result in swinging the pendulum of First Amendment protection, to matters of public interest, too far. Indeed, it is black letter law that defamatory speech is not protected by the First Amendment. See *Ashcroft v. Free Speech*

---

[3] Illinois Doe 1 and NY Doe 2 used at least 15 different attorneys on the case over six (6) years, who billed over 3,125.9 hours between them. Illinois Doe 1 stated that the "legal arguments at issue are novel and complex." Fee Mot. at 3. NY Doe 2 indicated the same. NY Doe 2 Fee Mot. at 10-11. Such enormous effort clearly demonstrate that Watson's claims were not "baseless," given the substantial change in the law and the amount of time and effort that was spent by two large firms to defeat an individual plaintiff.

*Coalition*, 535 U.S. 234, 245-246 (2002) (the First Amendment's free speech protection does not extend to defamation). An individual like Watson, falsely accused of rape, would have no recourse to the court system, unable to bring *legitimate* defamation claims for fear of incurring substantial attorney's fees because a court or jury ruled, *years later*, against him. As discussed above, Watson is aware of no Court in this district that has made such a ruling, as even the minority of federal court's that have allowed recovery of anti-SLAPP attorney fees, have only done so where the plaintiff's claims were defeated at the Rule 12(b)(6) stage.

C. **Anti-SLAPP Attorney Fees Are Not Recoverable for Time Spent Prior to the 2020 Amendments to the Anti-SLAPP Statutes**.

To the extent this Court determines that anti-SLAPP attorney fees are recoverable in a federal diversity action, Illinois Doe 1 is not entitled to recover fees and costs for amounts billed or incurred prior to the November 10, 2020 amendments to the New York anti-SLAPP statutes. The New York anti-SLAPP statutes, prior to the 2020 amendments, provided protections primarily focused on specific, limited, petitioning activity and allowed for discretionary awards of attorney fees to prevailing defendants who successfully moved to dismiss claims that lacked a substantial factual or legal basis. The 2020 amendments broadened the statutes scope regarding protected activities, expanded the definitions of public participation, and made attorney fees mandatory upon a successful motion to strike under section 70-a. However, New York state courts have held that these enhanced fee provisions and broader protections do not apply retroactively to actions commenced before the effective date of the amendments, but only proactively, where claims are continued after the date. See *VIP Pet Grooming Studio, Inc.,* 203 N.Y.S. 681, 687-690 (2024), citing among others, *Gotwald v. Sebert*, 40 N.Y.3d 240, 257 (2023). Accordingly, Defendants are not entitled to any fees and costs billed prior to November 10, 2020, the effective date of the statute.

9

NY Doe 2 acknowledged this prohibition in her fee motion, and did not include any billing prior to the November 10, 2020 amendments. See fn. 1 above. Counsel for Illinois Doe 1, however, improperly attempts to recover for time incurred prior to the amendments, which equals 287.1 hours of time billed, or $91,221.19 of nonrecoverable billing. See ECF 404-1, pp. 4-64.

## CONCLUSION

For all the reasons set forth above, Plaintiff respectfully requests this court to not award any fees or costs to Illinois Doe 1 based on controlling law disallowing any fee recovery based on New York's anti-SLAPP laws in federal court diversity actions.

Dated:  February 9, 2026                    Respectfully submitted,

/s/ Michael W. Ayotte

**Michael W. Ayotte**
LAW OFFICES OF MICHAEL W. AYOTTE
2629 Manhattan Ave., Suite 144
Hermosa Beach, CA 90254
Telephone: (310) 343-1864
Email: mayotte@clientfirstlegalsolutions.com

Counsel for Plaintiff and Counterclaim Defendant
RALPH M. WATSON